IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> CANON, INC. <br><br> Defendant. | § § § § § § § § § § § § § Civil Action No.: 6:20-cv-00981-ADA <br><br> JURY TRIAL DEMANDED |

### AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff"), through its attorneys, complains of Canon, Inc. ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

2. Defendant Canon, Inc. is a corporation organized and existing under the laws of Japan that maintains an established place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,116,714 (the "Patent-in-Suit" or "the '714 Patent"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '714 PATENT

8. The '714 Patent is entitled "Video coding," and issued 10/03/2006. The application leading to the '714 Patent was filed on 08/09/2001. A true and correct copy of the '714 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '714 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '714 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11.     **Direct Infringement.**  Defendant has been and continues to directly infringe one or more claims of the '714 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '714 Patent also identified in the charts incorporated into this Count below (the "Exemplary '714 Patent Claims") literally or by the doctrine of equivalents.  On information and belief, numerous other devices that infringe the claims of the '714 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '714 Patent Claims, by having its employees internally test and use these Exemplary Products.

13.     **Actual Knowledge of Infringement**.  Defendant has had actual knowledge of the '714 Patent since at least the filing of the original complaint on October 19, 2020.  Further, Defendant has had actual knowledge of its infringement of the '714 Patent since before the filing of this Amended Complaint.[1]  Moreover, since October 19, 2020, counsel for Plaintiff and counsel for Defendant have had had several discussions (both in writing and telephonically) regarding the '714 Patent and Defendant's infringement of the same.

14.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '714 Patent.  On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its

---

[1] Defendant filed a motion to dismiss (Dkt. 13) that is mooted by this Amended Complaint.

products in the customary and intended manner that infringes the '714 Patent. *See* Exhibit 2 (described below). By the time of trial, Defendant will have known and intended (since receiving actual notice on October 19, 2020) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '714 Patent.

15. **Induced Infringement**. Since at least October 19, 2020, Defendant has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '714 Patent with knowledge of the '714 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '714 Patent. Defendant has actively induced others, including, but not limited to, customers, purchasers, users, developers, and/or end users of the Exemplary Defendant Products to infringe the '714 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this judicial district, by, among other things, advertising, promoting, and instructing the use of the Exemplary Defendant Products via various websites, including providing and disseminating product descriptions, operating manuals, how-to videos and guides, and other instructions on how to implement and configure the Exemplary Defendant Products.

16. As an illustrative example only, Defendant induces such acts of infringement by its affirmative actions of intentionally providing the Exemplary Defendant Products that when used in their normal and customary way as desired and intended by Defendant, infringe one or more claims of the '714 Patent and/or by directly or indirectly providing instructions on how to use its Exemplary Defendant Products in a manner or configuration that infringes the one or more claims of the '714 Patent, including those found at one or more of the following:

- https://gdlp01.c-wss.com/gds/4/0300040134/01/eosc70-im-en.pdf;

- https://www.usa.canon.com/internet/portal/us/home/products/details/cameras/cinema-eos/eos-c70;

- https://www.youtube.com/watch?v=bmngYNF8vmg;

- https://www.youtube.com/watch?v=ae_hWOmet0M (published December 3, 2020 *after* Canon had actual notice of the '714 Patent and *after* Canon had actual knowledge of its infringement of the '714 Patent); and

- https://www.youtube.com/watch?v=AhbN7RPS_14&t=3s.

17. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '714 Patent, literally and/or by the doctrine of equivalents, by instructing and encouraging its customers, purchasers, developers, and/or end users to use the Exemplary Defendant Products in a manner that infringes one or more claims of the '714 Patent.

18. **Contributory Infringement**. Since at least October 19, 2020, Defendant has committed, and continues to commit, contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly selling the Exemplary Defendant Products that when used cause the direct infringement of one or more claims of the '714 Patent by a third party, and which have no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use in infringement of the '714 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

19. Defendant therefore actively, knowingly, and intentionally has been and continues to materially contribute to its customers', purchasers', developers', and end users' infringement of the '714 Patent, literally and/or by the doctrine of equivalents, by selling Exemplary Defendant Products to them for use in end user products in a manner that infringes one or more claims of the '714 Patent. The Exemplary Defendant Products are especially made or adapted

for infringing the '714 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs and Exhibit 2, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '714 Patent.

20. Exhibit 2 includes charts comparing the Exemplary '714 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '714 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '714 Patent Claims.

21. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

22. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

23. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

    A. A judgment that the '714 Patent is valid and enforceable;

    B. A judgment that Defendant has infringed directly, contributorily, and/or induced infringement of one or more claims of the '714 Patent;

    C. An accounting of all damages not presented at trial;

    D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement with respect to the '714 Patent;

    E. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment

    is entered with respect to the '714 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F.     A judgment that awards Plaintiff ongoing royalties for Defendant's continued direct and/or indirect infringement of the '714 Patent;

G.     And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii.     that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.     that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

is entered with respect to the '714 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F. A judgment that awards Plaintiff ongoing royalties for Defendant's continued direct and/or indirect infringement of the '714 Patent;

G. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

    i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: April 12, 2021  RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
Mark D. Siegmund (TX Bar No. 24117055)
mark@waltfairpllc.com
**LAW FIRM OF WALT FAIR, PLLC**
1508 N. Valley Mills Drive
Waco, TX 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
Jack Shaw (CA Bar No. 309382)
(Admitted in this District)
jshaw@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5096

**Attorneys for Plaintiff
WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING AND
DEVELOPMENT**

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

>                /s/ Jonathan K. Waldrop
>                **Jonathan K. Waldrop**