## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development,<br><br>        Plaintiff,<br><br>   v.<br><br>Canon Inc.,<br><br>        Defendant. | Case No. 6:20-cv-00981 |

## DEFENDANT CANON INC.'S
## MOTION TO DISMISS AMENDED COMPLAINT

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................1

ARGUMENT ...................................................................................................................................2

    A.    Legal Standard ..........................................................................................................2

    B.    The Complaint Fails to State a Claim for Induced Infringement............................4

        i.    The Complaint Fails to Allege Canon's Knowledge of the '714 Patent ..................................................................................................................4

        ii.    The Complaint Fails to Allege Canon Specifically Intended to Induce Infringement of the '714 Patent ......................................................6

    C.    The Complaint Fails to State a Claim for Contributory Infringement.................10

CONCLUSION..............................................................................................................................12

CERTIFICATE OF SERVICE .....................................................................................................14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) ..................................................................................8

*Affinity Labs of Texas, LLC v. Toyota Motor North America*,
    No. 13-cv-00365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ................................3, 8, 10

*Aguirre v. Powerchute Sports, LLC*,
    No. 10-cv-00702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) .........................................1, 5

*Aguirre v. Powerchute Sports, LLC*,
    No. 10-cv-00702, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011)..............................................4

*Artip v. Ball Corp.*,
    735 F. App'x 708 (Fed. Cir. 2018) ........................................................................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................2, 3, 10, 11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................2, 3, 10, 11

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d (Fed. Cir. 2012)......................................................................................................11

*Blackberry Ltd. v. Nokia Corp.*,
    No. 17-cv-00155, 2018 WL 1401330 (D. Del. Mar. 20, 2018) ..............................................10

*Body Fit Training U.S.A. Inc. v. F45 Training Pty Ltd.*,
    2020 WL 8372966 (C.D. Cal. Dec. 3, 2020) ........................................................................9

*Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*,
    No. 12-cv-00286, 2014 WL 12866968 (M.D. Fla. Jan. 15, 2014) ..........................................6

*Castlemorton Wireless, LLC v. Comcast Corp.*,
    No. 20-cv-00034-ADA (W.D. Tex. July 25, 2020) ................................................................4

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015)....................................................................................................3, 10

*De La Vega v. Microsoft Corporation*,
    No. 19-cv-00612-ADA, Dkt. 29 (Feb. 11, 2020)...............................................................3, 11

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010) ..........................................................................................10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) ..............................................................................................3, 5, 6, 7

*HSM Portfolio LLC v. Fujitsu Ltd.*,
    No. 11-cv-770, 2012 WL 2580547 (D. Del. July 3, 2012) .......................................................5

*Hypermedia Navigation LLC v. Google LLC*,
    No. 18-cv-01637, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ................................................9

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
    No. 6:17-cv-00143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ............................3, 6, 7, 8

*Iron Oak Techs., LLC v. Dell, Inc.*,
    No. 1:17-cv-00999, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) .........................................10

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
    No. 14-cv-00134, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ............................................6

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
    No. 14-cv-01017, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) .............................................6

*Parus Holdings Inc. v. Apple Inc.*,
    No. 19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020) ..............................................2, 5

*Simplivity Corp. v. Springpath, Inc.*,
    No. 15-cv-13345, 2016 WL 5388951 (D. Mass. July 15, 2016) ..............................................5

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    2021 WL 1134687 (D. Del. Mar. 24, 2021) ............................................................................5

**Statutes**

FED. R. CIV. P. 12(b)(6) ................................................................................................................1, 2

Defendant, Canon Inc. ("Canon") hereby moves, under FED. R. CIV. P. 12(b)(6), to dismiss the inducement and contributory infringement claims of the first Amended Complaint.

