**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, <br><br> *Plaintiff,* <br><br> v. <br><br> CANON, INC. and CANON U.S.A., INC., <br><br> *Defendants.* | Civil Action No.: 6:20-cv-00981-ADA <br><br> JURY TRIAL DEMANDED |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff"), through its attorneys, complains of Canon, Inc. ("Canon") and Canon U.S.A., Inc. ("CUSA") (collectively "Defendants"), and alleges the following:

**PARTIES**

1. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

2. Defendant Canon is a corporation organized and existing under the laws of Japan that maintains an established place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

3. Defendant CUSA is a corporation organized and existing under the laws of New York and maintains its principal place of business at One Canon Park, Melville, New York, 11747. Upon information and belief, CUSA also conducts business and has employees located in the Western District of Texas.

1

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because they have engaged in systematic and continuous business activities in this District. As described below, Defendants have committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendants have committed acts of patent infringement in this District, and have established places of business in this District.

8. Among other things, since 1977, CUSA has been registered to conduct business and has conducted regular and established business within the Western District of Texas -- with a registered agent located in Austin. (Exhibit 1, Office of the State Comptroller, Franchise Tax Account Status sheet.)

9. CUSA also employs numerous people who work and transact business on behalf of CUSA from the Western District on a daily basis. For example: https://www.linkedin.com/in/bill-benavides-1a53bb11/; https://www.linkedin.com/in/doug-marsolan-1ab9b19/; https://www.linkedin.com/in/jill-curtis-2a19b55/; https://www.linkedin.com/in/laura-romerom-a0a77a210/.

10. CUSA also has several employees and former employees located in Texas, including within the Western District, who, upon information and belief, have knowledge of CUSA's practices, sales, marketing, and/or infringing products. For example:

https://www.linkedin.com/in/nickydrake21/; https://www.linkedin.com/in/christopher-riddle-77356846/; https://www.linkedin.com/in/anthony-moore/; https://www.linkedin.com/in/curtis-alexander-ii-8a24a738/; https://www.linkedin.com/in/liz-ruvalcaba-a8591ba0/; https://www.linkedin.com/in/warndalyntrichembachaa8a214713/; https://www.linkedin.com/in/tina-roberts-46249432/; https://www.linkedin.com/in/robert-baker-iii-159b072/; https://www.linkedin.com/in/michael-j-11245816/?trk=people-guest_people_search-card.

11. CUSA is also the parent of subsidiary Canon Solutions America, Inc. (https://csa.canon.com/internet/portal/us/csa/privacystatement), which conducts regular and established business within the Western District, including but not limited to, through its office location at 12515 Research Blvd. Bldg. 7 Suite 110, Austin, Texas 78759.

12. CUSA also sells the infringing products in the Western District through numerous retailers and authorized dealers located in Texas, including within the Western District. Based on CUSA's website, it has more than twenty authorized dealers selling products in Texas, many of which operate within the Western District: http://downloads.canon.com/dealer/canon-ad-06-21-21.pdf.

**PATENT-IN-SUIT**

13. Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,116,714 (the "Patent-in-Suit" or "the '714 Patent"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendants.

### THE '714 PATENT

14. The '714 Patent is entitled "Video coding," and issued 10/03/2006. The application leading to the '714 Patent was filed on 08/09/2001. A true and correct copy of the '714 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

15. The '714 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '714 PATENT

16. Plaintiff incorporates the above paragraphs herein by reference.

17. **Direct Infringement.** Defendants have been and continue to directly infringe one or more claims of the '714 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendants' products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '714 Patent also identified in the charts incorporated into this Count below (the "Exemplary '714 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '714 Patent have been made, used, sold, imported, and offered for sale by Defendants and/or their customers.

18. Defendants also have infringed and continue to directly infringe, literally or under the doctrine of equivalents, the Exemplary '714 Patent Claims, by having their employees internally test and use these Exemplary Products.

19. **Actual Knowledge of Infringement**. Defendants have had actual knowledge of the '714 Patent since at least October 23, 2007, when Canon's subsidiary Canon Kabushiki Kaisha was granted U.S. Patent No. 7,286,720B2, which directly references the '714 Patent. Defendants have also had actual knowledge of the '714 Patent since at least the filing of the original complaint on October 19, 2020. Further, Defendants have had actual knowledge of their infringement of the

'714 Patent since before the filing of this Second Amended Complaint.[1] Moreover, since October 19, 2020, counsel for Plaintiff and counsel for Canon have had had several discussions (both in writing and telephonically) regarding the '714 Patent and Defendants' infringement of the same.

20. Despite such actual knowledge, Defendants continue to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '714 Patent. On information and belief, Defendants have also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use their products in the customary and intended manner that infringes the '714 Patent. *See* Exhibit 3 (described below). By the time of trial, Canon will have known and intended (since receiving actual notice by no later than October 19, 2020) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '714 Patent and Defendants will have known prior to the filing of this Second Amended Complaint that their continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '714 Patent.

