IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**,<br><br>*Plaintiff*,<br><br>v.<br><br>**CANON, INC.**, and<br>**CANON, U.S.A., INC.**<br><br>*Defendant.* | **6:20-cv-00980-ADA**<br>**6:20-cv-00981-ADA** |
| **CANON, INC.**,<br><br>*Third-Party Plaintiff*,<br><br>v.<br><br>**NXP USA, INC.**,<br><br>*Third-Party Defendant*. | **6:20-cv-00980-ADA** |

**DEFENDANT CANON U.S.A., INC.'S AND DEFENDANT CANON INC.'S MOTION FOR LEAVE TO FILE MOTION TO TRANSFER**

Pursuant to this Court's Second Amended Standing Order Regarding Motions for Inter-District Transfer dated August 18, 2021, Defendants Canon U.S.A., Inc. ("CUSA") and Canon Inc. (Canon) respectfully file this Motion for Leave to File Motion to Transfer.

In particular, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. Section 1406(a), Canon U.S.A, Inc. ("CUSA") seeks leave to file a motion requesting that this Court transfer WSOU Investments, LLC's ("WSOU") claims in its Second Amended Complaint ("SAC") against CUSA to the Eastern District of New York ("EDNY") because venue is not

proper in the Western District of Texas ("WDTX").  Additionally, both Canon Inc. ("CINC") and CUSA (collectively, the "Canon Entities") request leave to file a motion that this Court transfer this case to EDNY under 28 U.S.C. 1404(a) because EDNY is a more convenient forum for litigating the issues in the case.

CUSA moves at this time because Plaintiff just added it to this case on October 12, 2021. As a result, this is CUSA's <u>very first opportunity</u> to file a responsive pleading and/or challenge venue in this case.  CINC moves to join CUSA's transfer motion for both the 980 and 981 cases based on these changed circumstances. CINC has a timely-filed pending motion to transfer the 981 case for convenience grounds and is essentially renewing its motion with the additional context of venue discovery and the allegations against CUSA. [Dkt. No. 42].  Should this motion for leave be granted, CINC's pending motion in the 981 case can be dismissed as moot in favor of the present combined CINC and CUSA motion.  For the 980 case, while CINC had not previously moved to transfer that case, WSOU's decision to add CUSA to the 980 case dramatically changed the circumstances and the convenience factors.  CUSA is not subject to venue in this district. Specifically, once the CUSA case is transferred, as it must be, it would be highly inconvenient to litigate the exact same issues in two courts simultaneously.

On October 22, WSOU expressly  stipulated "<u>Canon may move to dismiss or transfer under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. Section 1406(a) or a motion to transfer under 28 U.S.C. Section 1404(a)</u>."   [Dkt. 80 in the 980 Case; Dkt. 66 in the 981 Case]. Nevertheless, WSOU subsequently advised that it is opposing this motion.

## FACTUAL AND PROCEDURAL BACKGROUND

As mentioned above, CUSA was not even added to this case until October 12, 2021.  CUSA had no previous opportunity to move to transfer this case and only seeks leave to request transfer

2

as part of its initial responsive pleading. Indeed, CUSA was added to this case less than eight weeks before the Markman Hearing, which had been scheduled for November 5, 2021.

WSOU's Second Amended Complaint adding CUSA was filed in response to CINC's motion to transfer filed on September 10, 2021. In that motion CINC repeatedly advised WSOU that venue over CUSA was improper in the Western District of Texas and that CUSA was only susceptible to suit in the Eastern District of New York. [Dkt. 42 in the 981 Case at pp. 1, 3, 5-9, 13, 15]. Further, in the Joint Notice Concerning Agreement to Extend Deadlines, the parties stipulated and <u>jointly advised the Court</u> that "Canon may move to dismiss or transfer under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. Section 1406(a) or a motion to transfer under 28 U.S.C. Section 1404(a)." [Dkt. No. 80 in the 980 Case; Dkt. No. 66 in the 981 Case]. Indeed, this stipulation was made in connection with the parties setting a negotiated schedule to conduct venue discovery and resetting the Markman date. [Dkt. No. 81 in the 980 Case; Dkt. No. 67 in the 981 Case]. As such, WSOU was not only well aware that the Canon Entities were contemplating a venue challenge in connection with the November 4, 2021 deadline, but consented to that motion to the Court.

Notwithstanding the parties' joint representations to this Court, WSOU inexplicably opposed the Canon Entities' motion for leave to move to dismiss or transfer. Accordingly, this motion is presented to the Court for resolution.

## **ARGUMENT AND AUTHORITY**

Under this Court's Second Amended Standing Order Regarding Motions for Inter-District Transfer dated August 18, 2021, a party may file a motion to transfer within eight weeks of the Markman hearing "only with a showing of good cause for any delay and leave of court."

