**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development, | Case No. 6:20-cv-00981-ADA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| Canon Inc. and Canon U.S.A., Inc. | |
| Defendants. | |

**CANON U.S.A., INC.'S MOTION TO TRANSFER FOR IMPROPER VENUE AND
CANON U.S.A., INC. AND CANON INC.'S MOTION TO TRANSFER FOR
CONVENIENCE TO THE EASTERN DISTRICT OF NEW YORK**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................... 1

II.     RELEVANT FACTS ................................................................................................. 2

III.    LEGAL STANDARD AND APPLICABLE LAW ................................................... 3

IV.     ARGUMENT ............................................................................................................ 3

        A.      CUSA Does Not "Reside" or Have a Physical Place of Business in the
                Western District of Texas ............................................................................. 3

                1.      Registering with an Agent to Conduct Business Is Insufficient to
                        Meet the Second Prong of Section 1400(b) ..................................... 4

                2.      CUSA Employees Working in WDTX Alone Cannot Meet the
                        Second Prong of Section 1400(b) ..................................................... 4

                3.      Canon Solutions America, Inc. Cannot Establish Venue for CUSA ......... 6

                4.      Retailers and Authorized Dealers Are Insufficient for Venue .................. 6

        B.      This Case Should Also Be Transferred to EDNY Under § 1404(a) Because
                It Is a Clearly More Convenient Forum ........................................................ 7

                1.      The Canon Entities Do Not Have Relevant Witnesses or
                        Documents in WDTX ....................................................................... 7

                2.      Potential Nonparty Witnesses .......................................................... 8

                3.      Sources of Evidence or Potential Witnesses in WDTX Is Minimal ......... 8

        C.      LEGAL STANDARD ................................................................................... 9

        D.      ANALYSIS ................................................................................................. 10

                1.      This Suit Could Have Been Brought in EDNY ............................... 10

                2.      EDNY Is Clearly the More Convenient Forum ............................... 10

V.      CONCLUSION ....................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Vehicular Scis. LLC v. Toyota Motor Corp.*,
  2014 WL 3385149, at *3 (E.D. Tex. July 10, 2014)...................................................5

*Andra Group, LP v. Victoria's Secret Stores LLC*,
  6 F.4th 1283 (Fed. Cir. 2021) ...................................................6

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020)........................................................ *passim*

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
  No. 6:15-CV-00091, 2016 WL 6909479 (W.D. Tex. Jan. 28, 2016) ..................................9, 12

*In re BigCommerce, Inc.*,
  890 F.3d 978 (Fed. Cir. 2018)........................................................3

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017)........................................................3, 4, 5, 6

*DataQuill, Ltd. v. Apple Inc.*,
  No. A-13-CA-706, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ......................................10

*Gaddis v. Calgon Corp.*,
  449 F.2d 1318 (5th Cir. 1971) ...................................................4

*In re Genentech*,
  566 F.3d 1338 (Fed. Cir. 2009).........................................................12

*GreatGigz Solutions, LLC v. Maplebear Inc.*,
  No. W-20-CV-00737-ADA, 2021 WL 4691145 (W.D. Tex. Oct. 6, 2021)......................3, 5, 6

*In re HTC Corp.*,
  889 F.3d 1349 (Fed. Cir. 2018).........................................................10

*LoganTree LP v. Garmin Int'l, Inc.*,
  2017 WL 2842870 (W.D. Tex. June 22, 2017) ......................................4

*In re Samsung Elecs. Co., Ltd.*,
  2 F.4th 1371 (Fed. Cir. 2021) .........................................................12, 15

*St. Paul Reinsurance Co. v. Greenberg*,
  134 F.3d 1250 (5th Cir. 1998) ..................................................................................5

*TC Heartland LLC v. Kraft Food Grp. Brands LLC*,
  137 S. Ct. 1514 (2017)...........................................................................................3

*In re TS Tech. USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008)..............................................................................15

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) .......................................................................9, 12, 15

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) .....................................................................9, 10, 12

*Wet Sounds, Inc. v. Audio Formz, LLC*,
  No. A-17-CV-141-LY, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017)...........10, 15

*XY, LLC v. Trans Ova Genetics, LC*,
  No. W-16-CA-447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ...................11

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018)................................................................................3

**Statutes**

28 U.S.C. § 1400(b) ..................................................................................3, 4, 5, 6

28 U.S.C. Section 1404(a) .....................................................................1, 2, 7, 12

28 U.S.C. Section 1406(a) ..................................................................................1, 3

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(3) .................................................................1

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. Section 1406(a), Canon U.S.A, Inc. ("CUSA") requests that this Court transfer WSOU Investments, LLC's ("WSOU") claims in its Second Amended Complaint ("SAC") against CUSA to the Eastern District of New York ("EDNY") because venue is not proper in the Western District of Texas ("WDTX").  Additionally, Canon Inc. ("CINC") and CUSA (collectively, the "Canon Entities") request that this Court transfer this case to EDNY under 28 U.S.C. 1404(a) because EDNY is a more convenient forum for litigating the issues in the case.

## I.   <u>INTRODUCTION</u>

On October 12, 2021, WSOU filed its SAC and added CUSA as party.  However, there is no basis for venue over CUSA here.  Venue is only proper where: (1) a defendant resides, or (2) in a district in which a defendant has a regular and established place of business and has committed acts of infringement.  CUSA has never resided in this District and has no regular and established place of business in this District.  Thus, CUSA respectfully requests that this Court transfer venue of this action to EDNY, where it is headquartered.  The Canon Entities also move to transfer this case to EDNY under Section 1404(a) because WDTX is not a convenient forum.  This case has no meaningful connection with this District in terms of witnesses, documents, or acts of infringement.  The Canon Entities have no presence in this district and CINC performs ***no acts*** of alleged infringement in this District.  Indeed, CINC does not make, use, sell, or import the Accused Product in the U.S. ***at all***.  CUSA—which is headquartered in EDNY—is responsible for importing, marketing, and selling all of the Accused Product in the U.S.

A significant substantive liability issue in this case will revolve around whether CINC commits any acts of infringement, direct or otherwise, in the U.S.  That inquiry will focus on CUSA's documents and personnel, because it is the only U.S. entity that CINC transacts with

regarding the Canon EOS C70 and EOS C100 Mark II cinema cameras (the "Accused Products"). All the potential witnesses and documents relevant to the Accused Products are in EDNY or Japan where CINC is based.

Because venue is improper as to CUSA and because the interests of justice, the convenience of likely witnesses, and local interests strongly favor transfer, the Canon Entities respectfully request that this action be transferred to EDNY.

## II.   **RELEVANT FACTS**

On September 10, 2021, CINC filed a Motion to Transfer Venue under Section 1404(a) in this case. Dkt. 42. CINC's motion demonstrated that it undertakes no acts of direct infringement in the U.S. Instead, CUSA, which is based in EDNY, is the exclusive U.S. importer and distributor of the Accused Products and has in its possession, custody, and control information related to U.S. sales, financial records, marketing, business and strategic goals, testing, and services and repairs related to the Accused Products. Declaration of James L. Smith ISO Mot. to Transfer ("Smith Decl."), ¶¶ 7, 10-12.

On October 12, 2021, WSOU filed its SAC against CINC, and added CUSA as a defendant in this case. The SAC acknowledges that CUSA is a New York corporation with its principal place of business at One Canon Park, Melville, New York, 11747. SAC, ¶ 3. WSOU's complaint does not allege that CUSA resides or has a regular and established place of business in WDTX because CUSA does not. SAC, ¶¶ 7-12. To the extent any CUSA employees reside in WDTX, that is their personal choice for their home, as CUSA does not require its employees to reside in WDTX. Smith Decl., ¶¶ 17-18. And CUSA does not own, operate, or control any stores or businesses in this District. *Id.* at ¶ 16. Indeed, the CUSA employees with relevant information and all relevant documents in CUSA's possession, custody, and control are located

at its headquarters in EDNY.  *Id.* at ¶¶ 12-14.

## III.  LEGAL STANDARD AND APPLICABLE LAW

Venue in a patent case is only proper "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514 (2017).  For domestic corporations, the first prong is met for a business' "State of incorporation" (*TC Heartland*, 137 S. Ct. at 1521) or "the judicial district where the principal place of business is located" (*In re BigCommerce, Inc.*, 890 F.3d 978, 985 (Fed. Cir. 2018)).  The second prong requires that "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  All three factors of the second prong must be met for venue to be proper in a specific district.  *Id.*

Once a defendant raises a 12(b)(3) motion for improper venue, it is the plaintiff's burden to establish proper venue.  *GreatGigz Solutions, LLC v. Maplebear Inc.*, No. W-20-CV-00737-ADA, 2021 WL 4691145, at *1 (W.D. Tex. Oct. 6, 2021) (citing *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013-14 (Fed. Cir. 2018)).  If venue is improper under § 1400(b), the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

## IV.  ARGUMENT

Venue is improper as to CUSA because it neither "resides" in WDTX nor has a physical, regular and established place of business in WDTX.  And WDTX is not convenient.

### A.  CUSA Does Not "Reside" or Have a Physical Place of Business in the Western District of Texas

Venue over CUSA is ***not*** proper under the first prong of §1400(b) because it is

undisputed that CUSA is incorporated in New York and maintains its principal place of business in Melville, New York, which is in EDNY.  Smith Decl., ¶ 8.

CUSA also does not have a "regular and established place of business" in WDTX. WSOU does not even plead that CUSA has a "regular and established place of business" in this District.  CUSA does not own or lease any property in WDTX.  *Id.* at ¶ 16.  And CUSA does not have any employees or contractors in WDTX working at a CUSA place of business.  *Id.*  Thus, the second prong of § 1400(b) is not satisfied. *In re Cray*, 871 F.3d at 1363 (§ 1400(b) requires a "physical place").

WSOU's SAC asserts that venue is proper in WDTX.  But, as will be discussed below, every WSOU purported basis for venue is meritless and none are sufficient to establish that CUSA has a "regular and established place of business" in WDTX.

### 1.  Registering with an Agent to Conduct Business Is Insufficient to Meet the Second Prong of Section 1400(b)

WSOU pleads CUSA is registered in Texas (SAC, ¶ 8), as required by Texas law.  But simply having a registered agent in a district is insufficient to make that district a "regular and established place of business."  *LoganTree LP v. Garmin Int'l, Inc.*, 2017 WL 2842870, at *2 (W.D. Tex. June 22, 2017) ("The fact that [defendants] are authorized to do business in Texas is not controlling and will not establish the [§ 1400(b)] requirement.") (alternations in original) (citing *Gaddis v. Calgon Corp.*, 449 F.2d 1318, 1320 (5th Cir. 1971).

### 2.  CUSA Employees Working in WDTX Alone Cannot Meet the Second Prong of Section 1400(b)

WSOU alleges that CUSA has employees in WDTX.  SAC, ¶¶ 9-10.  But that is insufficient to show a "regular and established place of business."  Instead, WSOU must establish that there is a "place *of the defendant*, not solely a place of the defendant's employee."

*In re Cray*, 871 F.3d at 1363.  Here, CUSA does not own or lease any property in WDTX, and therefore, does not have a "regular and established place of business."  Smith Decl., ¶ 16.  While CUSA has a handful of employees who work remotely from WDTX, they work from their own homes and not "a place of [CUSA]," as required under the second prong of Section 1400(b).  *Id.* at ¶ 18.  CUSA does not use the homes of its employees like distribution centers or for storing inventory or run any of its business out of their homes, nor does CUSA own the homes of its remote employees or exercise control over their living arrangements.  *Id.*  Thus, CUSA employees who work from home in WDTX cannot establish venue under Section 1400(b).  *Greatgigz*, 2021 WL 4691145, at *2-3.

Additionally, the venue analysis is performed based on facts that exist at the time suit is filed.  *Am. Vehicular Scis. LLC v. Toyota Motor Corp.*, No. 6:12-cv-404 MHS-JDL (Lead), 2014 WL 3385149, at *3 (E.D. Tex. July 10, 2014); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Thus, WSOU's assertions regarding alleged ***former*** CUSA employees residing in this District but who only worked for CUSA before the complaints in this action were filed, if at all, are completely irrelevant to the venue analysis under Section 1400(b).  SAC, ¶¶ 9-10.  Referring to the individuals identified in WSOU's Second Amended Complaint, CUSA has no record of the following individuals ever being employed by CUSA: (1) Bill Benavides; (2) Laura RomeroM; (3) Nicky Drake; and (4) Christopher Riddle.  Smith Decl., ¶ 19.  The following former CUSA employees were not employed by CUSA at the time suit was filed: (1) Jill Curtis; (2) Anthony Moore; (3) Curtis Alexander II; (4) Liz Ruvalcaba; (5) Warndalyn Harrison Triche; (6) Tina Roberts; and (7) Robert Baker III.  *Id.* at ¶¶ 20-26.  And the following current CUSA employees were not, and are not currently, working at any CUSA facilities located in WDTX (because there are none): (1) Doug Marsolan; and (2) Michael James.

5

*Id.* at ¶¶ 27-28.  Therefore, none of the individuals WSOU identifies in its Second Amended

Complaint establish venue as to CUSA in WDTX.

### 3.       Canon Solutions America, Inc. Cannot Establish Venue for CUSA

That CUSA has a subsidiary with an office in WDTX is insufficient to establish venue

here.  To show a regular and established place of business "there must be a physical place … ***of***

***the defendant***."  *Andra Group, LP v. Victoria's Secret Stores LLC*, 6 F.4th 1283, 1287 (Fed. Cir.

2021).  Unable to identify a physical place of CUSA in this District, WSOU relies on an Austin

office of Canon Solutions America, Inc. ("CSA") to allege venue.  SAC, ¶ 11.  While it is a

subsidiary of CUSA, CSA is an independent company dealing in office machines, such as

copiers, that are irrelevant to the Accused Products.  Smith Decl., ¶ 29.  CSA's office in Austin

(*Id.* ¶ 30) is not a "place of [CUSA]" and cannot establish venue over CUSA in WDTX.

