IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development,<br><br>    Plaintiff,<br><br>  v.<br><br>Canon Inc. and Canon U.S.A., Inc.<br><br>    Defendants. | Case No. 6:20-cv-00981<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS CANON INC. AND CANON U.S.A., INC.'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Canon Inc. ("CINC") and Canon U.S.A., Inc. ("CUSA") (collectively, "Defendants"), by and through their attorneys, hereby set forth their answers and affirmative defenses to the Second Amended Complaint (Dkt. 56) filed in this action by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU"). The numbered paragraphs below correspond to the numbered paragraphs of the Second Amended Complaint. Headings used in the Second Amended Complaint are restated below for ease of reference, but no admissions are thereby made, as such headings are not allegations requiring an answer. Defendants deny all allegations not expressly admitted.

**PARTIES**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Second Amended Complaint, and therefore deny them.

2. Admitted.

1

3. CUSA admits that it is a corporation organized and existing under the laws of New York and maintains its principal place of business at One Canon Park, Melville, New York, 11747. Except as expressly admitted herein, denied.

## JURISDICTION

4. Defendants admit that the Second Amended Complaint purports to allege claims for patent infringement under the patent laws of the United States, Title 35 of the United States Code.

5. Defendants admit that this Court has subject matter jurisdiction for this action.

6. Denied.

## VENUE

7. Denied.

8. CUSA admits that it has a registered agent located in Austin, Texas. Except as expressly admitted herein, denied.

9. Denied.

10. Denied.

11. CUSA admits that Canon Solutions America, Inc. is a subsidiary of CUSA and Canon Solutions America, Inc. has an office location at 12515 Research Blvd. Bldg. 7 Suite 110, Austin, Texas 78759. Except as expressly admitted herein, denied.

12. Denied.

## PATENT-IN-SUIT

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Second Amended Complaint, and therefore deny them.

## THE '714 PATENT

14. Defendants admit that Exhibit 2 purports to be a copy of U.S. Patent No. 7,116,714 (the "'714 Patent"). Defendants further admit that the '714 Patent appears from the face of the patent to have been filed on August 9, 2001, issued on October 3, 2006, and is entitled "Video Coding."

15. Denied.

### COUNT 1: INFRINGEMENT OF THE '714 PATENT

16. Defendants reassert and incorporate their responses to paragraphs 1 through 15 of the Second Amended Complaint.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. WSOU has stipulated to withdraw its indirect infringement claims as pleaded in the Second Amended Complaint without prejudice (Dkt. 66), therefore, an answer to this paragraph is not required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

22. WSOU has stipulated to withdraw its indirect infringement claims as pleaded in the Second Amended Complaint without prejudice (Dkt. 66), therefore, an answer to this paragraph is not required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

23. WSOU has stipulated to withdraw its indirect infringement claims as pleaded in the Second Amended Complaint without prejudice (Dkt. 66), therefore, an answer to this paragraph is not required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

24. WSOU has stipulated to withdraw its indirect infringement claims as pleaded in the Second Amended Complaint without prejudice (Dkt. 66), therefore, an answer to this paragraph is not required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

25. WSOU has stipulated to withdraw its indirect infringement claims as pleaded in the Second Amended Complaint without prejudice (Dkt. 66), therefore, an answer to this paragraph is not required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

26. Denied.

27. Paragraph 27 contains no allegations that require a response.

28. Denied.

## JURY DEMAND

29. Paragraph 29 contains no allegations that require a response.

## WSOU'S PRAYER FOR RELIEF

Defendants deny that they infringe the '714 Patent, and thus deny that WSOU is entitled to any relief against Defendants.

## CANON'S DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that any of the following necessarily must be pled as an affirmative defense or that Defendants necessarily bear the burden of proof or persuasion for any of the following, Defendants assert the following defenses to the Second Amended Complaint.  Defendants reserve the right to amend their Answer and add defenses consistent with the facts discovered in the case.

## FIRST DEFENSE
### (Failure to state a claim)

1. The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Non-infringement)

2. Defendants have not and do not infringe, contribute to the infringement of, or actively induce others to infringe, either directly, indirectly, literally, or by application of the doctrine of equivalents, any valid claim of the '714 Patent.

## THIRD DEFENSE
### (No willful infringement)

3. WSOU is not entitled to enhanced or increased damages because Defendants have not intentionally, willfully, or deliberately infringed any valid claim of the '714 Patent.

## FOURTH DEFENSE
### (Invalidity)

4. The claims of the '714 Patent are invalid for failure to comply with the statutory requirements of one or more provisions of Title 35 of the United States Code § 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## FIFTH DEFENSE
### (Exhaustion)

5. Upon information and belief, WSOU's claims of the '714 Patent are barred, in whole or in part, under the doctrine of patent exhaustion.

## SIXTH DEFENSE
### (Prosecution History Estoppel and Disclaimer)

6. WSOU is estopped from construing or otherwise arguing that any claim of the '714 Patent covers or includes, either literally or by application of the doctrine of equivalents, any method, system, or apparatus manufactured, used, imported, sold, or offered for sale by Defendants because

of actions taken and arguments made before the United States Patent and Trademark Office ("PTO") during prosecution of the application that issued as the '714 Patent.

## SEVENTH DEFENSE
### (Limitation on Recovery)

7. Pursuant to 35 U.S.C. §§ 286 and/or 287, WSOU is barred in whole or in part from recovering damages for any alleged infringement of the '714 Patent asserted in the Second Amended Complaint.

## EIGHTH DEFENSE
### (Preclusion of Costs)

8. To the extent that any claim of the '714 Patent is held to be invalid, WSOU must be precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

## NINTH DEFENSE
### (Improper Venue)

9. WSOU is barred from pursuing its claims in this District because venue is improper. In the alternative, this case should be transferred to another venue for the convenience of parties and witnesses, in the interest of justice.

## CANON'S PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor and against WSOU and grant relief as follows:

A. An Order dismissing with prejudice WSOU's Second Amended Complaint against Defendants in their entirety, including all requests for relief therein;

B. Judgment in favor of Defendants, and against WSOU, on the Second Amended Complaint;

C. An Order and Judgment declaring that Defendants do not infringe any claim of the '714 Patent;

D. An Order and Judgment declaring that the '714 Patent is invalid for failure to comply with the statutory requirements of one or more provisions of Title 35 of the United States Code § 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112;

E. An Order and Judgment declaring this an exceptional case and awarding Defendants reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any other relief as the Court may deem just and proper.

Dated: November 4, 2021                                  Respectfully Submitted,

*/s/ Richard F. Martinelli*
Richard F. Martinelli (*pro hac vice*)
rmartinelli@orrick.com
Joseph A. Calvaruso (*pro hac vice*)
jcalvaruso@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
Fax: (212) 506-5151

John M. Jackson (Texas Bar No. 24002340)
jjackson@jw.com
**JACKSON WALKER, LLP**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-6000
Fax: (214) 953-5822

*Attorneys for Defendants*
*Canon Inc. and Canon U.S.A., Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on the November 4, 2021 in compliance with CV-5 and has been served on all counsel who have consented to electronic service and all other counsel by regular mail.

*/s/ John M. Jackson*
John M. Jackson