**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,** | § § § § | **Civil Action No.: 6:20-cv-00980-ADA** **Civil Action No.: 6:20-cv-00981-ADA** |
| *Plaintiff,* | § § | |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **CANON INC. and CANON U.S.A., INC.,** | § § § | |
| *Defendants.* | § § | |
| ----------------------------------------------------- | § | |
| **CANON INC.,** | § § | |
| *Third-Party Plaintiff,* | § § § | |
| **v.** | § § | |
| **NXP USA, INC.,** | § § § | |
| *Third-Party Defendant.* | § § | |

**PLAINTIFF WSOU INVESTMENTS, LLC**
**d/b/a BRAZOS LICENSING AND DEVELOPMENT'S OPPOSITION TO**
**DEFENDANT CANON U.S.A., INC.'S AND DEFENDANT CANON INC.'S**
**MOTION FOR LEAVE TO FILE MOTION TO TRANSFER**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") respectfully submits its Opposition to Defendants Canon U.S.A., Inc.'s ("CUSA") and Canon Inc.'s ("CINC," together with CUSA, "Canon") Motion for Leave To File Motion to Transfer in Case No. 6:20-cv-00980-ADA (the "980 Case").[1]

Canon has misled the Court and counsel for WSOU by, *inter alia*:  (1) demanding that its wholly-owned subsidiary CUSA be added to the 980 Case and the 981 Case as a necessary party; (2) asserting that venue for the 980 Case was proper in the Western District of Texas, including, among other reasons CINC's own third party complaint against NXP USA, Inc. ("NXP"); and (3) asserting -- in filings and meet and confers -- that Canon would *not* be moving to transfer the 980 Case.  Because of Canon's representations, WSOU stipulated that it would not oppose Canon's ability to amend its motion to transfer the 981 Case after CUSA was added as a party as long as it was on an expedited schedule coinciding with venue discovery.  Canon now falsely claims that WSOU also agreed to Canon moving to transfer in the 980 Case.  WSOU did not.  Indeed, if it had, Canon would not be seeking leave to file its 980 Case transfer motion.[2]

## FACTS

WSOU filed its complaint on October 19, 2020 against CINC, and CINC simultaneously answered the complaint and moved to dismiss on March 15, 2021.  D.I. Nos. 1, 16, & 17.  Both CINC's Answer and Motion to Dismiss were devoid of any mention of CUSA, or that CUSA was a necessary party.  *Id*.  On March 29, 2021, CINC filed a third party complaint against NXP -- a

---

[1]  CINC and CUSA are represented by the same counsel in this action.  WSOU does not oppose Canon amending its transfer motion in Case No. 6:20-cv-00981-ADA (the "981 Case"), D.I. No. 42, to include CUSA, but does oppose Canon's Motion for Leave to File Motion to Transfer in the 981 Case to the extent Canon seeks to delay the stipulated briefing schedule, stipulated venue discovery schedule, and delay the agreed-to December 16 *Markman* hearing.

[2]  Submitted herewith is the November 18, 2021 Declaration of Jonathan K. Waldrop, with exhibits thereto ("Ex. __").

Texas based company headquartered in Austin with no locations in New York -- in this action. D.I. No. 22.   While CINC's complaint against NXP asserted that NXP is responsible for indemnifying CINC and its "affiliates" and "subsidiaries," it did not reference CUSA or claim that any other parties were necessary to the action.   *Id*.   WSOU subsequently filed an Amended Complaint on April 12, 2021 and CINC filed another Motion to Dismiss on April 26, 2021.   D.I. Nos. 27 & 32.   CINC's April 26 Motion was also devoid of any reference to CUSA.   *Id*.

On June 1, 2021, CINC filed its Reply in Support of its Motion to Dismiss.   D.I. No. 39. In that Reply, *for the first time*, CINC asserted that CUSA was a necessary party.   *Id*. at 2-5. Counsel for CINC also represented before this Court at the hearing on the Motions to Dismiss on August 16, 2021, that CUSA was a necessary party, while also arguing that CINC's claims against NXP before this Court should proceed before this Court. Ex. 1 (8/16/21 H'rg. Tr. at 16:11-14:  "So Canon operates in the U.S. through Canon USA which [is] the sole source for the accused products in this case.  Canon does -- Canon, Inc., the party here, does not sell to consumers in the U.S.;" Tr. at 33:9-35:24:  "The bottom line is Canon doesn't make Bluetooth chips, NXP does…NXP agreed to cover any infringement…We think that creates a cause of action and we should go forward on that claim, Your Honor.").

Three weeks later, CINC filed a Motion to Transfer the 981 Case, again asserting that CUSA was a necessary party, but stating that transfer of the 980 Case would be inappropriate "because the accused product in that case [980 Case] is a component supplied by third-party NXP, whom Canon Inc. understands maintains a place of business in Austin, Texas, with potentially relevant documents and witnesses."  981 Case D.I. No. 42 at 1, 13-14.  And, on October 8, 2021, CINC served initial disclosures referencing discoverable information possessed by both CINC and CUSA employees.  Ex. 2 (10/8/21 Canon, Inc. Initial Disclosures).

In light of CINC's representations that CUSA was a necessary party and CINC's representations that only CUSA's employees had relevant information -- as well as the then upcoming October 26, 2021 deadline to add parties (D.I. No. 45 at 8) -- WSOU filed its Second Amended Complaint in this Action, adding CUSA as a party on October 12, 2021.  D.I. No. 70. Both prior and subsequent to WSOU filing its Second Amended Complaint, WSOU and CINC had been negotiating venue discovery in the 981 Case as well as the timing of WSOU's filing of amended pleadings in both the 980 and 981 Cases.  Ex. 3 (10/4/21-10/21/21 Email Chain).  On October 4, 2021, WSOU stated to CINC's counsel that it "plans to file Second Amended Complaints in its cases pending against Canon in the WDTX, to add Canon USA, Inc. as a defendant.  Would Canon consent to those amendments and agree to withdraw its pending motion to transfer in the '981 case?  WSOU intends to take venue-related discovery which in any event would push the time for WSOU to respond to that motion until two weeks after venue discovery is completed."  *Id*. at 10/4/21 Email.  CINC did not agree to withdraw its pending transfer motion in the 981 Case.

Throughout those email communications -- and concurrent meet and confers -- it was clear that WSOU understood that Canon would *not* be moving to transfer the 980 Case.  *E.g.*, *id*. at 10/7/21 email:  "You indicated during yesterday's conference call that, while you were not waiving any venue challenges in the -981 case, Canon would likely not oppose the filings of the Second Amended Complaints;" at 10/8/21 email:  "Since Canon is only moving to transfer the -981 case, and not the -980 case (in which Canon filed a third party complaint against NXP)."  That understanding was confirmed by the Joint Notice Concerning Agreement to Extend Deadlines, which the Parties filed on October 22, 2021 and concurrently with a Joint Stipulation Concerning Second Amended Complaints, which made *no reference* to a new transfer motion.  D.I. Nos. 80 &

81 (only noting a deadline for "Canon Inc.'s reply in support of its transfer motion").  The agreement set a schedule to complete venue discovery and briefing before the *Markman* hearing which was moved out to December 16, 2021.  *Id.*  Notably, while in emails between the parties' counsel Canon suggested a date for a possible transfer motion in the 980 Case, that suggestion was *not included* in the schedule agreed to by the parties and not brought up again.

Despite the Parties' agreements filed with this Court and the understanding that Canon would not move to transfer the 980 Case -- as well as its representations to the Court that venue was proper here due to Canon suing NXP -- Canon asked WSOU if it would consent to its filing a Motion to Transfer the 980 case.  Ex. 4 (10/29/21-11/4/21 Email Chain).  WSOU refused, as Canon's motion violates the Parties' agreement:

> We are surprised to learn Canon intends to file a venue motion in the 980 case.  We oppose a venue motion concerning the 980 case, and do not believe Canon is operating in good faith.  As you know, we submitted a stipulation agreeing to add Canon USA as a party and setting a schedule for venue discovery over both Canon and Canon USA along briefing with respect to the issues raised in Canon's venue motion in the 981 case as it addressed both Canon and Canon USA.  There was never a mention of Canon filing a venue motion in the 980 case (or moving to dismiss based on venue) in our meet and confers and Canon had only referenced a venue motion/motion to dismiss in the 981 case.  In fact in Canon's transfer motion for the 981 case, it specifically concedes that the Western District of Texas is the proper venue for that case.

*Id.* at 11/1/21 Email.  Canon then filed the instant motion.

## ARGUMENT

Regardless of Canon's about-face outlined above, Canon's motion should be denied because it has already made multiple judicial admissions that the 980 Case belongs before this Court.  *E.g.*, Ex. 1 (8/16/21 H'rg. Tr. at 33:9-35:24:  "The bottom line is Canon doesn't make Bluetooth chips, NXP does…NXP agreed to cover any infringement…We think that creates a cause of action and we should go forward on that claim [before this Court], Your Honor."); 981

Case D.I. No. 42 at 1, 13-14 ("Canon Inc. has not moved to transfer the 980 case because the accused product in that case is a component supplied by third-party NXP, whom Canon Inc. understands maintains a place of business in Austin, Texas, with potentially relevant documents and witnesses.").  While Canon claims that CINC's wholly-owned subsidiary does not have an established place of business in this district -- a claim that is suspect considering that CUSA has several employees who reside and work in the Western District of Texas -- that does not override the fact that Canon has sued an Austin-based company in this action (that does not appear to have an established place of business in New York), nor does it undo Canon's insistence that this action belongs before this Court.[3]

Further, Canon's litigation behavior in the 980 Case, asserting in filings and at hearings before this Court that the 980 Case belonged before this Court, along with its failure to move to transfer the 980 Case earlier, constitutes waiver.  *E.g.*, *Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir. 1982) ("[FRCP] advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process.  If he wishes to raise any of these defenses he must do so at the time he makes his first defensive move -- whether it be a Rule 12 motion or a responsive pleading."); *Orthosie Sys., LLC v. Synovia Sols., LLC*, Civil Action No. 4:16-CV-00995, 2017 U.S. Dist. LEXIS 119447, at *4 (E.D. Tex. July 31, 2017) ("defendant's conduct can constitute waiver" of improper venue argument); *Navico, Inc. v. Garmin Int'l, Inc.*, Civil Action No. 2:16-CV-190, 2017 U.S. Dist. LEXIS 106461, at *8-9 (E.D. Tex. July 11, 2017) (admitting

_____

[3]  Venue discovery has already revealed that there is significant overlap between Canon Inc. and Canon USA.  Canon Inc. owns 100% of and controls Canon USA.  Ex. 5 (11/11/21 J. Smith Dep. Tr. at 65).  Canon Inc. and Canon USA have overlapping management, indeed Canon's designated venue 30(b)(6) witness, Mr. James Smith, recently testified on behalf of both Canon Inc. and Canon USA, despite Mr. Smith testifying to having almost no knowledge or interaction with Canon Inc.  Ex. 5 (11/11/21 J. Smith Dep. Tr. at 28-32).  Venue discovery also revealed that numerous CUSA employees live within, and work from, the Western District of Texas.

venue was proper constituted waiver of ability to object to venue); *InfoGation Corp. v. HTC Corp.*, No. 16-cv-01902-H-JLB, 2017 U.S. Dist. LEXIS 103645, at *6-7 (S.D. Cal. July 5, 2017) ("Defendants waived any challenge to venue in this Court through their conduct in the litigation."); *Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16 C 10665, 2017 U.S. Dist. LEXIS 75318, at *6 (N.D. Ill. May 17, 2017) ("Because Defendants gave every indication to Plaintiffs and this Court that they were defending the case on the merits here, and failed to assert any defense to personal jurisdiction or venue in their answer, the Court concludes that Defendants have waived and/or forfeited their argument that venue is improper or the Court lacks personal jurisdiction over them.").

The waiver rule, demonstrated in the above cited cases, exists precisely to prevent the type of forum shopping Canon is attempting here. *E.g.*, *Orthosie Sys.*, LLC, 2017 U.S. Dist. LEXIS 119447 at *10 ("[Defendant] waived its venue defense by failing to timely raise the argument, and its motion to amend is an attempt to circumvent this waiver."). Canon's efforts to seek transfer -- after the time to do so has expired -- is even more egregious in light of the aforementioned representations it made to this Court and its efforts to pursue claims against NXP in this forum. Canon is not allowed to test the proverbial waters of this Court, demand a new party be added, and then attempt to cut bait for what it deems as more favorable shores when it sees fit.

Lastly, this Court's Standing Order expressly prohibits the type of motion Canon seeks to file here, predicated on gamesmanship, undue delay, and contradicting representations Canon has made to this Court. *E.g.*, 8/18/21 Second Amended Standing Order Regarding Inter-District Transfer ("A motion for inter-district transfer may be filed within eight weeks of the scheduled

date for the Markman hearing ***only with a showing of good cause*** for any delay and leave of court.") (emphasis added).[4]

## <u>CONCLUSION</u>

For the foregoing reasons, Canon's Motion to For Leave To File Motion To Transfer should be denied in its entirety.

---

[4] CUSA's failure to also sue NXP for indemnity in the 980 Case, despite Canon's assertions that NXP is responsible for indemnifying CINC and its "affiliates" and "subsidiaries," is just more evidence of this gamesmanship. *E.g.*, D.I. No. 22 (CINC Third-Party Complaint Against NXP, 980 Case).

Dated:  November 18, 2021                      RESPECTFULLY SUBMITTED,

By:  */s/ Jonathan K. Waldrop*
　　　Jonathan K. Waldrop (CA Bar No. 297903)
　　　(Admitted in this District)
　　　jwaldrop@kasowitz.com
　　　Darcy L. Jones (CA Bar No. 309474)
　　　(Admitted in this District)
　　　djones@kasowitz.com
　　　Marcus A. Barber (CA Bar No. 307361)
　　　(Admitted in this District)
　　　mbarber@kasowitz.com
　　　John W. Downing (CA Bar No. 252850)
　　　(Admitted in this District)
　　　jdowning@kasowitz.com
　　　Heather S. Kim (CA Bar No. 277686)
　　　(Admitted in this District)
　　　hkim@kasowitz.com
　　　Jack Shaw (CA Bar No. 309382)
　　　(Admitted in this District)
　　　jshaw@kasowitz.com
　　　**KASOWITZ BENSON TORRES LLP**
　　　333 Twin Dolphin Drive, Suite 200
　　　Redwood Shores, California 94065
　　　Telephone: (650) 453-5170
　　　Facsimile: (650) 453-5171

　　　Bradley P. Lerman (NY Bar No. 4906079)
　　　(*Pro hac vice* admission)
　　　blerman@kasowitz.com
　　　Jayita Guhaniyogi (NY Bar No. 5349022)
　　　(*Pro hac vice* admission)
　　　jguhaniyogi@kasowitz.com
　　　Hershy Stern (NY Bar No. 4631024)
　　　(*Pro hac vice* admission)
　　　hstern@kasowitz.com
　　　Howard L. Bressler (NY Bar No. 248379)
　　　hbressler@kasowitz.com
　　　(*Pro hac vice* admission)
　　　**KASOWITZ BENSON TORRES LLP**
　　　1633 Broadway
　　　New York, NY 10019
　　　Telephone: (212) 506-1700
　　　Facsimile:  (212) 506-1800

　　　Mark D. Siegmund (TX Bar No. 24117055)
　　　mark@swclaw.com
　　　**STECKLER WAYNE COCHRAN**
　　　**CHERRY PLLC**

8

8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (972) 387-4041

**ATTORNEYS FOR PLAINTIFF
WSOU INVESTMENTS, LLC
d/b/a BRAZOS LICENSING AND
DEVELOPMENT**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on this 18th day of November, 2021.

/s/ Jonathan K. Waldrop
**Jonathan K. Waldrop**