PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,**<br>            *Plaintiff,*<br><br>**v.**<br><br>**CANON INC. AND CANON U.S.A., INC.**<br>            *Defendants.* | **CIVIL ACTION 6:20-cv-00981-ADA** |

**PLAINTIFF'S OPPOSITION TO CANON U.S.A., INC.'S
MOTION TO TRANSFER FOR IMPROPER VENUE AND
CANON U.S.A., INC.'S AND CANON INC.'S MOTION TO TRANSFER
<u>FOR CONVENIENCE TO THE EASTERN DISTRICT OF NEW YORK</u>**

PUBLIC VERSION

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................... 1

II. FACTUAL BACKGROUND ............................................................................ 2

    A. Procedural History ................................................................................. 2

    B. CUSA's Places of Business at the Employees' WDTX Home Offices ................ 2

    C. CUSA's Place of Business at CSA's Office in the WDTX and the Underlying Comingling of Products, Offices and Employees ............................. 3

III. ARGUMENT ..................................................................................................... 4

    A. Legal Standard ....................................................................................... 4

    B. Venue Is Proper Under 28 U.S.C. § 1400(b) ..................................... 5

    C. CUSA's Subsidiary CSA In This District Supports Venue For CUSA ................ 8

    D. Venue Is Proper Under 28 U.S.C. § 1404(a) ..................................... 8

        1. The Balancing Of The Public And Private Interest Factors Weighs Against Transfer ................................................ 9

            a) The Private Factors Weigh Against Transfer ................................. 9

            b) The Public Interest Factors Weigh Against Transfer .................. 14

IV. CONCLUSION ................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

Cases

*AdvanceMe, Inc. v. RapidPay LLC*,
    450 F. Supp. 2d 669 (E.D. Tex. 2006) ...............................................................................9, 10

*Auto-Drill, Inc. v. Pason Sys. USA Corp.*,
    No. 6:15–CV–00093, 2015 WL 12780779 (W.D. Tex. June 29, 2015) ...........................11, 13

*Awards Depot, LLC v. Trophy Depot, Inc.*,
    No. H-18-1838, 2018 WL 5311750 (S.D. Tex. Oct. 26, 2018) ...............................................15

*Commc'ns Workers of Am., Local 6182 v. Advocacy, Inc.*,
    No. SA–07–CA–662–OG, 2007 WL 9710886 (W.D. Tex. Oct. 4, 2007) ........................10, 13

*In re Cray, Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017) ......................................................................................5, 6, 8

*FCX Solar, LLC v. FTC Solar, Inc.*,
    No. 6:21-cv-548-ADA, 2021 WL 4953912 (W.D. Tex. Oct. 25, 2021) .................................14

*Fintiv Inc. v. Apple Inc.*,
    No. 6:18-cv-00372, 2019 WL 4743678 (W.D. Tex. Sept. 10, 2019) .....................................11

*In re Hulu, LLC*,
    No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ..................................................12

*In re Juniper Networks, Inc.*,
    14 F.4th 1313 (Fed. Cir. 2021) ..............................................................................................11

*Mallinckrodt IP v. B. Braun Med. Inc.*,
    No. 17-365-LPS, 2017 U.S. Dist. LEXIS 205593 (D. Del. Dec. 14, 2017) .............................8

*MEC Res., LLC v. Apple, Inc.*,
    269 F. Supp. 3d 218 (D. Del. 2017) .........................................................................................9

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Technology,
Ltd.*,
    No. 6:20-cv-00876-ADA, 2021 WL 5316454 (W.D. Tex. Nov. 5, 2021) .........................9, 11

*Network-1 Security Solutions, Inc. v. D-Link Corp.*,
    433 F. Supp. 2d 795 (E.D. Tex. 2006) ...............................................................................14, 15

PUBLIC VERSION

*In re Samsung,*
   2 F.4th 1371 (Fed. Cir. 2021) ...............................................................................14

*Uniloc 2017 LLC v. Apple Inc.,*
   No. 6-19-CV-00532-ADA, 2020 WL 3415880 (W.D. Tex. June 22, 2020) .........................10

*X Tech., Inc. v. Marvin Test Sys., Inc.,*
   No. SA–10–CV–319–XR, 2010 WL 2303371 (W.D. Tex. June 7, 2010) ............................13

**Statutes**

28 U.S.C. § 1391(c)(3) ...............................................................................................8

28 U.S.C. § 1400(b) ............................................................................................4, 5, 7

28 U.S.C. § 1404(a) ............................................................................................1, 8, 9

PUBLIC VERSION

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") respectfully files this opposition to defendant Canon U.S.A., Inc.'s ("CUSA") motion to transfer for improper venue and CUSA and Canon Inc.'s ("Canon") (collectively, "Defendants") motion to transfer for convenience to the Eastern District of New York (the "Motion" or "Mot.").[1]

## I.     __INTRODUCTION__

CUSA's argument that venue is improper rests primarily on the mistaken notion that CUSA has no place of business in the Western District of Texas ("WDTX"). CUSA construes that requirement too strictly and ignores the unrebutted evidence. As shown below, ███████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████ Moreover, CUSA's wholly-owned subsidiary, Canon Solutions America ("CSA") (run by the same executives from the same offices and selling identical products in the same target market from the same facilities), has two corporate offices here. Indeed, CUSA and its and CSA's employees do not distinguish between CUSA and CSA, and neither should the Court. Thus, notwithstanding defendants' self-serving reading of the law, CUSA has a regular and established place of business in the WDTX sufficient to maintain venue here.

Defendants' § 1404(a) motion also fails. Defendants do not satisfy their burden of proving that the Eastern District of New York ("EDNY") is *clearly* a *more convenient forum* than the WDTX. In fact, even if CUSA is headquartered in New York and some of its witnesses/documents are located there, there is a wealth of relevant evidence and witnesses in the WDTX, including all of WSOU's relevant documents and several witnesses, as well as several CUSA employees and

---

[1] Capitalized terms used but not defined herein have the same meaning ascribed to them in the Motion.

third-party dealers that are authorized to sell the accused products.  Thus, defendants' transparent attempt to minimize their connections to the WDTX should be disregarded and their Motion denied.

## II.   <u>FACTUAL BACKGROUND</u>

### A.   Procedural History

On October 19, 2020, WSOU filed this action asserting that Canon infringed United States Patent No. 7,116,714 (the '714 Patent"), for which WSOU is the assignee of all right, title and interest.  (Dkt. 1.)  The '714 Patent covers technology designed to provide a method of encoding a video signal representing a sequence of pictures.  (Dkt. 22-1, p. 11.)  On April 12, 2021, WSOU filed an Amended Complaint (Dkt. 22), also alleging Canon's infringement of the '714 Patent. (*Id*., ¶ 15.)  On October 12, 2021, based on Canon's repeated representations that CUSA sells the accused products in this District, and that CUSA is thus a necessary party, WSOU filed its Second Amended Complaint, adding CUSA as a defendant.  (Dkt. 56).

On November 4, 2021, Canon submitted a motion for leave to file a motion to transfer to the EDNY for improper venue and for convenience.  (Dkt. 71.)  On December 6, 2021, the Court granted Canon's motion and the Motion was filed the next day.  (Dkts. 83-84.)

### B.   CUSA's Places of Business at the Employees' WDTX Home Offices

CUSA's physical presence and business activities in the WDTX are extensive:

- Since 1977, CUSA has been registered to conduct business in the WDTX (with a registered agent in Austin) and has conducted regular and established business by selling the accused products and a wide range of other products within the WDTX. (Ex. A, Franchise Tax Account Status sheet.)[2]
- CUSA sells Canon products, including the infringing products and many others, on its website and through retailers in the WDTX including Best Buy and Staples.  (*See* https://www.BestBuy.com, https://www.Staples.com:  Availability of Canon products pickup in Austin, TX.)

---

[2] "Ex.__" refers to the exhibits to the Declaration of Jonathan K. Waldrop filed concurrently herewith.

PUBLIC VERSION



### C. CUSA's Place of Business at CSA's Office in the WDTX and the Underlying Comingling of Products, Offices and Employees

The evidence shows that CUSA and CSA are being run by the same executives, from the same offices, and sell identical products across multiple product sectors in the same target market:





## III.  <u>ARGUMENT</u>

### A.  **Legal Standard**

Pursuant to 28 U.S.C. § 1400(b), venue is proper "where the defendant has committed acts

of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  A

defendant has a "regular and established place of business" where: (1) it has a physical place; (2) the physical place is a regular and established place of business; and (3) the physical place is the place of the defendant. *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). In deciding whether a defendant has a regular and established place of business in a district, "no precise rule has been laid down and each case depends on its own facts." *Id.* at 1362.

The "physical place" element may include an employee's home where the employee is conducting defendant's business, and that place is the *defendant's* place of business where it ratifies the employee's homes for conducting business on defendant's behalf. *Id.* Factors relevant to "ratification" include whether the defendant pays for any part of the employee's home and whether the defendant stores materials there that are necessary for defendant's business, such as equipment, inventory, and training or demo materials (as is the case here). *See Id.* at 1363.

### B.    Venue Is Proper Under 28 U.S.C. § 1400(b)

Here, all three elements of the venue test are met. As shown above (p. 3), CUSA specifically hired at least five employees to work in the WDTX. CUSA's WDTX employees

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████ That is more than enough to establish venue under § 1400(b). *See, e.g., Koss Corp.*

*v. Skullcandy, Inc.*, No. 6-20-CV-00664-ADA, 2021 WL 1226557, at *4 (W.D. Tex. Mar. 31, 2021) (defendant "has a regular and established place of business" in a district where its employees work, even if those employees are working from home); *Correct Transmission LLC v. Adtran, Inc.*, No, 6:20-CV-00669-ADA, 2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021) (employee's home is the place of the defendant if the defendant ratifies that home for conducting its business, owns/rents any portion of the home, or stores the defendant's materials needed to conduct the business there). *See also RegenLab USA LLC v. Estar Techs. Ltd.*, 335 F. Supp. 3d 526, 549 (S.D.N.Y. 2018) (presence of a single work-at-home employee supported finding of a regular and established place of business where the defendant-employer did not pay the employee's rent, did not exercise any control over his home, and where the employee did not sell products from his home but did store the defendant's materials including a sales kit with related literature for sales demos).

CUSA's argument that venue against it cannot be maintained because it purportedly does not own or lease any property in the WDTX (Mot. at 5) is of no moment. First, the Federal Circuit has made it clear that owning property or paying rent for property in a district is only one of the many considerations and that "no one fact is controlling." *In re Cray Inc.*, 871 F.3d at 1366. Moreover, a "place of business" does not require "real property ownership or a leasehold interest in real property." *TMT Systems, Inc. v. Medtronic, Inc.*, No. 6:20-CV-00973-ADA, 2021 WL 5316411, at *2 (W.D. Tex. Oct. 19, 2021). But in any event, CUSA effectively *does* lease property here by ██████████████████████████████████████████████████████ ████████████████████████████████

CUSA also argues that it does not use the homes of its WDTX employees as distribution centers or for storing inventory. (Mot. at 5.) But there is no requirement that a defendant use the

employees' homes as distribution centers.  It is sufficient that, as shown (*supra* p. 3), the employees are conducting CUSA's business from home using equipment supplied by CUSA.  *See RegenLab USA LLC*, 335 F. Supp. 3d at 549 (element satisfied where the employee stored defendant's sales kit).  While CUSA resisted providing information regarding the equipment it provides to its WDTX employees, having been compelled by the Court to provide that information (Dkt. 106), it admits ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████.

And while CUSA contends that it does not "require" its employees to work in this District (Mot. at 2), it ignores that those employees are, in fact, conducting CUSA's business here and CUSA purposefully hired: ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████ in Austin.  Defendants cannot dance around those facts.  *See, e.g., RegenLab USA LLC, supra*, 335 F. Supp. 3d at 551 (although the defendant did not "require" employees to reside in district, their homes were the defendant's regular places of business where their tasks were tied to the district).

Finally, CUSA argues that it does not "run any of its business out of [the employees'] homes."[3]  (Mot. at 5.)  This argument is disingenuous.  The WDTX employees were hired by CUSA to assist with conducting CUSA's business in the WDTX, and CUSA's own formal corporate records and the employees' roles confirm that fact.  (*See supra* at 3.)

Accordingly, CUSA has a regular and established place of business in the WDTX, and venue here is proper under 28 U.S.C. 1400(b).

---

[3] CUSA asserts that certain CUSA employees referenced in WSOU's complaint no longer work for CUSA or CUSA has no record of them.  (Mot. at 5)  This is irrelevant as CUSA admits there are five CUSA employees working in the WDTX.  *See TMT Systems, Inc., supra*, 2021 WL 5316411, at *1 ("In determining whether venue is proper, 'the Court may look beyond the complaint to evidence submitted by the parties'").

### C.   CUSA's Subsidiary CSA In This District Supports Venue For CUSA

As shown above (pp. 3-4), CUSA is inextricably intertwined in CSA's business and treats CSA promotionally and financially as a CUSA proxy, with the same officers, offices, product lines and market.  For venue purposes, then, contrary to CUSA's argument (Mot. 6), CSA's presence in this District is yet another factor establishing venue as to CUSA.  *See, e.g.*, *TMT Systems*, 2021 WL 5316411, at *11 (parent's role in establishing subsidiary's facility was "alone sufficient for finding venue"); *Mallinckrodt IP v. B. Braun Med. Inc.*, No. 17-365-LPS, 2017 U.S. Dist. LEXIS 205593, at *8 (D. Del. Dec. 14, 2017) ("In the Court's view, it follows from *Cray* that the 'place' of a corporate affiliate or subsidiary of a named defendant may, in at least some circumstances, and similar to the place of a defendant's employee, be treated as a 'place of the defendant.'").

That CSA deals in copiers and not the infringing products (Mot. 6) is irrelevant.  There is no requirement under § 1400(b) that the defendant's physical presence and business activities in this District relate specifically to the accused products (and CUSA cites no law to the contrary).  Accordingly, CSA's WDTX offices further establish venue as to CUSA in this District.

### D.   Venue Is Proper Under 28 U.S.C. § 1404(a)

Defendants' motion to transfer to the EDNY under 28 U.S.C. § 1404(a) also is meritless and should be denied.  The WDTX is inarguably a proper venue as to Canon because "a defendant not resident in the United States may be sued in any judicial district."  28 U.S.C. § 1391(c)(3).  Canon designs, develops and manufactures the infringing products in Japan ████████████████ ███████████████████████████████████████████████ And Canon admits it has no office or employees in New York.  (Mot. 7).

PUBLIC VERSION

1.    **The Balancing Of The Public And Private Interest Factors Weighs Against Transfer**

To prevail on a § 1404(a) motion, the movant "must demonstrate that the balance of convenience and justice substantially weighs in favor of transfer, and, unless the balance of conveniences weighs *heavily* in the favor of the defendant, the plaintiff's choice of forum will rarely be disturbed." *AdvanceMe, Inc. v. RapidPay LLC*, 450 F. Supp. 2d 669, 675 (E.D. Tex. 2006) (citations omitted).   The movant must show that the alternative venue is "*clearly* more convenient." *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Technology, Ltd.*, No. 6:20-cv-00876-ADA, 2021 WL 5316454, at *2 (W.D. Tex. Nov. 5, 2021) (emphasis added).   As shown below, defendants cannot meet that heavy burden.

a)    **The Private Factors Weigh Against Transfer**

Given that all of WSOU's documents and witnesses are in or willing to appear in this District and Canon's documents and witnesses concerning the design, research, and development of the products are in Japan, the private factors weigh against transfer, even if some of CUSA's witnesses/documents are physically located in New York.

**Private Factor 1: Relative Ease of Access to Sources of Proof Weighs Against Transfer**

All of WSOU's relevant documents, including the '714 patent, patent prosecution file, assignment, asset purchase agreement and chain of title, and related correspondence, are in the WDTX.  (Hogan Decl., ¶ 7.)  Canon's research, design, and development documents are in Japan. (Mot. 7.)  ███████████████████████████████████████████████████

███████████████████████████  ████████████████████████████████

████████████████████████████████████████████████████  *See*

*MEC Res., LLC v. Apple, Inc.*, 269 F. Supp. 3d 218, 226-27 (D. Del. 2017) ("reasonable to presume

that much of the evidence will be found" where defendant "designed and developed the product" at issue).

Faced with these facts, defendants argue that, because CUSA's documents regarding sale of the infringing products are in CUSA's New York office, this factor favors transfer. (Mot. 11.) But those documents are only part of the infringement story – which relates to sale *and* the design, research, development and manufacturing of the products – and defendants concede that ████

████████████████████████████████████████████████████████

████████████████████████████████████████    ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████ *See also Uniloc 2017 LLC v. Apple Inc.*, No. 6-19-CV-00532-ADA, 2020 WL 3415880, at \*9 (W.D. Tex. June 22, 2020) (electronic access to documents makes them available at almost any location)*; Commc'ns Workers of Am., Local 6182 v. Advocacy, Inc.*, No. SA–07–CA–662–OG, 2007 WL 9710886, at \*2 (W.D. Tex. Oct. 4, 2007) ("To the extent transfer would only serve to shift the burden of producing documents from defendant to plaintiffs, transfer is not appropriate.").

And even assuming that some sales documents exist only as hard copies, defendants fail to show any hardship or significant inconvenience associated with producing these documents. *See Id.,* (transfer not warranted where documents "can be easily copied or scanned and presented to the Court"); *AdvanceMe, Inc.*, 450 F. Supp. 2d at 675 (transfer not warranted where "documents and other records are easily transportable in paper or electronic form"). Accordingly, the "relative ease of access to sources of proof" factor weighs against transfer.

**Private Factor 2:  The Availability of Compulsory Process to Secure the Attendance of Witnesses Weighs Against Transfer**

This factor considers nonparty witnesses whose attendance may need to be secured by a court order.  *See Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 10, 2019).[4]  The only nonparty witnesses defendants identify are: (i) the inventor of the '714 Patent, Miska Hannuksela, located in Finland; (ii) the original patent prosecution attorney for the '714 Patent, Donald Stout, located in the Washington D.C.; and (iii) the subsequent patent prosecution attorney, G. Peter Albert, located in San Diego.  (Mot. 12.)  None are subject to compulsory process here or in the EDNY.[5]  While defendants assert that they "expect" to identify nonparty witnesses in New York to testify about the prior art for the '714 Patent (Mot. 11), they do not identify a single nonparty witness in that regard.

And defendants ignore nonparty witnesses in the WDTX, including CUSA's authorized dealers, ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████  These nonparty witnesses, who likely have information relevant to sales of the infringing products, are all subject to compulsory process in the WDTX.  *See, e.g., Monolithic Power Sys.*, 2021 WL 5316454, at *6 (WDTX witness who was a "customer, or at least the recipient of samples from [defendant], has information relevant to the merits" of the infringement claim and was subject to compulsory process).  With several nonparty witnesses in this District, and *none* in the EDNY, this factor weighs heavily against transfer.

---

[4] The CUSA witnesses defendants identify are *party* witnesses, not nonparty witnesses.  *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1317 (Fed. Cir. 2021) ("[P]arty witnesses are within the control of the party and can be compelled to testify wherever the trial is conducted.").

[5] And in any event defendants do not contend that such nonparty witnesses would be unwilling to appear for trial in this district. *See, e.g., Auto-Drill, Inc. v. Pason Sys. USA Corp.*, No. 6:15–CV–00093, 2015 WL 12780779, at *3 (W.D. Tex. June 29, 2015) (this factor is neutral "where the parties have not alleged that non-party witnesses are unwilling to testify").

**Private Factor 3: The Cost of Attendance and Convenience for Willing Witnesses Weighs Against Transfer**

This factor also weighs against transfer.  Here, WSOU's employees are either located in Waco or willing to appear for trial here.  (Hogan Decl., ¶ 8.)  Canon's witnesses with knowledge about the research, design and development of the accused products are in Japan, and there is no more inconvenience to their attendance at trial in the WDTX versus the EDNY (they would travel 6,427 miles from Tokyo to Dallas or 6,745 miles from Tokyo to JFK).  (Ex. Q.)  The airfare is comparable for both destinations.  (Ex. R.)  And the time to travel between Dallas and the Waco courthouse is similar to the time to travel between JFK and the EDNY courthouse (approximately a 40-minute difference).  (Ex. S.)

Defendants contend that this case should be transferred, in part, because certain CUSA employees with relevant knowledge are in New York.  (Mot. 12.)  However, defendants do not even allege that these witnesses will *actually* provide deposition or trial testimony, let alone confirm that they will be defendants' key witnesses.  To the contrary, defendants merely contend that the marketing and technical employees they identify "may be called as witnesses" and that they "anticipate" that the individuals they identify will have relevant knowledge.  (*Id*. at 8, 12.)  While defendants conclude that "no likely witness for [Canon] or CUSA has any contact with WDTX" (*id*. at 8), they do not even address CUSA's presence, including its numerous employees and dealers located in this District, who are likely to have relevant information.  *See supra* at 3.[6]

Defendants also fail to show how the testimony of the four identified CUSA employees with purported knowledge about the sale of the accused products (Mot. 12) is not cumulative of

---

[6] While party-employees' inconvenience is still relevant, "an employer's cooperation in allowing an employee to testify [and presumably reimbursement of the costs of doing so] may diminish certain aspects of inconvenience to the employee witness."  *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *5, *13 (Fed. Cir. Aug. 2, 2021).

PUBLIC VERSION

each other or why all of those employees would have to travel to Texas at all, rather than be deposed (or appear remotely) wherever they reside. *See* Fed. R. Civ. P. 32(a)(4); *Commc'ns Workers of Am.*, *supra*, 2007 WL 9710886, at *2 ("A defendant's vague description of its need for a witness is insufficient to overcome a plaintiff's choice of forum"). As noted above (*supra* at 3), there are at least five witnesses with knowledge regarding the accused products in the WDTX: ███

████████████████████████████████████████████████████████████████

███████ whom WSOU plans to pursue for their testimony. ████████████████████████

████████████████████████████████ It will certainly be more convenient for those WDTX witnesses to appear in this District than to travel more than 1,600 miles to New York.

Tellingly, as well, Canon filed two cases as a plaintiff in the WDTX seeking the conveniences and protections of this District. *See Canon Inc. v. Roku, Inc.*, No. 6:19-cv-00245, *Canon Inc. v. Acecom, Inc.*, No. 1:18-cv-00181. Moreover, although Canon and CUSA were named as defendants in three other WDTX cases, they did not move to transfer or object to venue in those cases. *See Nano-Proprietary, Inc. v. Canon Inc.*, *et al.*, No. 1:05-cv-00258; *Dobson v. Canon Inc. et al.*, No. 1:98-cv-00639; *Flexiworld Technologies, Inc. v. Canon, Inc.*, et al., No. 6:21-cv-00143. These facts further evidence that defendants do not actually believe venue is improper against them in the WDTX, and defendants offer no reason why venue was proper in those cases but purportedly improper here.

Given the totality of the circumstances, the EDNY is not more convenient for the witnesses than the WDTX. *See*, *e.g.*, *Auto-Drill,* 2015 WL 12780779, at *3 (this factor is either neutral or weighs against transfer "when the relevant witnesses are spread throughout the country"); *X Tech., Inc. v. Marvin Test Sys., Inc.*, No. SA–10–CV–319–XR, 2010 WL 2303371, at *6 (W.D. Tex. June 7, 2010) (defendant failed to show transferee venue was "'clearly more convenient' for the willing

witnesses" where plaintiff's witnesses were in Texas and defendant's witnesses were in California and transfer would "merely shift the inconvenience to plaintiff's witnesses"); *Network-1 Security Solutions, Inc. v. D-Link Corp*., 433 F. Supp. 2d 795, 800 (E.D. Tex. 2006) (denying transfer to New York and holding convenience factor neutral where witnesses would be coming from Taiwan, California, Israel, New York and Connecticut).

Nor does *In re Samsung*, 2 F.4th 1371 (Fed. Cir. 2021) mandate transfer here.  In *Samsung*, there were "over a dozen third-party individuals with relevant and material information" in Northern California and "at least two of the inventors also reside in Northern California."  *Id*. at 1379.  In contrast, defendants fail to identify any nonparty witnesses in New York and neither the inventors nor the prosecuting attorney live in the EDNY, whereas CUSA has an account manager for the accused products, counsel, and multiple dealers that sell the accused products in the WDTX.

### Private Factor 4: All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive Weigh Against Transfer

For this factor, defendants argue only that because the claim against CUSA purportedly should be transferred, WSOU's claim against Canon also should be, to avoid inefficiency and inconsistent results.  (Mot. 14.)  Because, as shown above, the claim against CUSA is properly venued here, there are no practicalities gained from transferring WSOU's claim against Canon.

### b)      The Public Interest Factors Weigh Against Transfer

### Public Factor 1: Faster Disposition In This District Weighs Against Transfer

Defendants ignore the much shorter median time from filing to trial for patent cases in the WDTX as compared to the EDNY (23.8 months versus 38.8 months).  (Ex. T, U.S. District Courts – National Judicial Caseload Profile).  And the EDNY (12,733 pending cases) is more congested than the WDTX (9,743 pending cases).  (*Id*.)  Thus, this factor weighs heavily against transfer. *See FCX Solar, LLC v. FTC Solar, Inc*., No. 6:21-cv-548-ADA, 2021 WL 4953912, at *9 (W.D.

PUBLIC VERSION

Tex. Oct. 25, 2021) (19.1 months median time to trial in the WDTX versus 30.6 months in the SDNY weighed against transfer); *Awards Depot, LLC v. Trophy Depot, Inc.*, No. H-18-1838, 2018 WL 5311750, at *5 (S.D. Tex. Oct. 26, 2018) (median time to trial weighed against transfer where it was significantly greater in EDNY than the SDTX).

**Public Factor 2: This District's Localized Interest Weighs Against Transfer**

Moreover, the WDTX has a localized interest in this dispute.  WSOU's principal place of business is located in Waco.  (Hogan Decl., ¶ 4.)  Further, as shown (*supra* at 2-3), CUSA sells the infringing products in the WDTX through multiple authorized dealers and has a sales manager for the accused products and independent counsel here, and it supplies its WDTX employees work-related equipment so that they can perform their work for CUSA in this District.  ███████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████

Accordingly, the WDTX's local interest in the disposition of this case weighs against transfer.  *See Network-1 Security Solutions*, 433 F. Supp. 2d at 801 (local interests weighed against transfer where "[a]llegedly infringing products are sold to residents of the [District], just as they are sold to New York residents, and potential acts of infringement affect the residents of both states").  At a minimum, though, WSOU's headquarters in this District, coupled with CUSA's local connections and activities, balanced against CUSA's headquarters and location of sales witnesses in New York, render this factor neutral.[7]

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, defendants' motion to transfer this case should be denied.

---

[7] WSOU agrees with defendants (Mot. 15) that factors 3 and 4 are neutral.

PUBLIC VERSION

Dated:  December 28, 2021               RESPECTFULLY SUBMITTED,

By:  */s/ Jonathan K. Waldrop*
       Jonathan K. Waldrop (CA Bar No. 297903)
       (Admitted in this District)
       jwaldrop@kasowitz.com
       Darcy L. Jones (CA Bar No. 309474)
       (Admitted in this District)
       djones@kasowitz.com
       Marcus A. Barber (CA Bar No. 307361)
       (Admitted in this District)
       mbarber@kasowitz.com
       John W. Downing (CA Bar No. 252850)
       (Admitted in this District)
       jdowning@kasowitz.com
       Heather S. Kim (CA Bar No. 277686)
       (Admitted in this District)
       hkim@kasowitz.com
       **KASOWITZ BENSON TORRES LLP**
       333 Twin Dolphin Drive, Suite 200
       Redwood Shores, California 94065
       Telephone: (650) 453-5170
       Facsimile: (650) 453-5171

       Bradley P. Lerman (NY Bar No. 4906079)
       (*Pro hac vice* admission)
       blerman@kasowitz.com
       Jayita Guhaniyogi (NY Bar No. 5349022)
       (*Pro hac vice* admission)
       jguhaniyogi@kasowitz.com
       Hershy Stern (NY Bar No. 4631024)
       (*Pro hac vice* admission)
       hstern@kasowitz.com
       Howard L. Bressler (NY Bar No. 248379)
       hbressler@kasowitz.com
       (*Pro hac vice* admission)
       **KASOWITZ BENSON TORRES LLP**
       1633 Broadway
       New York, NY 10019
       Telephone: (212) 506-1700
       Facsimile:  (212) 506-1800

       Mark D. Siegmund (TX Bar No. 24117055)
       mark@swclaw.com
       **STECKLER WAYNE COCHRAN**
       **CHERRY PLLC**
       8416 Old McGregor Road
       Waco, TX 76712

PUBLIC VERSION

Telephone: (254) 651-3690
Facsimile: (972) 387-4041

**ATTORNEYS FOR PLAINTIFF
WSOU INVESTMENTS, LLC
d/b/a BRAZOS LICENSING AND
DEVELOPMENT**

PUBLIC VERSION

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] Document Filing System, to all counsel of record, on this 28th day of December, 2021.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop