# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**, <br><br> *Plaintiff*, <br><br> v. <br><br> **CANON INC.** and **CANON U.S.A., INC.**, <br><br> *Defendants*. | 6:20-cv-00981-ADA |

**DEFENDANTS CANON INC. AND CANON U.S.A., INC.'S OPPOSED CASE MANAGEMENT MOTION TO STAY PENDING INTER PARTES REVIEW**

Pursuant to Local Rule CV-7, Defendants Canon Inc. and Canon U.S.A., Inc. (collectively, "Canon"), bring this case management motion to stay the proceedings in this case pending resolution of Canon Inc.'s recently instituted *inter partes* review ("IPR") against the patent at issue here. *Canon Inc. et al v. WSOU Investments, LLC d/b/a Brazos Licensing and Development*, No. IPR2021-00965 ("IPR2021-00965"), Paper No. 6 (P.T.A.B. Nov. 30, 2021).

The proceedings here are at an early stage, and the PTAB's institution decision adopted all of Canon's invalidity positions. Thus, resolution of the IPR is highly likely to simplify the issues in this action. While Plaintiff's case may be delayed somewhat by the stay, this delay does not prejudice Plaintiff, a non-practicing entity, who is merely seeking money. Moreover, Plaintiff recently added Canon U.S.A. to this action and, thereby, destroyed this Court's venue. Plaintiff's act has precipitated venue motion practice, and calls for a transfer, which will undoubtedly already delay this action.[1] As set forth in greater detail below, the factors considered when deciding whether to exercise discretion and stay a case pending parallel proceedings are strongly in favor of staying this case.

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

This case commenced on October 19, 2020, when Plaintiff accused Canon Inc. of infringing U.S. Patent No. 7,116,714 ("the '714 Patent). Dkt. 1. The '714 Patent was originally assigned to Nokia and acquired by Plaintiff in 2017. Plaintiff filed an amended complaint on April 12, 2021 (Dkt. 22) and a second amended complaint on October 12, 2021 (Dkt. 56), which added a new party, Canon U.S.A., to the case.

WSOU's decision to add Canon U.S.A. to the case—one year after its initial filing—has

---

[1] The venue issue remains pending and, Canon respectfully submits, the Court should decide that motion before the Court addresses this stay motion.

upended these proceedings because Canon U.S.A. is not subject to venue in the Western District of Texas.[2] WSOU's delayed action, which has necessitated a motion for improper venue, has resulted in the *Markman* hearing being continued until at least February 7, 2022. The potential transfer will likely result in further delay that favors a stay pending resolution of the IPR.

On May 17, 2021, Canon, Inc. filed a Petition for IPR of the '714 Patent before the USPTO. Petition, IPR2021-00965, Paper No. 1 (P.T.A.B. May 17, 2021). Plaintiff did not oppose or submit a Patent Owner's Preliminary Response to Canon's petition. On November 30, 2021, the Patent Trial and Appeal Board ("PTAB") instituted review of all requested claims (claims 1–9, 12, 13, 16, 18–34, 36, and 37), namely, all of the claims of the '714 patent asserted in this litigation on all grounds of unpatentability presented. *Id.*, Paper No. 6 at 1 (P.T.A.B. Nov. 30, 2021). The Final Written Decision is due by November 30, 2022. *See* 35 U.S.C. § 316(a)(11).

## II.   ARGUMENT

### A.   Legal Standard

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The question of whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion." *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *1 (W.D. Tex. May 30, 2019) (citation omitted).

District courts typically consider three factors in evaluating a stay request: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court

---

[2] Additionally, WSOU's litigation behavior has significantly slowed progress in this case. WSOU's preliminary infringement contentions and definition of "reasonably similar products" does not correspond to any patent claim, slowing discovery significantly. Further, WSOU has not provided any infringement contentions against Canon U.S.A.

have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation. *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05–cv–81, 2006 WL 2501494 (E.D. Tex. July 14, 2006).

A stay is particularly justified if "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech.*, 2015 WL 1069111, at *1 (citation omitted). And since the Federal Circuit's decision in *VirtualAgility,* "courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted *inter partes* review proceedings." *NFC Tech.*, 2015 WL 1069111, at *6 (collecting cases); *see also VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014). Thus, "after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed." *NFC Tech.*, 2015 WL 1069111, at *7.

### B. A Stay Is Warranted Here

#### i. A Stay Will Not Prejudice Plaintiff

Plaintiff will not suffer any undue prejudice if the Court stays the case. First, Plaintiff is a non-practicing entity that does not compete with Canon, and a stay would, at most, only serve to defer a potential damages award. Second, Plaintiff itself has caused delay by waiting over three years from the assignment of the '714 Patent to file suit and then waiting more than a year on top of that to add Canon U.S.A. as a party. And finally, the IPR proceeding's statutory one-year deadline ensures speedy and cost-effective resolution of validity issues that will benefit all parties and this Court.

"[W]hether the patentee will be *unduly prejudiced* by a stay in the district court

proceedings ... focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility*, 759 F.3d at 1318. The relationship between the parties—specifically the fact that Plaintiff is not a competitor—evidences a lack of unfair prejudice and supports granting a stay. *Uniloc USA, Inc. v. Corbis Corp.*, No. 6:13-CV-942-RWS-KNM, 2015 WL 11199063, at *4 (E.D. Tex. July 6, 2015). Because the parties are not competitors, monetary relief will be sufficient to compensate Plaintiff for any damages or delay, and a "stay will not diminish the monetary damages to which [Plaintiff] will be entitled if it succeeds in its infringement suit." *VirtualAgility*, 759 F.3d at 1318; *Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[M]ere delay in collecting [monetary] damages does not constitute undue prejudice.") (Sparks, J.); *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co., Ltd.*, No. 6:14-cv-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015) ("mere delay in collecting ... damages does not constitute undue prejudice.").

Moreover, Canon filed this motion just weeks[3] after the PTAB instituted the IPR on November 30, 2021. Canon's timing is similar to other instances where courts found no undue prejudice or attempt to seek a tactical advantage. *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 3943058, at *8 (D. Del. Aug. 21, 2019). Canon was not dilatory in filing its petitions for IPR or in filing this motion. Canon's deadline to file petitions for *inter partes* review was October 19, 2021. 35 U.S.C. § 315(b). Canon timely submitted its petition on May 17, 2021, more than five months before its deadline. Petition, *Canon Inc. et al v. WSOU Investments, LLC d/b/a Brazos Licensing and Development*, No. IPR2021-00965, Paper No. 1

---

[3] Given this Court does not generally grant motions to stay pre-institution, *see Multimedia Content*, 2019 WL 11706231, at *3 ("At the time this Motion was filed, the IPR Petition had not been instituted or denied by the PTAB; therefore, [with respect to the 'most important factor'] any simplification of the issues at trial after a PTAB decision will likely be minimal"), Canon prudently waited until after institution to move for a stay.

(P.T.A.B. May 17, 2021).

Canon, by contrast, would suffer undue prejudice in the absence of a stay. It would continue to incur the expense and burden of defending against infringement allegations of patent claims that the PTAB has already found Canon has a "reasonable likelihood" to invalidate. IPR2021-00965, Paper No. 6 at 31. Indeed, the PTAB did not disagree with Canon on any issue. Canon's petition has already been shown to have merit and a stay will allow the parties to avoid incurring significant litigation expense. *See, e.g., Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (finding that the court should be "mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial" and further finding that such circumstances weighed strongly in favor of a stay) (citations omitted) (opinion vacated because the parties settled the case the day before the opinion issued).

Accordingly, this factor favors granting Canon's motion to stay.

### ii. The Case is in an Early Stage and Canon Acted Quickly in Filing the IPR and Moving for a Stay

That "there remains a significant amount of work ahead for the parties and the court" also weighs in favor of a stay. *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014). The case remains in an early stage: the *Markman* hearing has not occurred, and discovery has not progressed significantly. *See e.g., DynaEnergetics Europe GmbH et al. v. G&H Diversified Manufacturing, LP*, No. 6:20-cv-01110, Order Granting Stay (Dec. 20, 2021). And the case is unlikely to progress quickly, in part, due to Plaintiff's own actions. Plaintiff waited an entire year after its initial complaint to sue Canon U.S.A. on October 12, 2021. Dkt. 56. WSOU's adding of a new party ***just over two months ago*** demonstrates that the case is still in its early stages, since the parties will need

additional time to address the issues raised by adding Canon U.S.A., especially the fundamental issue that venue is not proper over Canon U.S.A., which has led to additional venue briefing and a further delay of the *Markman* hearing in this case. In fact, WSOU exacerbated the delay in reaching these issues by opposing Canon's motion for leave to challenge venue (despite previously stipulating to Canon's right to challenge venue). Dkt. 71, 76; *cf.* Dkt. 66. In short, WSOU's adding of a new party, the related transfer motion practice (including WSOU's multiple requests for extensions of time to respond to Canon's motions), and potential transfer mean that the close of discovery and trial date are unlikely to proceed as currently scheduled.

Because the *Markman* hearing has not yet occurred and fact discovery has barely started and is a long way from completion, a stay would conserve judicial resources, including by avoiding any need to revisit claim construction or orders in view of arguments advanced before the PTAB. *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 4555610, at *5 (W.D. Tex. Oct. 5, 2021). "[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer." *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017)). Thus, claim construction will remain a moving target until the PTAB's proceedings have concluded.

And finally, because Canon filed its IPR petition at such an early stage of this litigation, the PTAB's final decision on the IPR will be issued no later than November 30, 2022. 35 U.S.C. § 326(a)(11) (mandating an IPR final written decision be issued not later than 1 year after the institution date). Then Canon filed this motion to stay just weeks following the PTAB's November 30, 2021 institution decision.

Accordingly, the stage of proceedings and Canon's timeliness in filing both the IPR

Petition and this Motion weighs in favor of granting the stay.

### iii. The IPR Will Simplify or Eliminate Issues, Streamlining Litigation and Reducing the Burden on the Parties and This Court

Whether an IPR proceeding will result in simplification of the issues before the Court is "the most important factor" when evaluating a motion to stay pending IPR. *NFC Tech..*, 2015 WL 1069111, at *4. Many of the issues before the Court will be simplified upon resolution of the pending '714 Patent IPR, which challenges every asserted claim. As similarly situated courts have observed in comparable cases, "if the USPTO invalidates any of the . . . patents-in-suit at issue or changes the scope and terms of any claim, the matters at issue in this Court will change." *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) (a final judgment of invalidity would have "an immediate issue-preclusive effect on any pending or co-pending actions involving the patent."); *Crossroads Sys.*,2015 WL 3773014, at *3 ("If, for example, the PTAB were to determine the claims were invalid, the case could effectively be over.").

A stay would also simplify trial, and any dispositive briefing on invalidity. *See Norman IP Holdings*, 2014 WL 5035718, at *3 ("Staying the litigation pending the PTAB's determination of the validity of all the asserted claims of the three patents-in-suit could narrow the issues before the court, prevent duplicative or unnecessary discovery, and encourage settlement or dismissal.").

Not granting the stay would have the opposite effect, however, potentially complicating the issues in the case. When an IPR is pending, "[a]s the Court has stated before, [p]roceeding to trial could therefore prove to be extraordinarily wasteful of both the parties' resources and the Court's resources." *Crossroads Sys., Inc.*, WL 3773014, at *3 (internal quotations and citations omitted); *see also Select Comfort Corp. v. Tempur Sealy Int'l, Inc.*, No. 14-245 (JNE/JSM), 2014 WL 12600114, at *8 (D. Minn. Oct. 10, 2014) ("not granting a stay could result in the parties

and Court wasting significant time and resources."); *Coho Licensing LLC v. Glam Media*, No. C14-01576, 2014 WL 4681699, at *2 (N.D. Cal. Sept. 17, 2014) ("A stay may also be granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources."). There is "little" if any benefit to litigating validity in district court while the same issues are being litigated before the PTAB. *See Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04201 WHA, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014).

In its IPR institution decision regarding the '714 patent, the PTAB found a reasonable likelihood that *every asserted claim of the '714 patent would be proven unpatentable on one or more grounds*.[4] IPR2021-00965, Paper No. 6 *passim*; *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 4555610, at *3 (W.D. Tex. Oct. 5, 2021) ("The Court finds that, given the number of grounds that PTAB instituted IPR upon, there is a good chance the PTAB will invalidate the '482 patent, rendering continued litigation of this case wasteful."); *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod.*, Inc., No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *3 (W.D. Tex. Oct. 4, 2021) ("the simplification-of-issues factor overwhelms the other two factors.") Because the PTAB has granted institution on all grounds of unpatentability, which includes multiple grounds for nearly every asserted claim, "[t]he PTAB has, in essence, indicated that the asserted claims are likely unpatentable." *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 4555610, at *3 (W.D. Tex. Oct. 5, 2021) (quoting *Scorpcast, LLC v. Boutique Media*, No. 220CV00128JRGRSP, 2021 WL 3514751, at *11 (E.D. Tex. June 8, 2021)). Thus, the IPR is not only likely "to assist the court in

---

[4] The PTAB granted institution on all grounds of unpatentability, which includes anticipation (pre-AIA § 102(b)) for claims 1–3, 5–9, 12, 13, 16, 18–20, 22, 24, 26–29, 30–31, 34, and 36 based on Färber and Dalby and which includes obviousness (pre-AIA § 103(a)) for all asserted claims (claims 1–9, 12, 13, 16, 18–34, 36, and 37) based on Färber–Dalby, Färber–Dalby–Morishita, Färber–Dalby–Mashimo, Shinoda–Morishita, and Shinoda–Morishita–Mashimo.

determining patent validity" with respect to the '714 Patent, but it is likely to "assist the court in determining patent validity or eliminate the need to try infringement issues" on that patent altogether, and therefore a "stay is particularly justified." *See NFC Tech.*, 2015 WL 1069111, at *1. It would therefore "be an egregious waste of both the parties' and the Court's resources" if discovery, depositions, expert discovery, dispositive motions, trial preparations, and trial on the '714 patent "went forward and the claims were subsequently declared invalid ..." *EchoStar Techs. Corp.*, 2006 WL 2501494, at *4.

The PTAB does not need to ultimately find Plaintiff's patent invalid for the proceedings to materially affect this litigation. Regardless of the PTAB's decision, Canon's invalidity defenses will be simplified following a stay – as Canon is subject to § 315(e) estoppel. 35 U.S.C. § 315(e)(2); *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *3 (W.D. Tex. Oct. 4, 2021); *Crossroads Sys.*, 2015 WL 3773014, at *3 ("If the defendants are unsuccessful before the PTAB, the issues in this case will still be narrowed because the defendants will be estopped from raising the same invalidity contentions again in this Court."); *see also Brit. Telecommunications PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2019 WL 4740156, at *8 (D. Del. Sept. 27, 2019); *IOENGINE, LLC*, 2019 WL 3943058, at *9 (noting that potential IPR estoppel weighs in favor of stay).

Further, any statements made by Plaintiff in the IPR will be part of the intrinsic record. *Aylus Networks*, 856 F.3d at 1364 ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer."); *Ericsson Inc., et al. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011, 2016 WL 1162162, at *3 (E.D. Tex. Mar. 23, 2016) (granting stay and

noting "the claim construction positions taken by the parties before the PTAB may inform subsequent claim construction proceedings in this Court."). Thus, if the case is stayed, the Court will have the benefit of Plaintiff's statements that will become part of the intrinsic record, as well as the PTAB's analysis of those statements.

The simplification and judicial efficiencies described above will substantially reduce the burdens on the Court and the parties if any litigation after the stay is necessary. For the parties, there is no need to litigate, in parallel, the validity of the '714 Patent in this Court and before the PTAB. The parties and the Court may avoid wasting resources on claims that the PTAB eventually invalidates or that the patent owner may amend through that process.

Thus, the IPR's simplification of the case also favors granting Canon's motion to stay.

### III.   CONCLUSION

For the foregoing reasons, Canon respectfully requests a stay in this action until the entry of a Final Written Decision in *Canon Inc. et al v. WSOU Investments, LLC d/b/a Brazos Licensing and Development*, No. IPR2021-00965.

Dated: January 5, 2021

Respectfully submitted,

*/s/ Richard Martinelli*
Richard Martinelli (pro hac vice)
rmartinelli@orrick.com
Joseph A. Calvaruso (pro hac vice)
jcalvaruso@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY  10019-6142
Telephone: (212) 506 5000
Facsimile: (212) 506 5151

John M. Jackson (Texas Bar No. 24002340)
jjackson@jw.com
JACKSON WALKER, LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-6000
Fax: (214) 953-5822

*Attorneys for Defendants Canon, Inc. and Canon U.S.A., Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically on January 5, 2022 in compliance with CV-5 and has been served on all counsel who have consented to electronic service and all other counsel by regular mail.

                                              */s/ John M. Jackson*
                                              John M. Jackson