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff")'s first Amended Complaint ("FAC") fails to plausibly allege facts to support claims that Canon has indirectly infringed U.S. Patent No. 7,116,714 (the "'714 patent"). WSOU's conclusory allegations, which merely parrot the governing statutory requirements for induced infringement and contributory infringement, fail to meet the pleading requirements of this Court and to address the deficiencies highlighted in Canon's initial motion to dismiss (Dkt. 13). Accordingly, the Court should dismiss WSOU's induced infringement and contributory infringement claims pursuant to FED. R. CIV. P. 12(b)(6).

## INTRODUCTION

On October 19, 2020, WSOU filed its original Complaint accusing Canon of infringing the '714 patent. Dkt. 1. On March 15, 2021, Canon moved to dismiss WSOU's induced and contributory infringement claims pursuant to FED. R. CIV. P. 12(b)(6). Dkt. 13. Rather than oppose Canon's Motion to Dismiss, WSOU instead filed the FAC on April 12, 2021. Dkt. 22. The FAC, however, fails to cure the deficiencies of WSOU's original Complaint.

Indeed, like the original Complaint, the FAC: (i) does not allege that Canon had pre-suit knowledge of the '714 patent, and (ii) fails to identify facts to support its allegation that Canon possessed specific intent to induce either pre-suit or post-suit infringement. The absence of any allegation of pre-suit knowledge (i.e., before WSOU's filing of the original Complaint) is fatal to WSOU's claim of pre-suit induced infringement. And the filing of an amended complaint that fails to include factual allegations of pre-suit knowledge does not somehow create a new claim of induced infringement. *See Aguirre v. Powerchute Sports, LLC*, No. 10-cv-00702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("To the extent Aguirre relies on knowledge of

Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement"). WSOU's allegations of post-suit induced infringement fare no better because WSOU has failed to provide any factual allegations to support an inference that Canon possessed specific intent to induce infringement.

Further, the FAC fails to give Canon any reasonable basis to believe that the accused Canon product infringes the '714 patent. The '714 patent is directed to addressing a problem arising from the streaming of videos comprising INTRA and INTER coded video frames over a network. *See* '714 patent, 2:13 – 3:4. Specifically, a series of more efficient INTER coded (*i.e.*, predicted) frames can become corrupted until the next INTRA coded frame is sent. *Id.* To solve this problem, the '714 patent discloses an encoder that creates an encoded video in which a single video image encoded as an INTRA frame is also redundantly coded as an INTER frame. *Id.* at 4:4-9. Canon's accused EOS C70 camera does not do any such thing at all and is incapable of creating a video in which a frame is redundantly coded in both INTRA and INTER format.

WSOU's contributory infringement allegations similarly fail because they consist of no more than a generic two-paragraph recitation of the legal standard.

As a result, WSOU's claims of induced infringement and contributory infringement are deficient and should be dismissed. *See, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020) (Albright, J.) (granting motion to dismiss claims of induced infringement and contributory infringement).

## ARGUMENT

### A. Legal Standard

To survive a motion to dismiss, a complaint must allege sufficient facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility

standard is not met unless the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *De La Vega v. Microsoft Corporation*, No. 19-cv-00612-ADA, Dkt. 29 at 3 (Feb. 11, 2020) (Albright, J.) (citing *Iqbal*, 556 U.S. at 662). "***Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice***.[1]" *Id.* (emphasis added).

To plausibly allege a claim of induced infringement, a plaintiff must allege *facts* showing that the defendant: (1) had actual knowledge of the patent; (2) knowingly induced its customers and end users to infringe the patent; and (3) had specific intent to induce the infringement of the patent. *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). To meet the *Iqbal* and *Twombly* pleading standards, an induced infringement claim "must contain facts plausibly showing that [the defendant] specifically intended [its] customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement." *Affinity Labs of Texas, LLC v. Toyota Motor North America*, No. 13-cv-00365, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014).

To establish contributory infringement, "the patent owner must demonstrate: 1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the accused component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285 at *8 (quotation marks omitted). "Like induced infringement, contributory infringement requires knowledge of the patent in suit

---

[1] All emphasis throughout is added unless stated otherwise.

3

and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015).

**B. The FAC Fails to State a Claim for Induced Infringement**

The FAC alleges that Canon indirectly infringes the '714 patent since at least October 19, 2020 by inducing "acts of infringement by its affirmative actions of intentionally providing the Exemplary Defendant Products that when used in their normal and customary way as desired and intended by Defendant, infringe one or more claims of the '714 patent." FAC, ¶ 16. Because WSOU fails to allege pre-suit Canon knowledge of the '714 patent or specific intent by Canon to induce infringement of these patents at any time, WSOU's claims of induced infringement should be dismissed.

i. <u>The FAC Fails to Allege Canon's Knowledge of the '714 Patent</u>

As a threshold issue, a claim of indirect infringement must adequately plead the basis for knowledge of the existence and alleged infringement of the '714 patent. *See Aguirre v. Powerchute Sports, LLC*, No. 10-cv-00702, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011) ("Absence of knowledge is a fatal flaw in a claim for indirect patent infringement.").

The FAC fails to allege any facts supporting an allegation of pre-suit knowledge of the '714 patent. Rather, WSOU alleges only that "[s]ince at least October 19, 2020 [the date the original Complaint was filed], Defendant has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '714 Patent with knowledge of the '714 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '714 Patent." FAC, ¶ 15.

First, neither the filing nor service of the original Complaint in October of 2020 imparts to Canon *pre-suit* knowledge as to the existence of the '714 patent. Absent any allegations that

4

Canon had pre-suit knowledge, WSOU's claim of pre-suit indirect infringement is a nonstarter. *See Castlemorton Wireless, LLC v. Comcast Corp.*, No. 20-cv-00034-ADA, Text Order Granting Motion to Dismiss (W.D. Tex. July 25, 2020) (Albright, J.) (dismissing plaintiff's pre-suit induced infringement claims for failure to "plead sufficient facts that would support an allegation of pre-suit knowledge").

Second, WSOU's claims of post-suit induced infringement also fail. Consistent with Supreme Court precedent in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011), this Court has held that claims of indirect infringement that rely on a complaint to supply the only alleged knowledge of the asserted patents fail to meet the pleading standard for induced infringement and must be dismissed. *See, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020) (Albright, J.) (granting motion to dismiss plaintiff's claims of induced infringement and contributory infringement where plaintiff had alleged defendant's "knowledge" "[a]t least as of the filing of the original complaint"); *Aguirre*, 2011 WL 2471299, at *3 ("To the extent Aguirre relies on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement."). Other district courts have agreed with this approach, noting that the "'knowledge via filing' framework dilutes the knowledge requirement to the point of meaninglessness, since by virtue of being sued for infringement, a party necessarily is aware of the patent-in-suit." *Simplivity Corp. v. Springpath, Inc.*, No. 15-cv-13345, 2016 WL 5388951, at *8 (D. Mass. July 15, 2016); *see also ZapFraud, Inc. v. Barracuda Networks, Inc.*, 2021 WL 1134687, at *4 (D. Del. Mar. 24, 2021)**Error! Bookmark not defined.** ("It seems to me neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement"); *HSM Portfolio LLC v. Fujitsu Ltd.*, No.

11-cv-770, 2012 WL 2580547, at *1 (D. Del. July 3, 2012) ("[s]tating that the defendant was on notice of a patent as of a certain date is insufficient to provide a factual basis for alleging knowledge [to support a claim of inducement]"); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 14-cv-01017, 2015 WL 1246500, at *9 (M.D. Fla. Mar. 16, 2015) ("If post-suit notification were permissible, then the knowledge / willful blindness requirement would be meaningless—*of course* alleged infringers have actual knowledge of the patent(s) at issue once they have received the complaint.") (emphasis in original); *Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*, No. 12-cv-00286, 2014 WL 12866968, at *5 (M.D. Fla. Jan. 15, 2014) ("[P]re-suit knowledge of the patents-in-suit [is] required for induced infringement, because holding otherwise would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement, since the complaint would necessarily provide notice of the patents-in-suit.").

Thus, WSOU's failure to adequately plead knowledge of the '714 patent is fatal to its induced infringement claims.

      ii. <u>The FAC Fails to Allege Canon Specifically Intended to Induce Infringement of the '714 Patent</u>

WSOU also fails to plead facts from which it could be inferred that Canon had the specific intent to induce infringement as is required by the law. A claim of induced infringement "must contain facts plausibly showing that [the defendant] specifically intended [its] customers to infringe the [asserted patents] and knew that the customers' acts constituted infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 14-cv-00134, 2015 WL 3513151, at *4 (W.D. Tex. Mar. 24, 2015). "[T]he mere knowledge of possible infringement of a patent by others does not amount to inducement." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 17-cv-00143, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017) (citing *Global-Tech Appliances*, 563

U.S. at 766). "Specific intent and action to induce infringement" are necessary; WSOU must allege that Canon took "affirmative steps to bring about the desired result [of infringement]." *Id.* (quoting *Global-Tech Appliances*, 563 U.S. at 760).

The FAC alleges merely that Canon "distribute[s] product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '714 patent." FAC, ¶ 14. According to WSOU, Canon "therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '714 patent." FAC, ¶ 17. These allegations are woefully inadequate.

Indeed, WSOU's FAC and attached claim chart do not give Canon any reasonable basis to believe that the accused Canon EOS C70 camera infringes the '714 patent. The '714 patent is directed to addressing a problem arising from the streaming of videos comprising INTRA and INTER coded video frames over a network. *See* '714 patent 2:13-3:4. Specifically, while it would be more efficient to transmit long series of INTER coded (*i.e.,* predicted) frames because they tend to be smaller, any errors or corruption that occur in a series of INTER coded frames will continue until the next INTRA coded frame is sent. *Id.* To solve this problem, the '714 patent discloses an encoder that creates an encoded video in which a single video image is redundantly INTRA and INTER coded. *Id.* at 4:4-9.

WSOU does not allege that the accused EOS C70 camera creates an encoded video file with redundant INTRA and INTER coded video frames, as required by the '714 patent. As explained in Canon's original Motion to Dismiss (Dkt. 13 at 9-10), WSOU's claim chart merely asserts that the EOS C70 camera can create two completely different and independent video files each in a completely different video format and saved to two different memory cards. Dkt. 22-2

7

at 4-10. But this has nothing to do with the video encoder disclosed and claimed by the '714 patent, which creates a single encoded video having a frame of video redundantly coded.

In contrast to the requirements of the '714 patent, the two totally independent videos created by the EOS C70 do not solve the problem supposedly solved by the patented invention. With the files encoded by the EOS C70, an error occurring in the transmission and decoding of a string of INTER coded frames of one video file in one video format could never be corrected by an INTRA coded frame—which may or may not exist—in an entirely separate and distinct video file encoded in an entirely different video format. As a further example, WSOU's infringement allegations also fail to put Canon on notice of infringement because the video formats referenced in the FAC do not encode the same "first picture" as required by the claims. Rather, different images, *e.g.*, having different resolutions and/or bit-depths, are encoded to create the accused XF-AVC encoded video (Dkt. 22-2 at 4-6) and the completely distinct accused MP4/HVEC encoded video (*id.* at 7-9), which are each saved to a different memory card. Thus, for at least these exemplary reasons, Canon has no knowledge that it is infringing the '714 patent and no intent to induce infringement.

Beyond these significant substantive deficiencies, or perhaps because of them, WSOU fails to state a claim because its FAC provides nothing more than "naked assertions," "devoid of further factual enhancement." *Iron Oak Techs., LLC*, 2017 WL 9477677, at *5-6. Indeed, the Federal Circuit and this Court have consistently considered and dismissed similar allegations for failing to meet the pleading standard for specific intent. *See, e.g.*, *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (affirming dismissal of indirect infringement claims and denial of motion to amend complaint; noting that induced infringement may not be pled by simply setting forth conclusory allegations that a defendant "acted with

specific intent" or acted to "urge, instruct, [and/or] encourage" infringement); *see also Affinity Labs*, 2014 WL 2892285, at *7 (holding that plaintiff's unsupported allegations that defendant has "encouraged and is encouraging" its customers to infringe the Asserted Patents by marketing and selling its automobiles with sound systems failed to support the standards for induced infringement).

WSOU's passing reference to "product literature and website materials" does not provide any factual basis for alleging specific intent to induce infringement. *See Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-01637, 2019 WL 1455336, at *2 (N.D. Cal. Apr. 2, 2019) (dismissing claims of induced infringement and holding that plaintiff's "passing references to user manuals guides, and support articles" cannot be relied on to infer specific intent). Indeed, the FAC is silent as to *how* Canon's mere providing its customers with "product literature and website materials" for products they have purchased supports an *inference* of specific intent to induce infringement. *See id.* at *3 (noting "the complaint only states bald conclusions that an end user following YouTube instructions results in infringement" and fails to "detail *how* an end user would infringe Hypermedia's patents by following instructions in the link") (emphasis in original).

The FAC's naked citations to three YouTube videos and two websites does not cure this defect. This is particularly so because the websites that the FAC relies upon ***are not defendant, Canon Inc.'s websites at all.*** They are the websites of totally separate, independent companies, non-party Canon U.S.A. Inc. and Canon Europe Ltd. And, the FAC fails to allege any viable basis to assert how non-parties Canon U.S.A.'s and Canon Europe Ltd.'s websites can properly be attributed to its Japanese parent company Canon Inc., the sole defendant here. *See, e.g.*, *Body Fit Training U.S.A. Inc. v. F45 Training Pty Ltd.*, 2020 WL 8372966 (C.D. Cal. Dec. 3, 2020)

(holding that a non-party U.S. subsidiary's management of a website cannot be attributed to the foreign parent defendant). The Court should not permit WSOU to rely on the materials of a U.S. subsidiary, which WSOU deliberately decided not to name as a defendant. Thus, in short, the FAC simply fails to include any facts supporting an inference of specific intent.

Without any factual basis from which the Court could infer that Canon had the specific intent to induce infringement, WSOU's allegations of induced infringement cannot meet the standards set forth in *Iqbal* and *Twombly* and enforced in prior patent infringement actions by this Court.

### C. The Complaint Fails to State a Claim for Contributory Infringement

As discussed above, WSOU's failure to allege Canon's knowledge of the '714 patent dooms its claims of indirect infringement. *See Artip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citing *Commil*, 135 S. Ct. at 1926) ("To survive a motion to dismiss, a plaintiff alleging contributory infringement must plausibly allege that the accused infringer knew of the asserted patents.").

Claims of contributory infringement must be "more than boilerplate recitations of the elements of … contributory infringement." *Blackberry Ltd. v. Nokia Corp.*, No. 17-cv-00155, 2018 WL 1401330, at *4 (D. Del. Mar. 20, 2018) (dismissing contributory infringement claims). Required are *factual* allegations that the accused component "has no substantial noninfringing uses." *Affinity Labs*, 2014 WL 2892285, at *8 (quoting *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)). A "conclusory allegation" that "components provided by" the accused infringer "are not staple articles of commerce suitable for substantial non-infringing use" is "no more than a 'threadbare recital' of one of the elements." *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-cv-00999, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (quoting *Iqbal*, 556

U.S. at 678) (dismissing contributory infringement claims). In other words, it is insufficient to assert "nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d, 1323, 1338 (Fed. Cir. 2012) (affirming dismissal of contributory infringement claims).

WSOU's contributory infringement claims do not even approach these standards. They are a textbook example of the "threadbare recital" of elements precluded by this Court's precedent and *Iqbal*/*Twombly*:

> **Contributory Infringement.** Since at least October 19, 2020, Defendant has committed, and continues to commit, contributory infringement … by, inter alia, ***knowingly selling the Exemplary Defendant Products*** that when used cause the direct infringement … by a third party, and which have no substantial non-infringing uses, ***or include a separate and distinct component*** that is especially made or especially adapted for use in infringement … and is not a staple article or commodity of commerce suitable for substantial non-infringing use.
>
> ***Defendant therefore actively, knowingly, and intentionally has been and continues to materially contribute*** to its customers', purchasers', developers', and end users' infringement … ***by selling Exemplary Defendant Products to them*** for use in end user products in a manner that infringes … The Exemplary Defendant Products are especially made or adapted for infringing the '714 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs and Exhibit 2, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '714 Patent.

*De La Vega v. Microsoft Corporation*, No. 19-cv-00612-ADA, Dkt. 29 at 3 (Feb. 11, 2020) (Albright, J.) (citing *Iqbal*, 556 U.S. at 662) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). WSOU's assertion plainly fails basic pleading standards—WSOU simply recites the legal requirements for contributory infringement. WSOU's assertion is so generic that it resembles the hypothetical contributory infringement claim explicitly rejected in *In re Bill of Lading. Compare id.* (Canon's products "have no substantial non-infringing use. … the Exemplary Defendant Products contain

11

functionality which is material to at least one claim of the '714 patent."), *with* 618 F.3d at 1338 ("if you use this device to perform the patented method, the device will infringe and has no noninfringing uses"). Indeed, WSOU copied-and-pasted these exact paragraphs—constitute the entirety of WSOU's contributory infringement claim—into its two other amended complaints against Canon accusing two different products.[2] Such generic allegations are plainly deficient and warrant dismissal.

Finally, the accused EOS C70 camera is fundamentally a video camera. It can shoot extremely high-quality and high-resolution videos. Its capability of simultaneously writing different versions of a video to each of its two internal memory cards provides only a small degree of additional functionality. In many instances, a user can, and will, simply record video to one memory card or record the same video format to both cards. Accordingly, far from having ***no non-infringing uses***, as contributory infringement requires, the vast majority of the use, value, and functionality of the EOS C70 has nothing to do with its capability of writing image data to dual memory cards.

## CONCLUSION

For the foregoing reasons, Canon respectfully requests that the Court grant this motion and dismiss WSOU's claims of induced infringement and contributory infringement.

---

[2] *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Canon Inc.*, No. 20-cv-00980, Dkt. 27, ¶¶ 19-20 (April 12, 2021); *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Canon Inc.*, No. 20-cv-00982, Dkt. 22, ¶¶ 18-19 (April 12, 2021).

Dated: April 26, 2021                                  Respectfully Submitted,

                                                       /s/ John M. Jackson
                                                       John M. Jackson (Texas Bar No. 24002340)
                                                       jjackson@jw.com
                                                       **JACKSON WALKER, LLP**
                                                       2323 Ross Avenue, Suite 600
                                                       Dallas, TX 75201
                                                       Tel: (214) 953-6000
                                                       Fax: (214) 953-5822

                                                       Richard F. Martinelli (*pro hac vice*)
                                                       rmartinelli@orrick.com
                                                       Joseph A. Calvaruso (*pro hac vice*)
                                                       jcalvaruso@orrick.com
                                                       **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                                       51 West 52nd Street
                                                       New York, NY 10019-6142
                                                       Tel: (212) 506-5000
                                                       Fax: (212) 506-5151

                                                       *Attorneys for Defendant
                                                       Canon Inc.*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically on the 26th day of April, 2021 in compliance with CV-5 and has been served on all counsel who have consented to electronic service and all other counsel by regular mail.

                                              */s/ John M. Jackson*
                                              John M. Jackson