21. **Induced Infringement**. Since at least October 19, 2020, Defendants have committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '714 Patent with knowledge of the '714 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '714 Patent. Defendants have actively induced others, including, but not limited to, customers, purchasers, users, developers, and/or end users of the Exemplary Defendant Products to infringe the '714 Patent, literally and/or by the doctrine of equivalents, throughout the United States,

---

[1] Canon has moved to transfer this case based largely on arguments relating to the activities of CUSA (Dkt. 42), which motion is mooted by this Second Amended Complaint.

including within this judicial district, by, among other things, advertising, promoting, and instructing the use of the Exemplary Defendant Products via various websites, including providing and disseminating product descriptions, operating manuals, how-to videos and guides, and other instructions on how to implement and configure the Exemplary Defendant Products.

22. As an illustrative example only, Defendants induce such acts of infringement by their affirmative actions of intentionally providing the Exemplary Defendant Products that when used in their normal and customary way as desired and intended by Defendants, infringe one or more claims of the '714 Patent and/or by directly or indirectly providing instructions on how to use their Exemplary Defendant Products in a manner or configuration that infringes one or more claims of the '714 Patent, including those found at one or more of the following:

- https://gdlp01.c-wss.com/gds/4/0300040134/01/eosc70-im-en.pdf;
- https://www.usa.canon.com/internet/portal/us/home/products/details/cameras/cinema-eos/eos-c70;
- https://www.youtube.com/watch?v=bmngYNF8vmg;
- https://www.youtube.com/watch?v=ae_hWOmet0M (published December 3, 2020 *after* Canon had actual notice of the '714 Patent and *after* Defendants had actual knowledge of their infringement of the '714 Patent); and
- https://www.youtube.com/watch?v=AhbN7RPS_14&t=3s.

23. Defendants therefore actively, knowingly, and intentionally have been inducing and continue to induce infringement of the '714 Patent, literally and/or by the doctrine of equivalents, by instructing and encouraging their customers, purchasers, developers, and/or end users to use the Exemplary Defendant Products in a manner that infringes one or more claims of the '714 Patent.

24.     **Contributory Infringement**.  Since at least October 19, 2020, Defendants have committed, and continue to commit, contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly selling the Exemplary Defendant Products that when used cause the direct infringement of one or more claims of the '714 Patent by a third party, and which have no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use in infringement of the '714 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

25.     Defendants therefore actively, knowingly, and intentionally have been and continue to materially contribute to their customers', purchasers', developers', and end users' infringement of the '714 Patent, literally and/or by the doctrine of equivalents, by selling Exemplary Defendant Products to them for use in end user products in a manner that infringes one or more claims of the '714 Patent.  The Exemplary Defendant Products are especially made or adapted for infringing the '714 Patent and have no substantial non-infringing use.  For example, in view of the preceding paragraphs and Exhibit 3, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '714 Patent.

26.     Exhibit 3 includes charts comparing the Exemplary '714 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '714 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '714 Patent Claims.

27.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

28.     Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement.

### JURY DEMAND

29. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '714 Patent is valid and enforceable;

B. A judgment that Defendants have infringed directly, contributorily, and/or induced infringement of one or more claims of the '714 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' past infringement with respect to the '714 Patent;

E. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' continuing or future infringement, up until the date such judgment is entered with respect to the '714 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F. A judgment that awards Plaintiff ongoing royalties for Defendants' continued infringement of the '714 Patent;

G. And, if necessary, to adequately compensate Plaintiff for Defendants' infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendants that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

iii.   that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: October 12, 2021                    RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    Jack Shaw (CA Bar No. 309382)
    (Admitted in this District)
    jshaw@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    333 Twin Dolphin Drive, Suite 200
    Redwood Shores, California 94065
    Telephone: (650) 453-5170
    Facsimile: (650) 453-5171

    Bradley P. Lerman (NY Bar No. 4906079)
    (*Pro hac vice* admission)
    blerman@kasowitz.com
    Jayita Guhaniyogi (NY Bar No. 5349022)
    (*Pro hac vice* admission)
    jguhaniyogi@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    1633 Broadway
    New York, NY 10019
    Telephone: (212) 506-1700
    Facsimile: (212) 506-1800

    Mark D. Siegmund (TX Bar No. 24117055)
    mark@waltfairpllc.com
    **LAW FIRM OF WALT FAIR, PLLC**
    1508 N. Valley Mills Drive
    Waco, TX 76710
    Telephone: (254) 772-6400
    Facsimile: (254) 772-6432

    **Attorneys for Plaintiff**
    **WSOU INVESTMENTS, LLC d/b/a**
    **BRAZOS LICENSING AND**
    **DEVELOPMENT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jonathan K. Waldrop*
**Jonathan K. Waldrop**