The Canon Entities are readily able to show good cause. First, there was no delay by either CUSA or CINC in seeking a transfer in this case. CINC timely moved to transfer the 981 case on September 10, 2021. [Dkt. No. 42]. CUSA was not even involved in this lawsuit until WSOU filed the SAC on October 12, 2021 (less than eight weeks before the then scheduled date for Markman) and is seeking to challenge venue in its <u>first pleading in this action</u>. Since CUSA is filing its motion to challenge venue in its initial responsive pleading, CUSA could not possibly have filed its motion any earlier. Under these circumstances, the Canon Entities were diligent in pursuing their venue challenges and there was no unreasonable delay.

Second, the Canon Entities also have demonstrated good cause to file the motion to transfer because this is an important motion to the Canon Entities and the Canon Entities would be unfairly prejudiced if they were not allowed to file the motion to transfer. CUSA seeks leave to file its venue challenge in its responsive pleading to the SAC. Since this is CUSA's very first opportunity to respond to the SAC, there is nothing more that CUSA could have done to file this motion sooner. It would be incredibly prejudicial for CUSA not to be able to challenge venue in its initial responsive pleading merely because WSOU waited to add CUSA to this case until less than eight weeks before the Markman Hearing.

Further, CINC already timely filed a motion to transfer the 981 case on September 10, 2021 and is essentially doing nothing more than renewing that motion addition of CUSA to this lawsuit. While it is true that CINC had not previously moved to transfer the 980 case, WSOU's decision to add CUSA to the 980 case dramatically changed the circumstances and the convenience factors in that matter as well. CUSA is not subject to venue in this district. Once the CUSA case is transferred, as it must be, it would be highly inconvenient to litigate the exact same issues in two

courts simultaneously. At a minimum, under these circumstances, CINC should be granted leave to present this motion to transfer to the Court.

Finally, WSOU should not be heard to complain that it would be prejudiced by the motion to transfer. Any such prejudice is the product of WSOU's own creation due to its ill-conceived attempt to add CUSA to this lawsuit. Indeed, CINC and CUSA recognized this issue when the parties were negotiating the schedule to accommodate venue discovery to address WSOU's SAC and to reset the Markman hearing date accordingly. Consistent with that recognition CINC and CUSA requested and WSOU expressly agreed and stipulated in both the 980 and 981 actions that CINC and CUSA would be permitted to file its venue motions. [Dkt. No. 80 in the 980 Case; Dkt. No. 66 in the 981 Case]. Given this is a mess of WSOU's making and the Canon Entities, not WSOU, are prejudiced by WSOU's bizarre litigation tactic of adding a party, CUSA, to these cases over which there is no viable basis for venue. However, to the extent WSOU can articulate any prejudice, it could be readily cured by a modest postponement of the claim construction hearing date, which is currently set for December 16, 2021.

## CONCLUSION

The Canon Entities have demonstrated good cause to file their motion to transfer. CUSA was just added to this lawsuit by WSOU and merely seeks leave to challenge venue in its initial responsive pleading. CINC timely filed a motion to transfer on September 10, 2021 and is essentially renewing its motion and joining CUSA's motion as to the 980 case due to changed circumstances. The Canon Entities would be unfairly prejudiced if they were not allowed to file a motion to transfer. In contrast, any purported prejudice to WSOU is of its own making and could be cured by a modest postponement of the claim construction hearing. Given the fact that WSOU jointly stipulated to the Court along with CINC that the Canon Entities "may move to dismiss or

transfer under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. Section 1406(a) or a motion to transfer under 28 U.S.C. Section 1404(a)," the Court should grant this motion and allow the Canon Entities to file their motion to transfer.

Dated: November 4, 2021         Respectfully Submitted

/s/ Richard F. Martinelli

Richard F. Martinelli (*pro hac vice*)
rmartinelli@orrick.com
Joseph A. Calvaruso (*pro hac vice*)
jcalvaruso@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
Fax: (212) 506-5151

John M. Jackson (Texas Bar No. 24002340)
jjackson@jw.com
**JACKSON WALKER, LLP**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-6000
Fax: (214) 953-5822

*Attorneys for Defendant Canon Inc.*

**CERTIFICATE OF CONFERENCE**

I certify that on November 2, 2021, counsel for Plaintiff conferred with counsel for the Canon Entities regarding the relief requested herein.  Plaintiff's counsel advised that Plaintiff opposed motion for leave, so it is presented to the Court for resolution.

                                      */s/ John M. Jackson*
                                      John M. Jackson

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically mail notification of such filing to all counsel of record who have appeared in this case.

                                      */s/ John M. Jackson*
                                      John M. Jackson