### 4.       Retailers and Authorized Dealers Are Insufficient for Venue

WSOU cannot establish venue under § 1400(b) over CUSA based on CUSA's sales of

the Accused Products to independent retailers and authorized dealers (SAC, ¶ 12).  Section

1400(b) requires ***CUSA*** to have a "regular and established place of business."  *GreatGigz*, 2021

WL 4691145, at *3-4 (retail partner stores insufficient to show venue) (citing *In re Cray*, 871

F.3d at 1363).  The *independent* retailers and authorized dealers identified by WSOU are ***not***

CUSA and, thus, their locations are not "places" of CUSA's.  Smith Decl., ¶ 31.  Thus, these

retailers and authorized dealers who simply sell the Accused Products cannot establish venue.

*       *       *

Because there is no proper venue as to CUSA in WDTX under either prong of § 1400(b),

CUSA respectfully requests that this Court transfer this case to EDNY.

**B.**  **This Case Should Also Be Transferred to EDNY Under § 1404(a) Because It Is a Clearly More Convenient Forum**

CUSA and CINC jointly move under 28 U.S.C. § 1404(a) to transfer this case to EDNY. Regardless of whether venue is proper as to CUSA—which it is not—the entirety of this case should be transferred to EDNY because it is a clearly more convenient forum than WDTX.

**1.**  **The Canon Entities Do Not Have Relevant Witnesses or Documents in WDTX**

CINC is a Japanese corporation headquartered in Tokyo, Japan.  Declaration of Seiichi Hamada ("Hamada Decl.") ISO Mot. to Transfer, ¶ 3.  CINC does not have any presence in WDTX.  *Id*. at ¶ 7.  The research, design, and development of the Accused Product takes place in Japan; thus, all of CINC's related documents and personnel are located in Japan.  *Id*. at ¶ 6.

CUSA does all the importing and marketing of the Accused Product in the United States. Smith Decl., ¶ 7; Hamada Decl., ¶¶ 4-5.  CUSA is headquartered at One Canon Park, Melville, NY 11747, which is in EDNY.  Smith Decl., ¶ 8.  The documents related to and witnesses with knowledge of the U.S. purchasing, importing, sales, marketing, costs, and profits of the Accused Product are located in or around EDNY.  *Id.* at ¶¶ 10-13.  These CUSA documents and witnesses will be critical to determining where the initial sale of these products occur, any damages attributable to U.S. sales, and whether CINC commits any acts that could give rise to infringement.

For example, James L. Smith is employed by CUSA as a Senior Director, Accounting Shared Services, Finance and Accounting.  *Id.* at ¶ 14.  Mr. Smith works in Melville, New York, which is in EDNY.  *Id.*  Similar to Mr. Smith, Jason Fligman (Senior Director/General Manager, Customer Support Operation, ITCG Technical Services Division), Leonard Musmeci (Senior Manager, Marketing, Pro & B2B Marketing Division), Vince Agatep (Senior Specialist, Marketing, ITCG Professional Products Business Planning Division), and Raffi Nenejian

(Manager, Quality Engineering) may be called as witnesses, each of whom is employed by CUSA at its headquarters in Melville, New York.  *Id.*  In contrast to the critical evidence located in EDNY, no likely witness for CINC or CUSA has any contact with WDTX.

### 2.  Potential Nonparty Witnesses

The Canon Entities are not aware of any relevant nonparty witnesses in WDTX.  The inventor, Miska Hannuksela, is located in Finland.  The original prosecuting attorney, Mr. Stout, is located in Washington DC (Ex. H); and the subsequent prosecuting attorney, Mr. Albert (Ex. I), is located in San Diego.  Witnesses knowledgeable about prior art products cited in CINC's invalidity contentions are also likely to be located in New York.  The Canon Entities expect to identify nonparty witnesses from media conglomerates, including CNN, NBC Universal, and Warner Media to testify as to the prior art use of the claimed inventions of the '714 patent, such as the use of the prior art video editing systems cited in CINC's invalidity contentions.

### 3.  Sources of Evidence or Potential Witnesses in WDTX Is Minimal

WSOU is a Delaware corporation formed in July 2017 to monetize intellectual property. While WSOU was registered with the Texas Secretary of State on ***January 7, 2020***, as a Foreign LLC, with a business registration at 605 Austin Ave Ste 6, Waco, TX 76701, WSOU's business is basically filing patent infringement lawsuits.  Exs. A and B.  Because WSOU had nothing to do with developing the technology related to the asserted patent, there is minimal, if any, evidence from WSOU that will be at play in this case.  Moreover, WSOU's initial disclosures list only two WSOU employees (Ex. C-2, p. 3), ***neither of whom reside in WDTX***.  Ex. D (WSOU's Chair, C. Etchegoyen, resides Hawaii); Ex. E (WSOU's President, S. Shanus, resides in California).

WSOU alleges in its initial disclosures that there are 13 current and former CUSA employees with knowledge relevant to this case.  Ex. C-2, pp. 5-6.  Contrary to WSOU's

allegations, however, none of these individuals have information relevant to this case.[1]  CUSA

has no record of four of these individuals, Bill Benavides, Laura RomeroM; Nicky Drake; and

Christopher Riddle, having ever worked for CUSA.  Smith Decl., ¶ 19.  None of the actual

current or former CUSA employees identified by WSOU were employed in divisions responsible

for the Accused Products and, thus, they have no relevant knowledge.  *Id.* at ¶¶ 20-28

### C.   <u>LEGAL STANDARD</u>

To succeed on a motion to transfer, the moving party must first show that the claims "might

have been brought" in the proposed transferee district.  *In re Volkswagen of Am., Inc.*, 545 F.3d

304, 312-13 (5th Cir. 2008) ("*Volkswagen II*").  Second, the movant must show "good cause" by

demonstrating that the "transferee venue is clearly more convenient" than the transferor district.

*Id.* at 315.  The following public and private factors are weighed in this analysis:

> <u>Private Factors:</u> (1) the relative ease of access to sources of proof; (2) the
> availability of compulsory process to secure the attendance of witnesses; (3) the
> cost of attendance for willing witnesses; and (4) all other practical problems that
> make trial of a case easy, expeditious and inexpensive.

> <u>Public Factors:</u> (1) the administrative difficulties flowing from court congestion;
> (2) the local interest in having localized interests decided at home; (3) the
> familiarity of the forum with the law that will govern the case; and (4) the avoidance
> of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  "The convenience of

the witnesses is probably the single most important factor …."  *Auto-Dril, Inc. v. Nat'l Oilwell*

*Varco, L.P.*, No. 6:15-CV-00091, 2016 WL 6909479, at *7 (W.D. Tex. Jan. 28, 2016).

---

[1] Even if these individuals had relevant knowledge and information about this case, WSOU has not shown that they
have any kind of unique or distinct knowledge relevant to any of its claims or the Canon Entities' defenses that
would warrant subpoenaing a third-party instead of seeking the information from a party to the case.

D.    **ANALYSIS**

1.    **This Suit Could Have Been Brought in EDNY**

Because CINC is a foreign corporation and CUSA is headquartered in EDNY, this suit could have been brought in EDNY.  *See Volkswagen II*, 545 F.3d at 312-13; *In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018).  And considering that all the acts alleged to be an infringement in this case are performed by CUSA, a New York Corporation, the case clearly should have been brought in EDNY.  Instead, in filing the original complaint against CINC, and now adding CUSA to the case only after CINC had filed a motion to transfer, WSOU has engaged in a transparent exercise of forum shopping to bring the case in WDTX where there are virtually no contacts to the case and where WSOU cannot sue CUSA.

2.    **EDNY Is Clearly the More Convenient Forum**

a.    **The Private Interest Factors Favor Transfer**

(1)    **Relative Ease of Access to Sources of Proof**

"This factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence."  *In re Apple Inc.*, 979 F.3d 1332, 1339-40 (Fed. Cir. 2020).  "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer, and therefore the location of the defendant's documents tends to be the more convenient venue."  *DataQuill, Ltd. v. Apple Inc.,* No. A-13-CA-706, 2014 WL 2722201, at *3 (W.D. Tex. June 13, 2014) (internal quotations omitted) [2]; *see also Wet Sounds, Inc. v. Audio Formz, LLC*, No. A-17-CV-141-LY, 2017 WL 4547916, at *2 (W.D. Tex. Oct. 11, 2017), *report and recommendation adopted*, No. 1:17-CV-141-LY, 2018 WL 1219248 (W.D. Tex. Jan. 22, 2018).  Additionally, "in determining the ease of access to sources of proof, the Court will look to the location where the

---

[2] All emphasis added and citations omitted throughout.

allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC,* No. W-16-CA-447-RP, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017).

CUSA markets and sells the Accused Products in the U.S. and all relevant damages related proof, such as U.S. sales, costs, and profits, reside in EDNY.  Conversely, there are no sources of proof regarding sales of the Accused Products in WDTX, as neither CINC nor CUSA have any relevant documents or witnesses there.  Smith Decl., ¶¶ 10-14, 16; Hamada Decl., ¶ 6.

WSOU has not identified any meaningful relevant categories of documents located in WDTX.  Ex. C-2, pp. 9-10.  The alleged invention disclosed in the '714 patent was developed by a Nokia employee in Finland, and there is no evidence that WSOU possesses any documents relating to conception or reduction to practice for the '714 patent.

Because the Canon Entities U.S. sources of proof are all located in EDNY, and WSOU has limited relevant documents in WDTX, this factor weighs heavily in favor of transfer.

### (2)      Availability of Compulsory Process

As set forth below in Section IV.D.2.a.(3)., at least five CUSA witnesses are located in or around EDNY.  Similarly, as New York is the largest media market in North America, Canon USA expects to identify nonparty witnesses from various media outlets in or around EDNY who can testify as to the prior art use of the claimed inventions of the '714 patent, such as the use of the prior art systems cited in CINC's invalidity contentions.  Thus, compulsory processes to secure the attendance of witnesses from CUSA are available in EDNY and not WDTX.  In contrast, no identified relevant witnesses are subject to compulsory process in WDTX.  Therefore, this factor also weighs in favor of transfer.

### (3)      Convenience and Cost for Willing Witnesses

The convenience for and cost of attendance of witnesses is the single most important

factor in the transfer analysis.  *See In re Genentech*, 566 F.3d 1338, 1342 (Fed. Cir. 2009); *Auto-Dril*, 2016 WL 6909479 at *7.  The Fifth Circuit uses the "100-mile rule" to analyze this factor, which provides that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *In re Apple*, 979 F.3d at 1341 (citing *Volkswagen II*, 545 F.3d at 317).  As discussed above, all U.S. sales of the Accused Products go through CUSA as the sole source in the U.S.  CUSA witnesses will have critical information regarding the infringement issue of whether CINC imports or sells products in the U.S.  They will also have critical damages related information on U.S. sales and marketing to downstream U.S. customers.  Therefore, this factor weighs heavily in favor of transfer.

**CUSA Witnesses**: The Canon Entities anticipate that the following CUSA individuals in EDNY will have knowledge relevant to this litigation: Jason Fligman, Leonard Musmeci, Vince Agatep, and Raffi Nenejian.  Smith Decl., ¶ 14.  Even as party witnesses, the convenience to these CUSA personnel is an important consideration.  *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021).  All CUSA witnesses are a short car ride from EDNY courthouses, but more than 1,600 miles and a lengthy plane ride from Waco.  *See* Smith Decl., ¶¶ 14-15.  In addition to travel time, the length of this trip also involves additional expenses such as meal and lodging expenses that would not be necessary if this case was transferred to EDNY.  *Volkswagen I*, 371 F.3d at 204-05.  Therefore, the convenience to CUSA witnesses strongly favors transfer.

**CINC Witnesses:**  CINC's witnesses are located in Japan.  Though the difference in distance in traveling from Japan to New York compared to traveling to Waco is arguably not great, the inconvenience to the witnesses definitely is.  To reach Waco, witnesses from Japan will need to fly to Dallas Fort Worth ("DFW") airport and then travel over 100 miles to the Waco courthouse.

Ex. F (DFW to Waco courthouse map).  In contrast, witnesses from Japan can take a direct flight to John F. Kennedy airport in New York City and be in the same city as the EDNY courthouse in Brooklyn.  Ex. G (JFK airport to EDNY courthouse map).  Furthermore, once in New York, the Japanese witnesses will be able to use CUSA's offices and facilities in EDNY.  Thus, EDNY is a more convenient forum for CINC's potential witnesses than WDTX, favoring transfer.

**WSOU Witnesses**: The two employees that WSOU has identified as having relevant knowledge are not located in WDTX.  Mr. Etchegoyen and Mr. Shanus reside in Kailua-Kona, Hawaii and Los Angeles, California, respectively.  Given the additional distance from DFW airport to Waco compared to the distance from JFK airport to EDNY courthouses, it cannot be said that WDTX is clearly more convenient to Messrs. Etchegoyen and Shanus than EDNY.  *In re Apple*, 979 F.3d at 1341-42 (witnesses traveling from New York would only be "slightly more inconvenienced by having to travel to California than Texas").  Therefore, the location of WSOU's potential witnesses weighs in favor of transfer.

**Nonparty Witnesses**: None of the other relevant nonparty witnesses are located in WDTX.  The inventor, Miska Hannuksela, is located in Finland.  Travel from Finland to New York is much more convenient than traveling to Waco.  There do not appear to be any direct flights to or from Finland to DFW, and the total flight time to travel over 5,000 miles is more than 14 hours from Helsinki to DFW, plus the time to travel the additional 100 miles from DFW to the courthouse (Ex. F (DFW to Waco courthouse map)).  In contrast, there are direct flights from Helsinki to JFK, and the total flight time to travel 4,000 miles from Helsinki to JFK is less than nine hours.  Ex. J.  Thus, it is clear that EDNY is a more convenient forum than WDTX for Miska Hannuksela.

The original prosecuting attorney, Mr. Stout, is located in Washington DC; and the subsequent prosecuting attorney, Mr. Albert, is located in San Diego.  Travel from Washington

DC to New York is more convenient than traveling to Waco.  The flight from Washington DC to New York is about an hour to fly 200 miles compared to three hours to fly 1,000 miles to DFW. Factoring in the travel time from DFW to Waco, it is clear that EDNY is a more convenient forum than WDTX for Mr. Stout.  To the extent Mr. Stout needed to testify at trial, it would be possible for him to fly in and out of EDNY on the same day.  While Waco is closer to San Diego than New York by distance, given the additional distance from DFW airport to Waco compared to the distance from JFK airport to EDNY courthouses, traveling to New York would only be slightly more inconvenient for Mr. Albert than traveling to Waco.  *In re Apple*, 979 F.3d at 1341-42.

New York is home to media conglomerates such as CNN, NBC Universal, and Warner Media.  Canon expects to identify nonparty witnesses from these media outlets to testify as to the prior art use of the claimed inventions of the '714 patent (*e.g.*, prior art video editing systems cited in CINC's invalidity contentions).  These witnesses are a short car ride from EDNY courthouses.

<p style="text-align:center">*     *     *</p>

Because Canon has identified many relevant CUSA witnesses located in EDNY, there are no likely relevant witnesses in WDTX, and it is more convenient overall for CUSA's, CINC's, WSOU's, and other nonparty witnesses to travel to EDNY, this factor strongly supports transfer.

<div style="text-align:center">

**(4)  <u>All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive</u>**

</div>

CUSA must be transferred to EDNY because venue is improper in WDTX.  Thus, CINC should also be transferred to avoid wasting judicial resources, inconsistent results, and additional inconvenience to CUSA and nonparty witnesses if CINC and CUSA are forced to litigate and have witnesses appear in two jurisdictions.[3]  Accordingly, this factor weighs in favor of transfer.

---

[3] The Canon Entities are simultaneously moving to transfer the co-pending Case No. 6:20-cv-00980-ADA.

### b.     The Public Interest Factors Favor Transfer

**Local Interest**: The local interest factor "most notably regards not merely the parties' significant connections to each forum writ large, ***but rather the significant connections between a particular venue and the events that gave rise to a suit***." *In re Apple*, 979 F.3d at 1332.  This factor weighs heavily in favor of transfer to EDNY because of the solid factual connection that this action has to the transferee venue and the lack of connection to WDTX.  *See Volkswagen I*, 371 F.3d at 206.  The CUSA personnel responsible for the allegedly infringing sales in the U.S. are in EDNY.  Smith Decl., ¶ 14.  This gives EDNY a significant localized interest in the action. *In re Apple*, 979 F.3d at 1345; *see also Wet Sounds*, 2017 WL 4547916, at *4.

In contrast, although WSOU is nominally "headquartered" in Waco, its local interests have no tie to "the events that gave rise to [this] suit." *In re Apple*, 979 F.3d at 1345.  Because the Canon Entities have no presence in WDTX, WSOU's local interests in WDTX cannot be tied to events giving rise to this suit and this factor strongly favors transfer to EDNY. *See In re Samsung*, 2 F.4th at 1380-81 (holding case should be transferred where acts leading to infringement took place in transferee forum not WDTX).

**Familiarity with Governing Law and Conflicts of Law**: Because this case is governed by federal patent law, the last two public interest factors are neutral.  *In re TS Tech. USA Corp.*, 551 F.3d 1315, 1320-21 (Fed. Cir. 2008).

## V.     CONCLUSION

For the reasons set forth above, the Canon Entities respectfully request that this Court grant this motion and transfer this case to the Eastern District of New York.

Dated: November 4, 2021                    Respectfully Submitted,


                                           /s/ Richard F. Martinelli
                                           _____

                                           Richard F. Martinelli (*pro hac vice*)
                                           rmartinelli@orrick.com
                                           Joseph A. Calvaruso (*pro hac vice*)
                                           jcalvaruso@orrick.com
                                           **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                           51 West 52nd Street
                                           New York, NY 10019-6142
                                           Tel:  (212) 506-5000
                                           Fax:  (212) 506-5151

                                           John M. Jackson (Texas Bar No. 24002340)
                                           jjackson@jw.com
                                           **JACKSON WALKER, LLP**
                                           2323 Ross Avenue, Suite 600
                                           Dallas, TX 75201
                                           Tel:  (214) 953-6000
                                           Fax:  (214) 953-5822

                                           *Attorneys for Defendant Canon Inc. and Canon
                                           U.S.A., Inc*

## CERTIFICATE OF CONFERENCE

I certify that on November 2, 2021, counsel for Plaintiff conferred with counsel for the

Canon Entities regarding the relief requested herein.  Plaintiff's counsel advised that Plaintiff

is opposed to a motion to transfer, so it is presented to the Court for resolution.

/s/ Michael C. Chow
Michael C. Chow

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on

November 4, 2021 in compliance with CV-5 and has been served on all counsel who have

consented to electronic service and all other counsel by regular mail.

/s/ John M. Jackson
John M. Jackson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development, | |
| Plaintiff, | |
| v. | Case No. 6:20-cv-00980-ADA |
| Canon Inc. and Canon U.S.A., Inc., | **JURY TRIAL DEMANDED** |
| Defendants. | |
| Canon Inc., | |
| Third-Party Plaintiff, | |
| v. | |
| NXP USA, Inc. | |
| Third-Party Defendant. | |
| WSOU Investments, LLC d/b/a Brazos Licensing and Development, | Case No. 6:20-cv-00981-ADA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| Canon Inc. and Canon U.S.A., Inc. | |
| Defendants. | |

## DECLARATION OF JAMES L. SMITH IN SUPPORT OF DEFENDANT CANON U.S.A., INC.'S MOTIONS TO TRANSFER FOR IMPROPER VENUE AND DEFENDANTS' CANON U.S.A., INC. AND CANON INC.'S MOTIONS TO TRANSFER FOR CONVENIENCE TO THE EASTERN DISTRICT OF NEW YORK

In accordance with 28 U.S.C. § 1746, I, James L. Smith, declare as follows:

1.      I am employed by Canon U.S.A., Inc. ("CUSA") and work in Melville, New York. I have been employed by CUSA for approximately 15 years and currently hold the position of Senior Director, Accounting Shared Services, Finance and Accounting at CUSA.

2.      I make this declaration in support of Defendant CUSA's Motions to Transfer for Improper Venue and for Defendants CUSA's and Canon Inc.'s Motions to Transfer for to the Eastern District of New York in the above-captioned action (the "Actions"). I have knowledge of the facts set forth herein based on my personal knowledge, my review of corporate records maintained by CUSA in the ordinary course of business, and/or my discussions with other CUSA employees.

3.      I understand that WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") filed a Second Amended Complaint ("SAC") for patent infringement against CUSA and Canon Inc. ("CINC") on October 12, 2021 in the United States District Court for the Western District of Texas. The SAC alleges infringement of U.S. Patent No. 7,054,346 (the "'346 patent"), entitled "Enhanced Frequency Hopping in a Wireless System."

4.      I understand that WSOU alleges patent infringement of the '346 patent based on the making, using offer to sell, selling and/or importing in the United States of Canon's EOS R5 camera. The EOS R5 camera was announced in the United States in July 2020.

5.      I also understand that WSOU filed another Second Amended Complaint ("SAC") for patent infringement against Canon Inc. on October 12, 2021 in the United States District Court for the Western District of Texas. This SAC alleges infringement of U.S. Patent No. 7,116,714 (the "'714 patent"), entitled "Video Coding."

6.      I understand that WSOU alleges patent infringement of the '714 patent based on the making, using, offer to sell, selling and/or importing in the United States of Canon's EOS C70 and EOS C100 Mark II cinema cameras (collectively with the Canon EOS R5 camera, "the Accused Products"). The EOS C70 was announced in the United States in September 2020 and the EOS C100 Mark II was announced in the United States in October 2014.

7.      CUSA is the exclusive U.S. importer and distributor of the Accused Products in the United States and has been since the products' introduction.

8.      CUSA is a New York corporation that was founded over fifty years ago in 1965. Its headquarters is in Melville, New York, in Suffolk County, Long Island, and has been on Long Island, in the Eastern District of New York, since 1971. It employs over 1,000 workers in its Melville facility. There, CUSA markets Canon's products, including the Accused Products.

9.      CUSA's revenues are dependent on its sales of Canon products in the United States, including the Accused Products.

10.      In addition to selling and distributing the Accused Products in the United States, CUSA also (1) prepares marketing materials, instruction manuals, and websites concerning the Accused Products; (2) maintains financial records concerning their U.S. sales; (3) formulates short- and long-term business and strategic goals for the U.S. market; (4) tests the Accused Products to ensure that they meet pre-established quality standards; and (5) services and repairs the Accused Products.

11.      As a result, CUSA has all of the documentation and electronically stored information that relate to activities in the United States regarding the Accused Products at its headquarters in Melville, New York, including for example:

3

- marketing and product launch materials relating to the Accused Products, including advertisements and product forecasts and planning materials;

- documentation, sales invoices and financial records relating to the purchase and importation of the Accused Products and downstream sales of the Accused Products documenting volume, customers, price, costs, and other metrics over time;

- organizational charts concerning roles and responsibilities of CUSA employees, including those with purchase, importation, and sales functions and technical support and servicing functions related to the Accused Products;

- user guides and manuals detailing instructions for use of the Accused Products;

- quality reports concerning repair trends and data relating to the technical customer service inquiries for the Accused Products; and

- adjustment software (*i.e.*, software used by customer service technicians to make electronic adjustments to camera products) relating to the Accused Products.

12.    To the best of my knowledge, all of these documents and electronically-stored information that are located in the United States reside at CUSA's headquarters in Melville, New York, in the Eastern District of New York.

13.    CUSA does not have any facilities in the Western District of Texas and no relevant documents possessed by CUSA are located in the Western District of Texas.

14.    Further, CUSA employs at its headquarters in Melville, New York witnesses knowledgeable about the activities and documents described above. Some of these knowledgeable witnesses include:

- Myself, **James L. Smith**, Senior Director, Accounting Shared Services, Finance & Accounting of CUSA. I have a knowledge related to CUSA's financial information

and will be able to testify, among other things, on sales of the Accused Products for the past six years.

- **Jason Fligman**, Senior Director/General Manager, Customer Support Operation, ITCG Technical Services Division at CUSA.  Mr. Fligman is knowledgeable concerning CUSA's customer support operation ("CSO") and CUSA's communications to end-user customers concerning technical issues that arise in Canon products, including the Accused Products.

- **Nam Wook Baek**, Advisor, Quality Engineering ITCG Quality Assurance & Control, Input Products Division of CUSA.  Mr. Baek is knowledgeable concerning technical support services and quality control issues relating specifically to of the accused Canon EOS R5 camera.

- **Andrew MacCallum**, Advisor, Technical Information, Imaging CX Marketing, Imaging Technologies and Communications Group.  Mr. MacCallum is knowledgeable concerning the marketing and launch of the accused Canon EOS R5 camera.

- **Leonard Musmeci**, Senior Manager, Marketing, Pro & B2B Marketing Division of CUSA.   Mr. Musmeci is knowledgeable concerning the marketing of Canon's professional camera products, including the accused Canon EOS C70 and EOS C100 Mark II cinema cameras.

- **Vince Agatep**, Senior Specialist, Marketing, ITCG Professional Products Business Planning Division of CUSA.  Mr. Agatep is knowledgeable concerning the marketing and launch of the accused Canon EOS C70 and EOS C100 Mark II cinema cameras.

- **Raffi Nenejian**, Manager, Quality Engineering at CUSA.   Mr. Nenejian is knowledgeable concerning technical support services and quality control issues

relating specifically to the accused Canon EOS C70 and EOS C100 Mark II cinema cameras.

15.     Many of CUSA's possible witnesses have high-level jobs that are critical to the operation of CUSA, and it would be very disruptive to the company for them to travel to and spend time in the Western District of Texas to testify at trial or other hearings.

16.     CUSA does not lease or own any property in the Western District of Texas and is not incorporated in Texas.  CUSA does not own, operate, or control any stores or business in the Western District of Texas.  Therefore, CUSA does not have any employees or contractors working at a CUSA place of business in the Western District of Texas.

17.     To the extent there are any CUSA employees who reside in the Western District of Texas, that is their personal choice for their home.  CUSA does not require any of its employees to reside in the Western District of Texas.

18.     CUSA has four of employees who work remotely from home in WDTX.  CUSA does not use the homes of these employees for any CUSA business purpose.  It does not use these homes as distribution centers or for storing inventory.  CUSA does not own these homes or exercise control over the living arrangements of its remote employees.

19.     CUSA has no record of the following individuals ever being employed by CUSA: (1) Bill Benavides; (2) Laura RomeroM; (3) Nicky Drake; and (4) Christopher Riddle.

20.     Jill Curtis was employed by CUSA from June 1, 1998 to July 2, 2019.  While at CUSA, Jill worked as an in-house attorney in the legal department at CUSA's headquarters on Long Island handling commercial litigation matters.  She did not have any involvement with, or knowledge of, the Accused Products through her job duties.

21.     Anthony Moore was employed by CUSA from June 2, 2014 to August 19, 2017. While at CUSA, he was a sales analyst in divisions within the CUSA business group responsible for Canon products such as copiers, production presses, multi-function enterprise devices, and large format printers.

22.     Curtis Alexander II was employed by CUSA from September 14, 2015 to November 30, 2017.  While at CUSA, he was an account relations representative in a regional account management division within the CUSA business group responsible for Canon products such as copiers, production presses, multi-function enterprise devices, and large format printers.

23.     Liz Ruvalcaba was employed by CUSA from August 24, 1998 to March 21, 2014. While at CUSA, she was a secretary, sales admin assistant, and account relations representative in divisions within the CUSA business group responsible for Canon products such as copiers, production presses, multi-function enterprise devices, and large format printers.

24.     Warndalyn Harrison Triche was employed by CUSA from February 24, 2000 to November 15, 2008.  While at CUSA, she was a sales admin assistant/representative and an account relations representative in divisions within the CUSA business group responsible for Canon products such as copiers, production presses, multi-function enterprise devices, and large format printers.

25.     Tina Roberts was employed by CUSA from July 17, 2006 to February 2, 2018. While at CUSA, she was a field analyst, a sales analyst, and a technical sales executive in divisions within the CUSA business group responsible for Canon products such as copiers, production presses, multi-function enterprise devices, and large format printers.

26.     Robert Baker III was employed by CUSA from May 1, 1995 to August 1, 2009. While at CUSA, he was a systems support engineer, a marketing specialist, a field analyst, and a

technical sales executive in divisions within the CUSA business group responsible for Canon products such as copiers, production presses, multi-function enterprise devices, and large format printers.

27.     Doug Marsolan is a current CUSA employee who works remotely from his home in Pflugerville, Texas.  He has worked as a field analyst and a sales engineer, and now holds the role of Senior Technical Marketing Analyst in CUSA's Hybrid Workplace Solutions Group.  This group is responsible for Canon home office products such as inkjet printers and scanners.  Mr. Marsolan's prior positions were in divisions within the CUSA business group responsible for Canon products such as copiers, production presses, multi-function enterprise devices, and large format printers.

28.     Michael James is a current CUSA employee who works remotely from his home in Rockwall, Texas.  He has worked as a field analyst and a technical marketing analyst in CUSA's large format printer business divisions.

29.     Canon Solutions America, Inc. ("CSA") is a wholly owned subsidiary of CUSA.  It is a New York corporation with its headquarters in Melville, New York, in Suffolk County, Long Island, and has been on Long Island, in the Eastern District of New York, since 2013.  CSA deals in office machines, such as copiers and printers.

30.     The office location at 12515 Research Blvd. Bldg. 7, Suite 110, Austin Texas 78759 is leased by CSA and is used by CSA as a regional office.  No CUSA employees work from this office.

31.     I have reviewed WSOU's Initial Disclosures and the entities identified by WSOU as dealers are not subsidiaries of CUSA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of November, 2021, in Melville, New York.

James L. Smith

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development, | |
| Plaintiff, | |
| v. | Case No. 6:20-cv-00980-ADA |
| Canon Inc. and Canon U.S.A., Inc., | **JURY TRIAL DEMANDED** |
| Defendants. | |
| Canon Inc., | |
| Third-Party Plaintiff, | |
| v. | |
| NXP USA, Inc. | |
| Third-Party Defendant. | |
| WSOU Investments, LLC d/b/a Brazos Licensing and Development, | Case No. 6:20-cv-00981-ADA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| Canon Inc. and Canon U.S.A., Inc. | |
| Defendants. | |

**DECLARATION OF SEIICHI HAMADA IN SUPPORT OF DEFENDANT CANON U.S.A., INC.'S MOTIONS TO TRANSFER FOR IMPROPER VENUE AND DEFENDANTS' CANON U.S.A., INC. AND CANON INC.'S MOTIONS TO TRANSFER FOR CONVENIENCE TO THE EASTERN DISTRICT OF NEW YORK**

I, Seiichi Hamada, declare as follows:

1.      I am currently Senior General Manager of Intellectual Property Transactions & Enforcement Center of Corporate Intellectual Property and Legal Headquarters for Canon Inc. ("CINC").

2.      I have reviewed the Second Amended Complaints for Patent Infringement dated October 12, 2021, filed by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") against CINC, and I am generally aware of the facts and circumstances surrounding this case (hereinafter, "the Litigation").  In particular, I am aware that WSOU accuses Canon's EOS R5 camera of infringing the '346 patent and Canon's EOS C70 and EOS C100 Mark II cinema cameras of infringing the '714 patent (collectively, the "Accused Products").

3.      CINC is a Japanese corporation.  CINC's worldwide headquarters, principal place of business, and development facilities are located in at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

4.      CINC does not sell the Accused Products in the United States.  CINC sells products to Canon U.S.A., Inc. ("CUSA"), who has an exclusive license to import and distribute the Accused Products in the United States.

5.      CUSA is responsible for importing, marketing and selling the Accused Products to U.S. consumers.

6.      The Accused Products were researched, designed, developed and manufactured in Japan.

7.      CINC has no presence in the Western District of Texas or the State of Texas.  It is not registered to do business in Texas, has no employees in Texas, and did not develop the Accused

Products in Texas.  It does not make, use, sell, or offer to sell the Accused Products in Texas and does not import the Accused Products into Texas.

8.      It is significantly more inconvenient for witnesses from CINC to travel to the Western District of Texas compared to the Eastern District of New York.  If trial were to be held in the Eastern District of New York, witnesses from CINC who attend trial can work out of the offices of CUSA with support from CUSA personnel.  This would be less disruptive compared to attending trial in the Western District of Texas, where neither CINC nor CUSA has an office.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of November, 2021, in Tokyo, Japan.

Seiichi Hamada

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development,<br><br>Plaintiff,<br><br>v.<br><br>Canon Inc. and Canon U.S.A., Inc.,<br><br>Defendants. | Case No. 6:20-cv-00980-ADA<br><br>**JURY TRIAL DEMANDED** |
| Canon Inc.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>NXP USA, Inc.<br><br>Third-Party Defendant. | |
| WSOU Investments, LLC d/b/a Brazos Licensing and Development,<br><br>Plaintiff,<br><br>v.<br><br>Canon Inc. and Canon U.S.A., Inc.<br><br>Defendants. | Case No. 6:20-cv-00981-ADA<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF RICHARD F. MARTINELLI IN SUPPORT OF DEFENDANT CANON U.S.A., INC.'S MOTIONS TO TRANSFER FOR IMPROPER VENUE AND DEFENDANTS CANON U.S.A., INC.'S AND CANON INC.'S MOTIONS TO TRANSFER FOR CONVENIENCE TO THE EASTERN DISTRICT OF NEW YORK**

I, Richard F. Martinelli, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a partner of the firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), attorneys for Defendants Canon Inc. ("CINC") and Canon U.S.A, Inc. ("CUSA").  I make this declaration based on personal knowledge and, if called upon, could testify competently thereto.  I submit this declaration in support of CUSA's Motions to Transfer for Improper Venue and Defendants CUSA and CINC's Motions to Transfer for Convenience to the Eastern District of New York in the above-captioned action.

2.      Attached hereto as Exhibit A is a true and correct copy of documents from the Texas Secretary of State records for WSOU entitled "Application for Registration of a Foreign Limited Liability Company," "Assumed Name Certificate" and "Statement of Change of Registered Office/Agent."

3.      Attached hereto as Exhibit B is a true and correct copy of WSOU's webpage https://www.brazoslicensing.com/about, last visited on September 9, 2021.

4.      Attached hereto as Exhibit C-1 is a true and correct copy of WSOU's Initial Disclosures in Case No. 6:20-cv-00980, served on October 8, 2021.  Attached hereto as Exhibit C-2 is a true and correct copy of WSOU's Initial Disclosures in Case No. 6:20-cv-00981, served on October 8, 2021.

5.      Attached hereto as Exhibit D is a true and correct copy of a LinkedIn page for Craig Etchegoyen.

6.      Attached hereto as Exhibit E is a true and correct copy of Stuart A. Shanus' license registration with the State Bar of California, last visited on September 9, 2021.

7.      Attached hereto as Exhibit F is a true and correct copy of Google Map from Dallas/Fort Worth International Airport in Dallas, TX to the Western District of Texas, Waco Division courthouse.

8.      Attached hereto as Exhibit G is a true and correct copy of Google Map from JFK Airport in Queens, NY to the Eastern District of New York, Brooklyn Division courthouse.

9.      Attached hereto as Exhibit H is a true and correct copy of Donald E. Stout's profile on    Fitch,    Even,    Tabin    &    Flannery    LLP's    website https://www.fitcheven.com/?t=3&A=8391&format=xml&p=5482, last visited on September 9, 2021.

10.      Attached hereto as Exhibit I is a true and correct copy of G. Peter Albert's profile on Innovation Law LLP's website http://www.innovationlawllp.com/our-founder.html, last visited on September 9, 2021.

11.      Attached hereto as Exhibit J is a true and correct copy of Finnair direct flights from Helsinki    to    New    York    retrieved    from    https://www.finnair.com/en/flights/city-to-city/hel/nyc/flights-from-Helsinki-to-New-York, last visited on September 9, 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 4, 2021          /s/ Richard F. Martinelli
                                                            Richard F. Martinelli

# EXHIBIT A

# TEXAS SECRETARY of STATE
# JOSE A. ESPARZA

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 803511650 | **Entity Type:** | Foreign Limited Liability Company (LLC) |
| **Original Date of Filing:** | January 7, 2020 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32073004080 | **FEIN:** | 822355783 |

| | |
|---|---|
| **Name:** | WSOU Investments, LLC |
| **Address:** | 605 Austin Ave. #6 |
| | Waco, TX 76701 USA |
| **Fictitious Name:** | N/A |
| **Jurisdiction:** | DE, USA |
| **Foreign Formation Date:** | July 21, 2017 |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| 〽 | 935572900002 | Application for Registration | January 7, 2020 | January 7, 2020 | No | 4 |
| 〽 | 935572900003 | Certificate of Assumed Business Name | January 7, 2020 | January 7, 2020 | No | 2 |
| 〽 | 938854460002 | Certificate of Assumed Business Name | January 21, 2020 | January 21, 2020 | No | 2 |
| 〽 | 1010212160003 | Change of Registered Agent/Office | December 1, 2020 | December 1, 2020 | No | 2 |

[ Order ]    [ Return to Search ]

---

Instructions:

🔴 To place an order for additional information about a filing press the 'Order' button.

DocuSign Envelope ID: C6565364-6B4B-4358-9BA3-1C6624265992

**Form 304**
**(Revised 05/11)**

Submit in duplicate to:
Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
512 463-5555
FAX: 512/463-5709

**Filing Fee: $750**



**Application for**
**Registration**
**of a Foreign Limited**
**Liability Company**

This space reserved for office use.

**F I L E D**
In the Office of the
Secretary of State of Texas

**JAN 0 7 2020**

**Corporations Section**

1. The entity is a foreign limited liability company. The name of the entity is:

WSOU Investments, LLC

*Provide the full legal name of the entity as stated in the entity's formation document in its jurisdiction of formation.*

2A. The name of the entity in its jurisdiction of formation does not contain the word "limited liability company" or "limited company" (or an abbreviation thereof). The name of the entity with the word or abbreviation that it elects to add for use in Texas is:

2B. The entity name is not available in Texas. The assumed name under which the entity will qualify and transact business in Texas is:

*The assumed name must include an acceptable organizational identifier or an accepted abbreviation of one of these terms.*

3. Its federal employer identification number is:  82-2355783

☐ Federal employer identification number information is not available at this time.

4. It is organized under the laws of: (set forth state or foreign country)  Delaware

and the date of its formation in that jurisdiction is:  07/21/2017
                                                          *mm/dd/yyyy*

5. As of the date of filing, the undersigned certifies that the foreign limited liability company currently exists as a valid limited liability company under the laws of the jurisdiction of its formation.

6. The purpose or purposes of the limited liability company that it proposes to pursue in the transaction of business in Texas are set forth below.

Licensing

The entity also certifies that it is authorized to pursue such stated purpose or purposes in the state or country under which it is organized.

7. The date on which the foreign entity intends to transact business in Texas, or the date on which the foreign entity first transacted business in Texas is:  01/06/2020
                                         *mm/dd/yyyy*      *Late fees may apply (see instructions).*

8. The principal office address of the limited liability company is:

| 605 Austin Avenue, #6 | Waco | TX | USA | 76701 | -- |
|---|---|---|---|---|---|
| *Address* | *City* | *State* | *Country* | *Zip/Postal Code* | |

Form 304                                    6

DocuSign Envelope ID: C6565364-6B4B-4358-9BA3-1C6624265992

Complete item 9A or 9B, but not both. Complete item 9C.

[X] 9A. The registered agent is an organization (cannot be entity named above) by the name of:

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

OR

[ ] 9B. The registered agent is an individual resident of the state whose name is:

| First Name | M.I. | Last Name | Suffix |
|---|---|---|---|

9C. The business address of the registered agent and the registered office address is:

211 E. 7th Street Ste 620, Austin, TX 78701-3218

| Street Address | City | | State | Zip Code |
|---|---|---|---|---|

10. The entity hereby appoints the Secretary of State of Texas as its agent for service of process under the circumstances set forth in section 5.251 of the Texas Business Organizations Code.

11. The name and address of each governing person is:

**NAME AND ADDRESS OF GOVERNING PERSON** (Enter the name of either an individual or an organization, but not both.)

IF INDIVIDUAL

| | Stuart | | Shanus | |
|---|---|---|---|---|
| OR | First Name | M.I. | Last Name | Suffix |

IF ORGANIZATION

Organization Name

| 605 Austin Ave #6 | Waco | TX | USA | 76701 |
|---|---|---|---|---|
| Street or Mailing Address | City | State | Country | Zip Code |

**NAME AND ADDRESS OF GOVERNING PERSON** (Enter the name of either an individual or an organization, but not both.)

IF INDIVIDUAL

| | | | | |
|---|---|---|---|---|
| OR | First Name | M.I. | Last Name | Suffix |

IF ORGANIZATION

Organization Name

| | | | | |
|---|---|---|---|---|
| Street or Mailing Address | City | State | Country | Zip Code |

**NAME AND ADDRESS OF GOVERNING PERSON** (Enter the name of either an individual or an organization, but not both.)

IF INDIVIDUAL

| | | | | |
|---|---|---|---|---|
| OR | First Name | M.I. | Last Name | Suffix |

IF ORGANIZATION

Organization Name

| | | | | |
|---|---|---|---|---|
| Street or Mailing Address | City | State | Country | Zip Code |

DocuSign Envelope ID: C6565364-6B4B-4358-9BA3-1C6624265992

## Supplemental Provisions/Information

Text Area: [The attached addendum, if any, is incorporated herein by reference.]

## Effectiveness of Filing (Select either A, B, or C.)

A. [X] This document becomes effective when the document is filed by the secretary of state.

B. [ ] This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing. The delayed effective date is: _____

C. [ ] This document takes effect upon the occurrence of a future event or fact, other than the passage of time. The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

## Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

Date:   01/06/2019

DocuSigned by:

*Stuart Shanus*

DC4554D251CA401
Signature of authorized person (see instructions)

Stuart Shanus
Printed or typed name of authorized person.

**Form 401-A**
**(Revised 12/09)**



# Acceptance of Appointment
# and
# Consent to Serve as Registered Agent
## §5.201(b) Business Organizations Code

The following form may be used when the person designated as registered agent in a registered agent filing is an individual.

---

Acceptance of Appointment and Consent to Serve as Registered Agent

I acknowledge, accept and consent to my designation or appointment as registered agent in Texas for

*Name of represented entity*
I am a resident of the state and understand that it will be my responsibility to receive any process, notice, or demand that is served on me as the registered agent of the represented entity; to forward such to the represented entity; and to immediately notify the represented entity and submit a statement of resignation to the Secretary of State if I resign.

**X:**

| *Signature of registered agent* | *Printed name of registered agent* | *Date (mm/dd/yyyy)* |

---

The following form may be used when the person designated as registered agent in a registered agent filing is an organization.

---

Acceptance of Appointment and Consent to Serve as Registered Agent

I am authorized to act on behalf of Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company
*Name of organization designated as registered agent*
The organization is registered or otherwise authorized to do business in Texas. The organization acknowledges, accepts and consents to its appointment or designation as registered agent in Texas for:

**WSOU INVESTMENTS, LLC**

*Name of represented entity*
The organization takes responsibility to receive any process, notice, or demand that is served on the organization as the registered agent of the represented entity; to forward such to the represented entity; and to immediately notify the represented entity and submit a statement of resignation to the Secretary of State if the organization resigns.

Brian Courtney,
Asst. Vice President     01/07/2020

**X: By:**

| *Signature of person authorized to act on behalf of organization* | *Printed name of authorized person* | *Date (mm/dd/yyyy)* |
Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

---

DocuSign Envelope ID: C6565364-6B4B-4358-9BA3-1C6624265992

| | | |
|---|---|---|
| **Form 503**<br>**(Revised 08/19)**<br><br>Return in duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>512 463-5555<br>FAX: 512 463-5709<br>**Filing Fee: $25** | <br>**Assumed Name Certificate** | This space reserved for office use.<br><br>**F I L E D**<br>**In the Office of the**<br>**Secretary of State of Texas**<br><br>**JAN 0 7 2020**<br><br>**Corporations Section** |

## Assumed Name

1. The assumed name under which the business or professional service is, or is to be, conducted or rendered is:  WSOU Investments

## Entity Information

2. The legal name of the entity filing the assumed name is:

WSOU Investments, LLC

*State the name of the entity as currently shown in the records of the secretary of state or on its organizational documents, if not filed with the secretary of state.*

3. The entity filing the assumed name is a: (Select the appropriate entity type below.)

☐ For-profit Corporation      ☒ Limited Liability Company

☐ Nonprofit Corporation      ☐ Limited Partnership

☐ Professional Corporation      ☐ Limited Liability Partnership

☐ Professional Association      ☐ Cooperative Association

☐ Other

    *Specify type of entity. For example, foreign real estate investment trust, state bank, insurance company, etc.*

4. The file number, if any, issued to the entity by the secretary of state is:

5. The state, country, or other jurisdiction of formation of the entity is:  Delaware

6. The entity's principal office address is:

605 Austin Avenue, #6

| | | | |
|---|---|---|---|
| *Street or Mailing Address* | | | |
| Waco | TX | USA | 76701 |
| *City* | *State* | *Country* | *Postal or Zip Code* |

## Period of Duration

☒ 7a. The period during which the assumed name will be used is 10 years from the date of filing with the secretary of state.

**OR**

☐ 7b. The period during which the assumed name will be used is _____ years from the date of filing with the secretary of state (not to exceed 10 years).

**OR**

☐ 7c. The assumed name will be used until _____ (not to exceed 10 years).

                                                   *mm/dd/yyyy*

DocuSign Envelope ID: C6565364-6B4B-4358-9BA3-1C6624265992

## County or Counties in which Assumed Name Used

8.  The county or counties where business or professional services are being or are to be conducted or rendered under the assumed name are:

[X]  All counties

[ ]  All counties with the exception of the following counties: _____

_____

[ ]  Only the following counties: _____

_____

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and also certifies that the person is authorized to sign on behalf of the identified entity.  If the undersigned is acting in the capacity of an attorney in fact for the entity, the undersigned certifies that the entity has duly authorized the undersigned in writing to execute this document.

Date:  01/06/2020

— DocuSigned by:

*Stuart Shanus*

— DC1554D731CA401...

_____

Signature of a person authorized by law to sign on behalf of the identified entity (see instructions)

**Form 503**
**(Revised 08/19)**

Return in duplicate to:
Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
512 463-5555
FAX: 512 463-5709
**Filing Fee: $25**



**Assumed Name Certificate**

This space reserved for office use.

**FILED**
**In the Office of the**
**Secretary of State of Texas**

**JAN 2 1 2020**

**Corporations Section**

## Assumed Name

1. The assumed name under which the business or professional service is, or is to be, conducted or rendered is: Brazos Development and Licensing

## Entity Information

2. The legal name of the entity filing the assumed name is:

WSOU INVESTMENTS, LLC

*State the name of the entity as currently shown in the records of the secretary of state or on its organizational documents, if not filed with the secretary of state.*

3. The entity filing the assumed name is a: (Select the appropriate entity type below.)

☐ For-profit Corporation                    ☑ Limited Liability Company
☐ Nonprofit Corporation                     ☐ Limited Partnership
☐ Professional Corporation                  ☐ Limited Liability Partnership
☐ Professional Association                  ☐ Cooperative Association
☐ Other _____

*Specify type of entity. For example, foreign real estate investment trust, state bank, insurance company, etc.*

4. The file number, if any, issued to the entity by the secretary of state is:   0803511650

5. The state, country, or other jurisdiction of formation of the entity is:   Delaware

6. The entity's principal office address is:

211 E. 7TH STREET, SUITE 620
*Street or Mailing Address*

| AUSTIN | TX | USA | 78701 |
|--------|-----|---------|---------------------|
| *City* | *State* | *Country* | *Postal or Zip Code* |

## Period of Duration

☑ 7a. The period during which the assumed name will be used is 10 years from the date of filing with the secretary of state.
**OR**
☐ 7b. The period during which the assumed name will be used is _____ years from the date of filing with the secretary of state (not to exceed 10 years).
**OR**
☐ 7c. The assumed name will be used until _____ (not to exceed 10 years).
                                                        *mm/dd/yyyy*

**RECEIVED**

Form 503        **JAN 2 1 2020**                    1

**Secretary of State**

## County or Counties in which Assumed Name Used

8. The county or counties where business or professional services are being or are to be conducted or rendered under the assumed name are:

☑ All counties

☐ All counties with the exception of the following counties: _____

_____

☐ Only the following counties: _____

_____

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and also certifies that the person is authorized to sign on behalf of the identified entity. If the undersigned is acting in the capacity of an attorney in fact for the entity, the undersigned certifies that the entity has duly authorized the undersigned in writing to execute this document.

Date:  1 - 17 - 20

_____

Stuart Shanus, President

Signature of a person authorized by law to sign on behalf of the identified entity (see instructions)

Form 503                                    2

| Form 401 | | |
|---|---|---|
| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>**Filing Fee: See Instructions** | <br><br>**Statement of Change of<br>Registered Office/Agent** | **Filed in the Office of the<br>Secretary of State of Texas<br>Filing #: 803511650 12/01/2020<br>Document #: 1010212160003<br>Image Generated Electronically<br>for Web Filing** |

### Entity Information

The name of the entity is :

## WSOU Investments, LLC

The file number issued to the entity by the secretary of state is: **803511650**

The registered agent and registered office of the entity as currently shown on the records of the secretary of state are:

## Corporation Service Company dba CSC - Lawyers Incorporating Service Company

## 211 E. 7th Street, Suite 620, Austin, TX, USA 78701-3218

### Change to Registered Agent/Registered Office

The following changes are made to the registered agent and/or office information of the named entity:

##### Registered Agent Change

☑ A. The new registered agent is an organization by the name of:

## CAPITOL CORPORATE SERVICES, INC

OR

☐ B. The new registered agent is an individual resident of the state whose name is:

##### Registered Office Change

☑ C. The business address of the registered agent and the registered office address is changed to:

## 206 E 9TH STREET, STE. 1300, Austin, TX, USA 78701

The street address of the registered office as stated in this instrument is the same as the registered agent's business address.

##### Consent of Registered Agent

☑ A. A copy of the consent of registered agent is attached. **WSOU INVESTMENTS, LLC.pdf**

☐ B. The consent of the registered agent is maintained by the entity.

### Statement of Approval

The change specified in this statement has been authorized by the entity in the manner required by the BOC or in the manner required by the law governing the filing entity, as applicable.

### Effectiveness of Filing

☑ A. This document becomes effective when the document is filed by the secretary of state.

☐ B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its filing by the secretary of state. The delayed effective date is:

### Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument.

Date: **December 1, 2020**          **DANIEL KIM**

Signature of authorized person(s)

**FILING OFFICE COPY**

**Form 401-A**
**(Revised 12/09)**



## Acceptance of Appointment
## and
## Consent to Serve as Registered Agent
## §5.201(b) Business Organizations Code

The following form may be used when the person designated as registered agent in a registered agent filing is an individual.

---

<u>Acceptance of Appointment and Consent to Serve as Registered Agent</u>

I acknowledge, accept and consent to my designation or appointment as registered agent in Texas for

*Name of represented entity*
I am a resident of the state and understand that it will be my responsibility to receive any process, notice, or demand that is served on me as the registered agent of the represented entity; to forward such to the represented entity; and to immediately notify the represented entity and submit a statement of resignation to the Secretary of State if I resign.

**x:** _____
  *Signature of registered agent*              *Printed name of registered agent*       *Date (mm/dd/yyyy)*

---

The following form may be used when the person designated as registered agent in a registered agent filing is an organization.

---

<u>Acceptance of Appointment and Consent to Serve as Registered Agent</u>

I am authorized to act on behalf of   Capitol Corporate Services, Inc.
                              *Name of organization designated as registered agent*
The organization is registered or otherwise authorized to do business in Texas. The organization acknowledges, accepts and consents to its appointment or designation as registered agent in Texas for:
WSOU INVESTMENTS, LLC
*Name of represented entity*
The organization takes responsibility to receive any process, notice, or demand that is served on the organization as the registered agent of the represented entity; to forward such to the represented entity; and to immediately notify the represented entity and submit a statement of resignation to the Secretary of State if the organization resigns.

**x:** *Delanie Case*                  Delanie Case, Assistant Secretary on
                                  behalf of Capitol Corporate Services, Inc.  12/1/2020
  *Signature of person authorized to act on behalf of organization*   *Printed name of authorized person*   *Date (mm/dd/yyyy)*

---

# EXHIBIT B



About    What We Do    Coworking    **Contact Us**



# About

# We look at patents differently

**The Problem**

## Patents are under-utilized

Most companies and inventors spend time and money on R&D, legal, crafting, filing and other

**Our Solution**

## Patents as revenue generators

If you owned a hotel, would you let rooms sit vacant and unoccupied? Nope. Instead of dragging down balance

crafting, filing and other costs associated with building and safeguarding their technology. The patent-related costs are

often in vain, as the technology ends up not being core to the business. Even when the technology is core, patents sit idle on a balance sheet. Worse yet, they rack up maintenance costs on an annual basis.

of dragging down balance sheet, it's time to turn your patents into cash-flowing assets. If competitors are infringing on your IP, they

should be paying rent. The point of patenting technology is to ensure that anyone using your intellectual property is paying for the hard work and up-front costs you incurred when developing the technology.



Brazos Licensing and Development, headquartered in Waco, Texas, leverages it's proprietary technology and management experience to help inventors and patent owners maximize the full potential of their patents. Team member combined experience spans many decades in relevant fields.


25 + yrs Legal


25 + yrs Finance


25 + yrs Tech



# We're Inventors

At Brazos, we understand the needs of inventors because we are inventors. Brazos L&D Chairman, Craig Etchegoyen, is the named inventor on over a dozen Patents.

# We're Owners

We are also patent owners. We have skin in the game. Brazos owns upwards of 10,000 patents, from all over the world. For context, our patent portfolio is larger than each Xerox, Johnson and Johnson, and Cisco portfolios– to name a few.



## Craig Etchegoyen

**Chairman & Founder**

Craig founded one of the world's most experienced and successful patent licensing firms, Uniloc. During his tenure at Uniloc, Craig filed, managed and resolved hundreds of patent litigation cases. In addition, Craig was responsible for hatching and executing monetization programs and negotiating licensing deals with the world's largest companies. He is the principal architect of the world's first self-learning patent management platform.

## Aaron Garvey

**Head of Finance**

Aaron was a founding member of MKP Capital, a global macro hedge fund manager. Aaron's experience includes portfolio management and trading across equity, fixed income and all derivatives. In addition, Aaron has also developed alternative trading technology. Aaron heads up Brazos financial structuring and works with Argos clients to ensure that engagements are economically beneficial for all parties.

## Stuart A. Shanus

**President**

From 1989 to 2016, Stuart was a trial lawyer and for some 20 years was a partner at Reed Smith LLC, an international law firm. He represented both plaintiffs and defendants in "high stakes" commercial, intellectual property and patent disputes and tried, arbitrated and mediated hundreds of cases. Stuart also served as the managing partner of the Los Angeles and Century City offices of Reed Smith and in that capacity was

## Matt Hogan

**Business Developement**

Matt spent 7 years in traditional finance, working in fixed income sales and trading. Matt specialized in structured products, specifically mortgage-backed securities. After Wall Street, Matt was founding CEO of a company that pioneered consumer data control. Matt bridges his technology and finance backgrounds to help Brazos productize their data-driven offering with flexible structuring solutions.

responsible for all aspects of managing

lawyers and staff, budgeting, marketing and day-to-day operations.



## Company

What We Do

Coworking

Meet the Team

Blog

Brazos Licensing & Development
605 Austin Ave, Suite 6
Waco, TX 76701

## Stay in Touch

Contact Us

Linkedin

Twitter

## Sign up for updates from our blog

We update our blog a couple times per month with Brazos-specific and broader industry news. Sign up to stay current with the latest!

 Enter your email

**Subscribe**

Copyright © 2020 Brazos Licensing and Development

# EXHIBIT C-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,** | § § § § | **Civil Action No.: 6:20-cv-00980-ADA** |
| *Plaintiff,* | § § | **JURY TRIAL DEMANDED** |
| **v.** | § § § | |
| **CANON, INC.,** | § § § | |
| *Defendant.* | § § | |
| ------------------------------------------------ | § § | |
| **CANON, INC.,** | § § § | |
| *Third-Party Plaintiff,* | § § § | |
| **v.** | § § § | |
| **NXP USA, INC.,** | § § § | |
| *Third-Party Defendant.* | § § | |

**PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING
AND DEVELOPMENT'S RULE 26(A)(1) INITIAL DISCLOSURES**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff"), by and through its attorneys of record, and pursuant to the Agreed Amended Scheduling Order (Dkt. 33) and Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, provides the following Initial Disclosures ("Initial Disclosures") to Defendant Canon, Inc. ("Canon" or "Defendant"). These Initial Disclosures are based upon information WSOU has acquired to date. WSOU's investigation is ongoing. Consistent with Federal Rule of Civil Procedure 26(e), WSOU will modify, amend, and/or further supplement these Initial Disclosures as additional information becomes available.

1

These disclosures are made without waiving the right to object to the production of any document or tangible thing disclosed on the grounds of competency, privilege, relevance and materiality, hearsay, undue burden, the work-product doctrine, or any other proper ground; the right to object to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; or the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these Initial Disclosures.

## INITIAL DISCLOSURES

### 1.    Federal Rule of Civil Procedure 26(a)(1)(A)(i).   Persons Likely to Have Discoverable Information

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and to the extent known by WSOU, the following individuals are likely to have discoverable information that WSOU may use to support its claims and defenses.  The following disclosure does not include expert witnesses, who will be identified at a later date in accordance with the Federal Rules of Civil Procedure, the Local Rules for the Western District of Texas, and the Agreed Amended Scheduling Order (Dkt. 33).  In providing this information, WSOU is not waiving any applicable privilege or work product protection, and no current employee or consultant of WSOU may be contacted without the prior consent of WSOU's counsel.  WSOU expressly reserves the right to identify and to call as witnesses additional persons if, during the course of discovery and investigation relating to this case, WSOU learns that such additional persons have relevant knowledge.  Furthermore, by including an individual on the below list, WSOU does not waive, and expressly preserves, its rights to object to any deposition or trial testimony of any such individual.

On information and belief, the following individuals may possess information relevant to

2

this litigation:

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Krishna Balachandran<br><br>***Contact via counsel for WSOU*** | Named inventor of U.S. Patent No. 7,054,346 Patent ("the '346 Patent") | Conception, reduction to practice, design, and development relating to the '346 Patent; prosecution of the '346 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '346 Patent; history of the technology disclosed and claimed in the '346 Patent. |
| Joseph H. Kang<br><br>***Contact via counsel for WSOU*** | Named inventor of the '346 Patent | Conception, reduction to practice, design, and development relating to the '346 Patent; prosecution of the '346 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '346 Patent; history of the technology disclosed and claimed in the '346 Patent. |
| Kumud K. Sanwal<br><br>***Contact via counsel for WSOU*** | Named inventor of the '346 Patent | Conception, reduction to practice, design, and development relating to the '346 Patent; prosecution of the '346 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '346 Patent; history of the technology disclosed and claimed in the '346 Patent. |
| James Paul Seymour<br><br>***Contact via counsel for WSOU*** | Named inventor of the '346 Patent | Conception, reduction to practice, design, and development relating to the '346 Patent; prosecution of the '346 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '346 Patent; history of the technology disclosed and claimed in the '346 Patent. |

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Lucent Technologies Inc.<br><br>**Contact via counsel for WSOU** | Original assignee of the '346 Patent | Conception, reduction to practice, design, and development relating to the '346 Patent; prosecution of the '346 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '346 Patent; history of the technology disclosed and claimed in the '346 Patent. |
| Craig Etchegoyen<br><br>**Contact via counsel for WSOU** | WSOU's Chairman | Ownership and assignment of the '346 Patent; WSOU's business, commercialization and licensing activities, and the technology claimed in the '346 Patent. |
| Stuart A. Shanus<br><br>**Contact via counsel for WSOU** | WSOU's President | Ownership and assignment of the '346 Patent; legal issues arising out of and related to WSOU's business and commercialization and licensing activities. |
| John E. Curtin<br>CAPPAT Law Firm<br>625 Slaters Lane, 4th Floor<br>Alexandria, VA 22314<br>(703)266-3330 | Patent attorney involved in the prosecution of the '346 Patent | Prosecution of the '346 Patent. |
| Harness, Dickey & Pierce, PLC<br>11730 Plaza America Drive<br>Suite 600<br>Reston, VA 20190<br>P:703.668.8000 | Patent attorneys involved in the prosecution of the '346 Patent | Prosecution of the '346 Patent. |
| Canon, Inc. | Current and former directors and employees of Canon, Inc. | Information and documents related to: Canon's business; design, development, operation, manufacture, testing, marketing, sale, and importation of its EOS R5 camera and related products and/or services ("Accused Products"); value of the accused features and functionalities; and licensing and commercialization of comparable patents. |

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Canon, Inc. | Employee(s) of Canon, Inc. who will represent the company at the trial of this case | Information and documents related to:  Canon's business; design, development, operation, manufacture, testing, marketing, sale, and importation of the Accused Products; value of the accused features and functionalities; and licensing and commercialization of comparable patents. |
| Canon USA, Inc. | Current and former directors and employees of Canon USA, Inc. | Information and documents related to: Canon's business; design, development, operation, manufacture, testing, marketing, sale, and importation of the Accused Products; value of the accused features and functionalities; and licensing and commercialization of comparable patents. |
| Canon Solutions America, Inc. | Current and former directors and employees of Canon Solutions America, Inc. | Information and documents related to: Canon's business; design, development, operation, manufacture, testing, marketing, sale, and importation of the Accused Products; value of the accused features and functionalities; and licensing and commercialization of comparable patents. |
| Bill Benavides | Admin. at Canon USA, Inc. | Canon USA, Inc.'s business activities and corporate structure. |
| Doug Marsolan | Sales engineer at Canon USA, Inc. | Technical information concerning the operation and sales of the Accused Products. |
| Jill Curtis | Consulting Counsel at Canon USA, Inc. | Contracting and sales information concerning the Accused Products. |

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Laura Romerom | Shipping and Receiving Specialist at Canon USA, Inc. | Shipping and sales information concerning the Accused Products. |
| Nicky Drake | Technical Representative and Dealer Educator at Canon USA, Inc. | Technical information concerning the operation and sales of the Accused Products. |
| Michael J. | Technical Marketing Analyst at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |
| NXP USA, Inc. | Current and former directors and employees of NXP USA, Inc. ("NXP") | Information and documents related to: NXP's business; design, development, operation, manufacture, testing, marketing, sale, and importation of any products and/or services related to the '346 Patent; value of the products and/or services and functionalities; and licensing and commercialization of comparable patents. |
| Anthony Moore | Former Project Account Manager at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |
| Christopher Riddle | Former Camera Repair Technician Canon USA, Inc. | Technical information concerning the operation of the Accused Products. |
| Curtis Alexander II | Former Account Relations Representative at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |
| Liz Ruvalcaba | Former Account Relations Representative at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Warndalyn Triche | Former Account Relations Representative at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |
| Tina Roberts | Former Technical Sales Executive at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |
| Robert Baker III | Former Technical Sales Executive at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |
| Aafes Headquarters | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Apple Computer, Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Arlington Camera | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Armadillo Camera | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Audio Visual Dallas | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Camera Exchange | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Competitive Camera | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Data Display Audio Visual Co | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Dell Computer Corp. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Fort Worth Camera Supply | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Garland Camera & Repair Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Houston Camera Exchange | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Humble Camera Center | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Industrial Audio Video Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Lubbock Audio Visual, Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Michaels | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Omega Broadcast Group | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Precision Camera & Video | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Red River Paper | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Rent-A-Center, Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Texas Media Systems, Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |
| Videotex Systems Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to: Canon's business activities in the Western District of Texas. |

Representatives for Canon: It is believed that representatives from Canon in this litigation will have knowledge relevant to the development, use, offers to sell, selling, providing, maintaining, and/or supporting the website portals, applications, and devices using the technology at issue in this case, as well as the alleged infringement of the '346 Patent.

WSOU may also rely on individuals or entities identified in the initial disclosures served by any other party, individuals, or entities disclosed in documents produced during the course of discovery, individuals, or entities disclosed in Canon's discovery responses or during the taking of any depositions, all expert witnesses designated by any party, or any third-party individuals or entities that are subpoenaed, deposed, or disclosed during the course of discovery. WSOU reserves all rights to supplement or amend this disclosure in light of further investigation, analysis, discovery, positions taken by Canon or other parties, or developments in the case

2.      **FRCP 26(a)(1)(A)(ii).  Description and Location of Relevant Documents**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, WSOU may rely upon the following categories of non-privileged documents, data compilations, electronically stored information, or tangible things, if any, that are within WSOU's possession, custody, or control, in support its claims or defenses:

   a.   The '346 Patent;

   b.   File History of the '346 Patent;

   c.   Documents relating to ownership and the right to enforce the '346 Patent;

   d.   Documents relating to Canon's knowledge of and notice of the '346 Patent;

   e.   Licenses/settlement agreements and non-privileged communications concerning licensing the '346 Patent;

   f.   Documents and/or data that indicate infringement by Canon, including Canon's hardware and software functionality, or otherwise related to WSOU's claim of infringement;

   g.   Documents relating to the damages necessary to compensate WSOU for Canon's infringement;

   h.   Documents related to rebutting any of Canon's defenses, including but not limited to documents pertaining to any objective indicia of non-obviousness;

   i.   Correspondence between the parties;

    j.   Documents in WSOU's custody, possession, and/or control referring or relating to factual allegations referenced in WSOU's and/or Canon's pleadings.

To the extent documents within any of these categories are within WSOU's possession, such documents are located WSOU's office at 605 Austin Avenue, Suite 6, Waco, Texas 76701. WSOU believes that other documents within these categories will be in the possession of Canon. WSOU's investigation is ongoing, and WSOU reserves all rights to disclose and use additional documents and/or information in light of further investigation, analysis, discovery, positions taken by Canon or other parties, or developments in the case.

### 3.    FRCP 26(a)(1)(A) (iii). Computation of Damages

Given the ongoing nature of WSOU's injury, the state of discovery, and the need for expert testimony to assess the scope of the injury, WSOU is not yet in a position to compute its damages in this action.  Information needed for such computation is in the possession, custody, or control of Canon and has not been produced to WSOU.

WSOU will rely on a damages expert and, therefore, will provide its computation of damages at the time for expert disclosures in accordance with the Court's Agreed Amended Scheduling Order.  At present, WSOU intends to seek all relief and recover all remedies available under the Patent Act for Canon's infringement of the '346 Patent, including at least monetary damages pursuant to 35 U.S.C. § 284 to compensate for said infringement in an amount no less than a reasonable royalty for use of the inventions by Canon, plus interests and costs.  WSOU also intends to seek enhanced damages pursuant to 35 U.S.C. § 284 based on Canon's conduct as it relates to numerous *Read* factors.  *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992). WSOU further intends to seek prejudgment interest from the date of infringement to the date of judgment, an on-going royalty for future infringement, any supplemental damages as appropriate,

and its attorneys' fees and costs.  WSOU is still investigating whether other damages would be appropriate.

WSOU may supplement this response as information is provided by Canon and, further, in accordance with all disclosures relating to the opinions and testimony of testifying experts.

**4.      FRCP 26(a)(1)(A)(iv).  Insurance Agreements**

WSOU is presently unaware of any such agreements.

## RESERVATION OF RIGHTS

WSOU reserves its right to supplement and amend its Initial Disclosures in accordance with Rule 26 as information is obtained throughout the discovery process.  WSOU's Initial Disclosures are not intended to and do not constitute a waiver of any objections that WSOU may have, now or in the future, to any discovery in this action.

Dated:  October 8, 2021                RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    Jack Shaw (CA Bar No. 309382)
    (Admitted in this District)
    jshaw@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    333 Twin Dolphin Drive, Suite 200
    Redwood Shores, California 94065
    Telephone: (650) 453-5170
    Facsimile: (650) 453-5171

    Bradley P. Lerman (NY Bar No. 4906079)
    (*Pro hac vice* admission)
    blerman@kasowitz.com
    Jayita Guhaniyogi (NY Bar No. 5349022)
    (*Pro hac vice* admission)
    jguhaniyogi@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    1633 Broadway
    New York, NY 10019
    Telephone: (212) 506-1700
    Facsimile:  (212) 506-1800

    Mark D. Siegmund (TX Bar No. 24117055)
    mark@waltfairpllc.com
    **LAW FIRM OF WALT FAIR, PLLC**
    1508 N. Valley Mills Drive
    Waco, TX 76710
    Telephone:  (254) 772-6400
    Facsimile:   (254) 772-6432

    **ATTORNEYS FOR PLAINTIFF**
    **WSOU INVESTMENTS, LLC**

13

**d/b/a BRAZOS LICENSING AND
DEVELOPMENT**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record, on this 8th day of October, 2021.

<div align="center">

*/s/ Jonathan K. Waldrop*

**Jonathan K. Waldrop**

</div>

# EXHIBIT C-2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,** | § § § § | **Civil Action No.: 6:20-cv-00981-ADA** |
| *Plaintiff,* | § § | **JURY TRIAL DEMANDED** |
| **v.** | § § § | |
| **CANON, INC.,** | § § | |
| *Defendant.* | § § | |

**PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING
AND DEVELOPMENT'S RULE 26(A)(1) INITIAL DISCLOSURES**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff"), by and through its attorneys of record, and pursuant to the Agreed Amended Scheduling Order (Dkt. 34) and Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, provides the following Initial Disclosures ("Initial Disclosures") to Defendant Canon, Inc. ("Canon" or "Defendant"). These Initial Disclosures are based upon information WSOU has acquired to date. WSOU's investigation is ongoing. Consistent with Federal Rule of Civil Procedure 26(e), WSOU will modify, amend, and/or further supplement these Initial Disclosures as additional information becomes available.

These disclosures are made without waiving the right to object to the production of any document or tangible thing disclosed on the grounds of competency, privilege, relevance and materiality, hearsay, undue burden, the work-product doctrine, or any other proper ground; the right to object to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; or the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the

1

subject matter of these Initial Disclosures.

## INITIAL DISCLOSURES

**A.    Federal Rule of Civil Procedure 26(a)(1)(A)(i).   Persons Likely to Have Discoverable Information**

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and to the extent known by WSOU, the following individuals are likely to have discoverable information that WSOU may use to support its claims and defenses.  The following disclosure does not include expert witnesses, who will be identified at a later date in accordance with the Federal Rules of Civil Procedure, the Local Rules for the Western District of Texas, and the Agreed Amended Scheduling Order (Dkt. 34).  In providing this information, WSOU is not waiving any applicable privilege or work product protection, and no current employee or consultant of WSOU may be contacted without the prior consent of WSOU's counsel.  WSOU expressly reserves the right to identify and to call as witnesses additional persons if, during the course of discovery and investigation relating to this case, WSOU learns that such additional persons have relevant knowledge.  Furthermore, by including an individual on the below list, WSOU does not waive, and expressly preserves, its rights to object to any deposition or trial testimony of any such individual.

On information and belief, the following individuals may possess information relevant to this litigation:

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Miska Hannuksela<br><br>***Contact via counsel for WSOU*** | Named inventor of U.S. Patent No. 7,116,714 Patent ("the '714 Patent") | Conception, reduction to practice, design, and development relating to the '714 Patent; prosecution of the '714 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '714 Patent; history of the technology disclosed and claimed in the '714 Patent. |
| Nokia Corporation<br><br>***Contact via counsel for WSOU*** | Original assignee of the '714 Patent | Conception, reduction to practice, design, and development relating to the '714 Patent; prosecution of the '714 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '714 Patent; history of the technology disclosed and claimed in the '714 Patent. |
| Craig Etchegoyen<br><br>***Contact via counsel for WSOU*** | WSOU's Chairman | Ownership and assignment of the '714 Patent; WSOU's business, commercialization and licensing activities, and the technology claimed in the '714 Patent. |
| Stuart A. Shanus<br><br>***Contact via counsel for WSOU*** | WSOU's President | Ownership and assignment of the '714 Patent; legal issues arising out of and related to WSOU's business and commercialization and licensing activities. |
| Marshall J. Brown, Esq.<br>Foley & Lardner LLP<br>321 North Clark Street<br>Suite 3000<br>Chicago, IL 60654-4762<br>312.832.4500 | Patent attorney involved in the prosecution of the '714 Patent | Prosecution of the '714 Patent. |

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Foley & Lardner LLP<br>321 North Clark Street<br>Suite 3000<br>Chicago, IL 60654-4762<br>312.832.4500 | Patent attorneys involved in the prosecution of the '714 Patent | Prosecution of the '714 Patent. |
| Canon, Inc. | Current and former directors and employees of Canon, Inc. | Information and documents related to: Canon's business; design, development, operation, manufacture, testing, marketing, sale, and importation of its Canon EOS C70, Canon EOS C100 Mark II and related products and/or services ("Accused Products"); value of the accused features and functionalities; and licensing and commercialization of comparable patents. |
| Canon, Inc. | Employee(s) of Canon, Inc. who will represent the company at the trial of this case | Information and documents related to: Canon's business; design, development, operation, manufacture, testing, marketing, sale, and importation of the Accused Products; value of the accused features and functionalities; and licensing and commercialization of comparable patents. |
| Canon USA, Inc. | Current and former directors and employees of Canon USA, Inc. | Information and documents related to: Canon's business; design, development, operation, manufacture, testing, marketing, sale, and importation of the Accused Products; value of the accused features and functionalities; and licensing and commercialization of comparable patents. |

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Canon Solutions America, Inc. | Current and former directors and employees of Canon Solutions America, Inc. | Information and documents related to: Canon's business; design, development, operation, manufacture, testing, marketing, sale, and importation of the Accused Products; value of the accused features and functionalities; and licensing and commercialization of comparable patents. |
| Canon Kabushiki Kaisha | Current and former directors and employees of Canon Kabushiki Kaisha | Information and documents related to: knowledge of the '714 Patent and licensing and commercialization of comparable patents. |
| Bill Benavides | Administrator at Canon USA, Inc. | Canon USA, Inc.'s business activities and corporate structure. |
| Doug Marsolan | Sales engineer at Canon USA, Inc. | Technical information concerning the operation and sales of the Accused Products. |
| Jill Curtis | Consulting Counsel at Canon USA, Inc. | Contracting and sales information concerning the Accused Products. |
| Laura Romerom | Shipping and Receiving Specialist at Canon USA, Inc. | Shipping and sales information concerning the Accused Products. |
| Nicky Drake | Technical Representative and Dealer Educator at Canon USA, Inc. | Technical information concerning the operation and sales of the Accused Products. |
| Michael J. | Technical Marketing Analyst at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Anthony Moore | Former Project Account Manager at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |
| Christopher Riddle | Former Camera Repair Technician Canon USA, Inc. | Technical information concerning the operation of the Accused Products. |
| Curtis Alexander II | Former Account Relations Representative at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |
| Liz Ruvalcaba | Former Account Relations Representative at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |
| Warndalyn Triche | Former Account Relations Representative at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |
| Tina Roberts | Former Technical Sales Executive at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |
| Robert Baker III | Former Technical Sales Executive at Canon USA, Inc. | Technical information concerning the operation, sales and marketing of the Accused Products. |
| Aafes Headquarters | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Apple Computer, Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Arlington Camera | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Armadillo Camera | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Audio Visual Dallas | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Camera Exchange | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Competitive Camera | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Data Display Audio Visual Co | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Dell Computer Corp. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Fort Worth Camera Supply | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Garland Camera & Repair Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Houston Camera Exchange | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Humble Camera Center | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Industrial Audio Video Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Lubbock Audio Visual, Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Michaels | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Omega Broadcast Group | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Precision Camera & Video | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Red River Paper | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Rent-A-Center, Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |

| Name/Contact Information | Connection to Case | Knowledge |
|---|---|---|
| Texas Media Systems, Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |
| Videotex Systems Inc. | Authorized Dealer of Canon USA, Inc. Products in Texas. | Information and documents related to:  Canon's business activities in the Western District of Texas. |

Representatives for Canon:  It is believed that representatives from Canon in this litigation will have knowledge relevant to the development, use, offers to sell, selling, providing, maintaining, and/or supporting the website portals, applications, and devices using the technology at issue in this case, as well as the alleged infringement of the '714 Patent.

WSOU may also rely on individuals or entities identified in the initial disclosures served by any other party, individuals, or entities disclosed in documents produced during the course of discovery, individuals, or entities disclosed in Canon's discovery responses or during the taking of any depositions, all expert witnesses designated by any party, or any third-party individuals or entities that are subpoenaed, deposed, or disclosed during the course of discovery.  WSOU reserves all rights to supplement or amend this disclosure in light of further investigation, analysis, discovery, positions taken by Canon or other parties, or developments in the case

**B.      FRCP 26(a)(1)(A)(ii).  Description and Location of Relevant Documents**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, WSOU may rely upon the following categories of non-privileged documents, data compilations, electronically stored information, or tangible things, if any, that are within WSOU's possession, custody, or control, in support its claims or defenses:

a.   The '714 Patent;

9

b.  File History of the '714 Patent;

c.  Documents relating to ownership and the right to enforce the '714 Patent;

d.  Documents relating to Canon's knowledge of and notice of the '714 Patent;

e.  Licenses/settlement agreements and non-privileged communications concerning licensing the '714 Patent;

f.  Documents and/or data that indicate infringement by Canon, including Canon's hardware and software functionality, or otherwise related to WSOU's claim of infringement;

g.  Documents relating to the damages necessary to compensate WSOU for Canon's infringement;

h.  Documents related to rebutting any of Canon's defenses, including but not limited to documents pertaining to any objective indicia of non-obviousness;

i.  Correspondence between the parties;

j.  Documents in WSOU's custody, possession, and/or control referring or relating to factual allegations referenced in WSOU's and/or Canon's pleadings.

To the extent documents within any of these categories are within WSOU's possession, such documents are located WSOU's office at 605 Austin Avenue, Suite 6, Waco, Texas 76701. WSOU believes that other documents within these categories will be in the possession of Canon. WSOU's investigation is ongoing, and WSOU reserves all rights to disclose and use additional documents and/or information in light of further investigation, analysis, discovery, positions taken by Canon or other parties, or developments in the case.

## C.    FRCP 26(a)(1)(A) (iii). Computation of Damages

Given the ongoing nature of WSOU's injury, the state of discovery, and the need for expert testimony to assess the scope of the injury, WSOU is not yet in a position to compute its damages in this action.  Information needed for such computation is in the possession, custody, or control of Canon and has not been produced to WSOU.

10

WSOU will rely on a damages expert and, therefore, will provide its computation of damages at the time for expert disclosures in accordance with the Court's Agreed Amended Scheduling Order.  At present, WSOU intends to seek all relief and recover all remedies available under the Patent Act for Canon's infringement of the '714 Patent, including at least monetary damages pursuant to 35 U.S.C. § 284 to compensate for said infringement in an amount no less than a reasonable royalty for use of the inventions by Canon, plus interests and costs.  WSOU also intends to seek enhanced damages pursuant to 35 U.S.C. § 284 based on Canon's conduct as it relates to numerous *Read* factors.  *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992).  WSOU further intends to seek prejudgment interest from the date of infringement to the date of judgment, an on-going royalty for future infringement, any supplemental damages as appropriate, and its attorneys' fees and costs.  WSOU is still investigating whether other damages would be appropriate.

WSOU may supplement this response as information is provided by Canon and, further, in accordance with all disclosures relating to the opinions and testimony of testifying experts.

**D.     FRCP 26(a)(1)(A)(iv).  Insurance Agreements**

WSOU is presently unaware of any such agreements.

## RESERVATION OF RIGHTS

WSOU reserves its right to supplement and amend its Initial Disclosures in accordance with Rule 26 as information is obtained throughout the discovery process.  WSOU's Initial Disclosures are not intended to and do not constitute a waiver of any objections that WSOU may have, now or in the future, to any discovery in this action.

Dated:  October 8, 2021    RESPECTFULLY SUBMITTED,

           By: */s/ Jonathan K. Waldrop*    
             Jonathan K. Waldrop (CA Bar No. 297903)
             (Admitted in this District)
             jwaldrop@kasowitz.com
             Darcy L. Jones (CA Bar No. 309474)
             (Admitted in this District)
             djones@kasowitz.com
             Marcus A. Barber (CA Bar No. 307361)
             (Admitted in this District)
             mbarber@kasowitz.com
             John W. Downing (CA Bar No. 252850)
             (Admitted in this District)
             jdowning@kasowitz.com
             Heather S. Kim (CA Bar No. 277686)
             (Admitted in this District)
             hkim@kasowitz.com
             Jack Shaw (CA Bar No. 309382)
             (Admitted in this District)
             jshaw@kasowitz.com
             **KASOWITZ BENSON TORRES LLP**
             333 Twin Dolphin Drive, Suite 200
             Redwood Shores, California 94065
             Telephone: (650) 453-5170
             Facsimile: (650) 453-5171

             Bradley P. Lerman (NY Bar No. 4906079)
             (*Pro hac vice* admission)
             blerman@kasowitz.com
             Jayita Guhaniyogi (NY Bar No. 5349022)
             (*Pro hac vice* admission)
             jguhaniyogi@kasowitz.com
             **KASOWITZ BENSON TORRES LLP**
             1633 Broadway
             New York, NY 10019
             Telephone: (212) 506-1700
             Facsimile:  (212) 506-1800

             Mark D. Siegmund (TX Bar No. 24117055)
             mark@waltfairpllc.com
             **LAW FIRM OF WALT FAIR, PLLC**
             1508 N. Valley Mills Drive
             Waco, TX 76710
             Telephone:  (254) 772-6400
             Facsimile:   (254) 772-6432

             **ATTORNEYS FOR PLAINTIFF**
             **WSOU INVESTMENTS, LLC**

**d/b/a BRAZOS LICENSING AND
DEVELOPMENT**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record, on this 8th day of October, 2021.

*/s/ Jonathan K. Waldrop*
**Jonathan K. Waldrop**

# EXHIBIT D

 Craig Etchegoyen





# Craig Etchegoyen

Chairman at WSOU investments

Kailua-Kona, Hawaii, United States · 11 connections

Sign in to Connect



**WSOU investments**

## Experience



**Chairman**

WSOU investments

Jan 2017 - Present · 4 years 9 months

Hawaii, United States



**Board Member**

PARTIE

2016 - 2021 · 5 years

## View Craig's full profile

See who you know in common



Craig Etchegoyen



**Sign in to view full profile**

## People also viewed



**Shawn Ambwani**

Chief Patent Troll and Counterfeit Killer - World's most followed patent professional

San Francisco Bay Area



**Kevin Boscamp**

Managing Partner at GRP Energy Capital

Dallas-Fort Worth Metroplex



**Chris Tedford**

President and General Manager at Automatic Products Corp

Dallas-Fort Worth Metroplex



**Heather McClanahan, SHRM-CP**

Senior Human Resources Manager at Fives

Florence, KY



**True Velocity**

The Composite Munitions Company

Dallas-Fort Worth Metroplex



**Bruce Robbins**

Secretary Treasurer at True Velocity LLC

Metro Jacksonville



**Kaleb Cooperman**

I help government affairs teams track legislation, news, and officials' dialogue on issues that matter to them at the federal, state and local level.

Washington, DC



**Josh Hooper**

Sales Engineer at Methods Machine Tools, Inc.

West Fork, AR

**Viren Baraiya**

Engineering Leader @ Google

San Francisco Bay Area

 Craig Etchegoyen



Berkeley, CA

Show more profiles

# Others named **Craig Etchegoyen**

### Craig Etchegoyen

sir at uniloc

Newport Beach, CA

1 other named Craig Etchegoyen is on LinkedIn

See others named **Craig Etchegoyen**

## Craig's public profile badge

Include this LinkedIn profile on other websites

### Craig Etchegoyen
Chairman at WSOU investments

Chairman at WSOU investments

View profile

View profile badges

© 2021

Accessibility

Privacy Policy

Copyright Policy

Guest Controls

Language

About

User Agreement

Cookie Policy

Brand Policy

Community Guidelines

# EXHIBIT E

 The State Bar *of California*

**Stuart Agull Shanus #188046**
**License Status: Active**

Address: 3008 Cavendish Dr, Los Angeles, CA 90064-4616
Phone: 310-633-2327  |  Fax: Not Available
Email: Not Available  |  Website: Not Available

### More about This Attorney ▼

**All changes of license status due to nondisciplinary administrative matters and disciplinary actions.**

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|------|------------------|--------------|-------------------------|
| Present | Active | | |
| 6/3/1997 | Admitted to the State Bar of California | | |

**Additional Information:**
- About the disciplinary system

Copyright © 2021 The State Bar of California

  

# EXHIBIT F

## Google Maps    Dallas/Fort Worth International Airport to US District Court

Drive 115 miles, 1 hr 46 min



Map data ©2021 Google    10 mi

🚗  via I-35W S and I-35 S          1 hr 46 min

Fastest route, the usual traffic      115 miles
⚠ This route has tolls.

🚗 via I-35E S and I-35 S      **1 hr 47 min**
114 miles

🚗 via I-35 S      **1 hr 53 min**
114 miles

## Explore US District Court


Restaurants


Hotels


Gas stations


Parking Lots


More

# EXHIBIT G

## Google Maps   JFK Airport (JFK), Queens, NY to U.S. District Court - Eastern District of New York    Drive 18.0 miles, 40 min



via I-678 N and I-278 W      40 min

Fastest route, despite slowdown on I-278 W causing 14-min delay          18.0 miles

 **via Grand Central Pkwy and I-278 W**          **42 min**

Slowdown on I-278 W causing 14-min delay          20.3 miles

 **via I-678 N and I-495 W**          **45 min**

Slowdown on the Brooklyn Bridge causing 10-min delay          21.1 miles

## Explore U.S. District Court - Eastern District of New York


Restaurants


Hotels


Gas stations


Parking Lots


More

# EXHIBIT H



   

ABOUT US     SERVICES     TECHNICAL AREAS     PROFESSIONALS     NEWS     JOIN FITCH EVEN          Search

Home > Professionals > Donald E. Stout



*"I pride myself in applying the lessons I've learned in successfully running a patent licensing company and serving on public company boards to helping clients achieve business goals through their patent portfolios."*

## Donald E. Stout
### PARTNER

| | | | |
|---|---|---|---|
| Washington, D.C. | | | |
| 1250 23rd Street NW | 202.419.7000 | Email | Download PDF |
| Suite 410 | 202.419.7007 fax | | |
| Washington, D.C. 20037 | | | |
| VCard | | | |

### Education

J.D., George Washington University National Law Center, 1972, *with Honors*

B.S., Electrical Engineering, Pennsylvania State University, 1968, *with Distinction*

### Services

International IP Protection
IP Litigation
IP Portfolio Management
IP Strategy Development

Patent Preparation and Prosecution
Product Clearance and Legal Opinions
Reissue and Reexamination Proceedings
Trade Secrets

### Technical Areas

Computer Software and Hardware
Electronics
Energy and Clean Technology

Food and Agricultural Sciences
Internet and E-Commerce
Mechanical Engineering

### Bar & Court Admissions

| Profile | Representative Matters | Presentations and Publications | Memberships |
|---|---|---|---|

Donald E. Stout's intellectual property law practice spans over 40 years and encompasses experience in nearly all facets of patent law, including patent prosecution, IP portfolio management, licensing, and litigation. He has written and prosecuted hundreds of patent applications in diverse technologies, rendered opinions on patent infringement and validity, and testified as an expert witness regarding the procurement and prosecution of patents. Don's clients look to him to provide his unique perspective and counsel on strategic planning for monetization of patents.

Many of the clients Don has worked with have been large global corporations in industries that include telecommunications, electrical power generation, semi-conductor technologies, computer software and hardware, and mechanical engineering. In addition, Don founded a highly successful licensing company where he was solely responsible for patenting its technology involving wireless email. He has also been a member of the board of directors for three publicly traded companies all involved in the licensing of patents.

Prior to joining Fitch Even, Don was a senior partner with an Arlington, Virginia-based IP law boutique for 33 years. Before earning his law degree, he spent four years as an assistant patent examiner at the U.S. Patent and Trial Office, where he focused on patent applications covering radio and television technologies.

District of Columbia
Virginia
U.S. Patent and Trademark Office
U.S. Supreme Court
U.S. Court of Appeals for the Federal Circuit

© 2021 FITCH, EVEN, TABIN & FLANNERY LLP    DISCLAIMER  SITEMAP  CONTACT US                    PHOTO CREDITS  ATTORNEY ADVERTISING  PRIVACY POLICY

Hosted on the FirmWise[sm] Platform | Designed by Charette Design

# EXHIBIT I

| Welcome | Areas of Practice | Our Founder | Contact |





**Innovation Law** LLP
Intellectual Property & Technology Law

**G. Peter Albert, Jr.**

Peter.Albert@InnovationLawLLP.com

Tel: (858) 776-1548



Peter has been practicing law for 25 years at large general practice and intellectual property firms in Chicago and San Diego.  Martindale Hubble has given Peter a peer review rating of AV Preeminent 5.0 out of 5.0 (the highest rating possible) indicating that Peter's peers rank him at the highest level of professional excellence in general ethical standards and legal ability.  In 2009, and 2011-2017 The Daily Transcript selected him as a San Diego County Top Attorney.  In 2012-2017, Thomson Reuters voted Peter a San Diego Super Lawyer and, in 2013-2017, he was listed as one of the top lawyers in San Diego Magazine.  Peter's practice encompasses all phases of international patent, trademark, and copyright litigation, prosecution, licensing and intellectual property counseling. He has experience with a variety of technologies, including wireless communications systems, video coding, compression and processing, Communications protocols including GSM, EDGE, UMTS technologies and CDMA2000 technologies, ad-hoc networks, peer-to-peer and adaptive streaming, baseband processing, non-cellular wireless technologies including WiFi, Bluetooth, WiMax, NFC, and GPS, digital rights management and content licensing,  ultra-fast laser applications, digital/analog circuits, broadband and embedded antennas, sensors and sensor networks, computer hardware/software, and biomedical and medical devices and diagnostic systems, bioinformatics, medical imaging, endoscopes, non-invasive fluid flow sensing, liquid metering/compensating drug delivery, external infusion devices, interferometric detection systems, surgical manipulators, instrument systems, and cutting devices.

Peter is an active member of the intellectual property and technology law community.  He is a

# EXHIBIT J

BOOK  MANAGE  CHECK IN

FINNAIR SHOP    INTERNATIONAL - EN    LOGIN

FINNAIR

oneworld

DESTINATIONS & OFFERS    PREPARE    TRAVEL & FLY    CUSTOMER CARE    FINNAIR PLUS    CORONAVIRUS & TRAVELLING

HOME / DESTINATIONS / UNITED STATES OF AMERICA / FLIGHTS TO NEW YORK / HELSINKI NEW YORK

# SEARCH AND BOOK HELSINKI TO NEW YORK FLIGHTS



Return    One way

BOOK NOW

Chat

# POPULAR FLIGHTS AND FLIGHT OFFERS FROM HELSINKI TO NEW YORK

HEL – JFK

## HELSINKI - NEW YORK

Tue 12 Oct 2021 – Sun 17 Oct 2021

from
**€606**

**Book now**



HEL – JFK

## HELSINKI - NEW YORK

Wed 20 Oct 2021 – Sun 24 Oct 2021

from
**€606**

**Book now**



HEL – JFK

## HELSINKI - NEW YORK

Tue 9 Nov 2021 – Sun 14 Nov 2021

from
**€606**

**Book now**





HEL – JFK

**HELSINKI - NEW YORK**

Mon 1 Nov 2021 – Sun 7 Nov 2021

from
**€606**

**Book now**



HEL – JFK

**HELSINKI - NEW YORK**

Sat 16 Oct 2021 – Tue 19 Oct 2021

from
**€606**

**Book now**



HEL – JFK

**HELSINKI - NEW YORK**

Fri 8 Oct 2021 – Mon 11 Oct 2021

from
**€606**

**Book now**



**LOAD MORE FLIGHTS**

 Chat



# OUR CHEAPEST FLIGHTS FROM HELSINKI TO NEW YORK

Price (low to high) ⌄

from
**€606**
**Book now**

HEL – JFK

### HELSINKI - NEW YORK
Tue 12 Oct 2021 – Sun 17 Oct 2021



from
**€606**

HEL – JFK

### HELSINKI - NEW YORK
Wed 20 Oct 2021 – Sun 24 Oct 2021

**Book now**



from
**€606**

HEL – JFK

HELSINKI - NEW YORK



**HELSINKI - NEW YORK**
Tue 9 Nov 2021 – Sun 14 Nov 2021



from
**€606**
**Book now**

HEL – JFK
**HELSINKI - NEW YORK**
Mon 1 Nov 2021 – Sun 7 Nov 2021



**LOAD MORE FLIGHTS**

# POPULAR ROUTES AND FLIGHT DEALS

**From Helsinki**



Flights from cities    Flights from countries    City to city flights    Country to country flights



# CUSTOMER CARE

Contact us    Contact forms    Frequently asked questions    Manage booking

  Chat

# TRAVEL EXTRAS

Travel extras for your trip

Hotels

Car rentals

Airport transfers

# OTHER SITES

Finnair Shop

Finnair for corporates

Finnair Cargo

Finnair Easy

Finnair Group

Vacant positions

Corporate responsibility

# FOLLOW US

Newsletter

Mobile application

Blue Wings stories

Facebook

Instagram

Twitter

Youtube

© Finnair 2021

Browser compatibility
Accessibility of Finnair digital services
Terms of use
Privacy policy
Cookie policy
Set your cookie preferences
Conditions of carriage and notices

Baggage fees and optional travel fees
Payment methods
Give Feedback



Chat

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**, | |
| *Plaintiff*, | **6:20-cv-00981-ADA** |
| v. | |
| **CANON, INC.**, and **CANON, U.S.A., INC.** | |
| *Defendant*. | |

**ORDER GRANTING CANON U.S.A., INC.'S MOTION TO TRANSFER FOR IMPROPER VENUE AND CANON U.S.A., INC. AND CANON INC.'S MOTION TO TRANSFER FOR CONVENIENCE TO THE EASTERN DISTRICT OF NEW YORK**

This Court, after considering Defendant Canon U.S.A., Inc.'s Motion to Transfer for Improper Venue and Canon U.S.A., Inc. and Canon Inc.'s Motion to Transfer for Convenience to the Eastern District of New York ("Motion") and any response and reply thereto, is of the opinion that the Motion should be **GRANTED**.

It is therefore **ORDERED** that this case is hereby ordered transferred to the United States District Court for the Eastern District of New York.

SIGNED this _____ day of _____, 2021.


_____

ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE