# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> CANON INC. and CANON U.S.A., INC., <br><br> Defendants. | Case No.: 6:20-CV-00981-ADA |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS CANON INC. AND CANON U.S.A. INC.'S CASE MANAGEMENT MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") respectfully files this opposition to defendants Canon Inc. and Canon U.S.A., Inc.'s (collectively, "Canon") Case Management Motion to Stay Pending *Inter Partes* Review (Dkt. 98) (the "Motion" or "Mot.").[1]

## I.     INTRODUCTION

The Motion is nothing but a transparent attempt by Canon to stall this action and delay WSOU's recovery. However, Canon plainly failed to meet the three-factor test and demonstrate that the Court should stay the case. Indeed, all three factors here weigh against a stay.

First, the trial date in this action will occur before the PTAB's final decision on the IPR Petition, so a stay would have no meaningful effect other than to prejudice WSOU by depriving it of the right to exclude Canon from practicing WSOU's patents and profiting from them. A stay would thus only provide Canon with the unfair tactical advantage of being able to freeze the case and delay WSOU's recovery for no benefit to anyone but Canon. On the other hand, allowing the case to proceed to completion will provide a more complete and timely resolution of the relevant issues, including infringement, invalidity and damages.

Second, there is no clear hardship or inequity to Canon if the case proceeds. Both Canon and WSOU already spent significant time and resources in exchanging discovery requests and responses, producing more than 50,000 pages of documents, taking multiple depositions and submitting claim construction briefs. Importantly, fact discovery will close in just a few months so staying the case at this point would not relieve Canon of any material burden. Moreover, any purported hardship that Canon is experiencing was created by Canon itself when Canon decided to unilaterally wait seven months before seeking parallel ligation before the PTAB despite this

---

[1] Capitalized terms used but not defined herein should have the meaning ascribed to them in the Motion.

Court's efficient and speedy litigation process.

Third, a stay will not preserve any judicial resources as the case has advanced materially and the Court already spent significant time reviewing the parties' various motions, requests and email submissions, holding hearings and resolving the parties' discovery disputes. Notwithstanding Canon's purported confidence in prevailing on its IPR Petition, the PTAB's final decision is still speculative and disputable. If Canon fails to prevail on even a single claim, this litigation will still proceed and staying it now will unfairly delay WSOU's recovery by up to 16 months.

A stay will also add the unnecessary burden of duplicative litigation. Because only one of the WSOU's patents/cases asserted against Canon is involved in the IPR Petition, the Court will have to proceed with the other case, resulting in duplicative discovery and waste of judicial resources.

Accordingly, the Motion should be denied.

## II.     FACTUAL BACKGROUND

On October 19, 2020, WSOU filed its original Complaint in this action asserting that Canon Inc. infringed U.S. Patent No. 7,116,714 (the "'714 Patent") for which WSOU is the assignee of all right, title and interest. (981 Action, Dkt. 1.) Also on October 19, 2020, WSOU filed its original Complaint in Case No. 6:20-cv-00980, asserting that Canon Inc. infringed WSOU's U.S. Patent No. 7,054,346 (the "'346 Patent"). (980 Action, Dkt. 1.) On April 12, 2021, WSOU filed its First Amended Complaints in the two actions. (981 Action, Dkt. 22; 980 Action, Dkt. 27.)

On May 17, 2021 (approximately seven months after the commencement of the 981 action), Canon Inc. filed its IPR Petition regarding only the '714 Patent. (Mot. at 2.) Canon did not file an IPR Petition regarding the '346 Patent.

On June 1, 2021, the Court entered the same Scheduling Order in the two WSOU cases.

(981 Action, Dkt. 29; 980 Action, Dkt. 38.) On July 19, 2021, the Court entered the Agreed Amended Scheduling Order for both actions. (981 Action, Dkt. 34; 980 Action, Dkt. 45.) On September 8, 2021, the parties submitted a joint notice regarding amendments to the Scheduling Order. (981 Action, Dkt. 41; 980 Action, Dkt. 54.) On September 18, 2021, the parties submitted a Joint Motion for Entry of Agreed Order Governing Proceedings, which consolidated *Markman* briefing for all pending cases (981 Action, Dkt. 45; 980 Action, Dkt. 56), which was entered by the Court on September 21, 2021 (981 Action, Dkt. 46; 980 Action, Dkt. 57). And on October 22, 2021, the parties filed a joint motion to reset the *Markman* Hearing. (981 Action, Dkt. 68; 980 Action, Dkt. 82.)

As a result, the Court set the same deadlines for both cases, including, *inter alia*:

| Event | Deadline |
|---|---|
| Canon Inc.'s Opening Claim Construction Brief | August 23, 2021 |
| WSOU's Responsive Claim Construction Brief | September 15, 2021 |
| Canon Inc.'s Reply Claim Construction Brief | October 1, 2021 |
| Fact Discovery Opens | October 8, 2021 |
| WSOU's Sur-Reply Claim Construction Brief | October 15, 2021 |
| *Markman* Hearing[2] | February 7, 2022 |
| Close of Fact Discovery | April 12, 2022 |
| Close of Expert Discovery | July 26, 2022 |
| Trial | November 14, 2022 |

Consistent with the Scheduling Order, the parties exchanged discovery requests and responses, produced more than 50,000 pages of documents and took multiple depositions in the two cases.

---

[2] *See* 981 Action, Dkt. 95; 980 Action, Dkt. 109.

Similarly, since the commencement of the two cases on October 19, 2020, the Court has spent significant time and resources on reviewing the parties' various motions, requests and email submissions, conducting two hearings, and resolving the parties' discovery disputes. (*See, e.g.*, 981 Action, Dkts. 38, 88; 980 Action, Dkts. 49, 100.)

On October 12, 2021, WSOU filed its Second Amended Complaints (981 Action, Dkt. 56' 980 Action, Dkt. 70) adding Canon USA, Inc. ("Canon USA") as a defendant based on Canon Inc.'s representation during the August 16, 2021 hearing that Canon USA sells the accused products in this District and that Canon USA is thus a necessary party. (981 Action, Dkt. 74-2, 8/16/21 Hr'g Tr. at 16:11-14; 980 Action, Dkt. 89-2, 8/16/21 Hr'g Tr. at 16:11-14.)

On November 30, 2021, the PTAB instituted review of the '714 Patent. (Mot. at 2.)

In the Motion, Canon asserts that the PTAB should issue a final written decision by November 30, 2022 (within a year of the institution decision) pursuant to 35 U.S.C. 316(a)(11) (Mot. at 2), which is after the currently-scheduled November 14, 2022 trial date here. Notably, however, 35 U.S.C. 316(a)(11) also provides that the PTAB may extend the decision date by six months and issue a decision a year and a half from the institution decision, *i.e.*, May 30, 2023.[3]

On December 6, 2021, Canon filed a motion to transfer the two WSOU cases to the EDNY for improper venue and convenience. (981 Action, Dkt. 84; 980 Action, Dkt. 95.) On December 28, 2021, WSOU opposed the motion demonstrating that venue in the WDTX is both proper and convenient. (981 Action, Dkt. 94; 980 Action, Dkt. 107.) The parties are currently awaiting the Court's decision on that motion.

---

[3] If Canon Inc. is dissatisfied with the PTAB's final decision, it may appeal that decision to the Federal Circuit, which could potentially delay the case further. *See* 35 U.S.C. § 141(c); *Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-JDL, 2014 WL 11678661, at *3 (E.D. Tex. Sept. 23, 2014), adopted, No. 6:12-CV-878-JDL, 2014 WL 11709443 (E.D. Tex. Oct. 30, 2014).

On January 5, 2022 (more than a year after the commencement of this action), Canon filed the instant Motion to stay.

## III. <u>LEGAL STANDARD</u>

This Court has held that in determining whether a stay is proper, a district court should consider, among other factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources. *See Kerr Machine Co. v. Vulcan Indus. Holdings, LLC*, No. 6-20-cv-00200-ADA, Dkt. 76 at 1 (W.D. Tex. Apr. 7, 2021) (citing *Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019)).

Whether to stay a case falls within the Court's inherent discretional authority. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."). While federal courts have the inherent authority to stay proceedings pending IPR, they are not required to do so. *See Aylus Networks, Inc. v. Apple Inc.*, No. C-13-4700 EMX, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014) ("[A] court is under no obligation to delay its own proceedings where parallel litigation is pending before the PTAB.") (internal quotation marks and citations omitted).

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). This burden is high. As the U.S. Supreme Court has held, "only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984) (internal quotation marks and citations omitted). Specifically, the proponent has the burden

to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.*

As demonstrated below, all three factors here weigh against a stay, and Canon plainly failed to meet its heavy burden to show otherwise.

## IV.   ARGUMENT

### A.   The First Factor Weighs Against A Stay Because The Stay Would Prejudice WSOU

There is no question that the November 14, 2022 trial date here will occur before the PTAB's final decision, which should issue between November 30, 2022 and May 30, 2023. Canon is thus improperly asking the Court to stay the case for up to 16 months during which Canon would stop the discovery process, prejudicing WSOU's right to a timely recovery. *See USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6-20-CV-00555-ADA, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021) ("'[A] patent holder has an interest in timely enforcement of its patent right' even when the patent holder has only sought monetary relief.") (internal citation omitted).[4]

As such, Canon's pursuit of a stay is nothing more than a dilatory tactic designed to benefit only Canon. *See Kerr Machine*, No. 6-20-cv-00200-ADA, Dkt. 76 at 3-4 (denying motion to stay where the PTAB instituted review of plaintiff's patent and the trial was scheduled to occur before the PTAB's final decision and finding that the defendant's motion to stay was a dilatory tactic prejudicing plaintiff by delaying its recovery); *Facebook*, 2021 WL 6201200, at *2 (finding there would be undue prejudice to plaintiff if stay was granted in case where defendant's IPR petitions had been instituted but final decisions were not expected to issue until after the trial date).

---

[4] Contrary to Canon's contention (Mot. at 3-4), the "mere fact that [the patentee] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date." *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13CV213-JRG-RSP, 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015).

In contrast, allowing the case to proceed to completion will provide a more complete and timely resolution of the issues including infringement, invalidity and damages. *See Kerr Machine*, No. 6-20-cv-00200-ADA, Dkt. 76 at 4.

Canon argues that its conduct in filing the IPR Petition and this Motion was not dilatory because Canon moved to stay this case "just weeks after the PTAB instituted the IPR." (Mot. at 4.) This is misleading. Canon waited seven whole months to file the IPR Petition after being put on notice of its infringement of the '714 Patent (from October 19, 2020 to May 17, 2021). Such late filing certainly indicates an improper tactic to stall the case. *See Evolutionary Intelligence v. Yelp Inc.*, No. C-13-03587-DMR, 2013 WL 6672451, at *9 (N.D. Cal. Dec. 18, 2013) (recognizing that filing an IPR petition many months after plaintiff served its complaint "raise[d] the possibility that the IPR petition was a dilatory tactic"); *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *4 (E.D. Tex. Mar. 11, 2015) (finding that defendant's delay in filing their IPR petition which "allowed the case to progress to a point at which the proceedings have become more active, and thus more expensive, for the parties" was "within the defendants' control" and weighed against stay). And Canon did not file the Motion earlier only because it knew the Court would have squarely denied it in light of the pending IPR Petition.[5]

Accordingly, the first factor weighs against a stay.

**B.     The Second Factor Weighs Against A Stay Because Canon Would Not Suffer A Clear Hardship Or Inequity Should The Case Proceed**

---

[5] *See Trover Grp.*, 2015 WL 1069179, at *6 ("[W]hen the PTAB has not yet acted on a petition for *inter partes* review, the courts have uniformly denied motions for a stay."); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 3943058, at *6 (D. Del. Aug. 21, 2019) (noting that "courts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted, and a pre-institution request therefore would have been futile").

Canon plainly failed to show a clear hardship or inequity should the case proceed as required. *See Davis*, 730 F.2d at 178. Canon has already spent significant time and resources in exchanging discovery requests and responses, producing tens of thousands of pages of documents, engaging in venue depositions and submitting claim construction briefs. Given that fact discovery will close in three months, staying the case at such an advanced stage would not relieve Canon of any material burden. *See Jumpsport, Inc. v. Acad., Ltd.*, 6:17-cv-00414-RWS, 2018 WL 10124887, at *2 (E.D. Tex July 13, 2018) (denying a stay because it "would delay this case and Plaintiff's enforcement of its rights" after the case was "already proceeding well into discovery and claim construction briefing had been filed"); *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *3 (E.D. Tex. Sept. 18, 2014) ("Given the sizable resources that the parties and the Court have already invested in this case, staying the case, 'based solely on speculation of what might possibly happen during reexamination' . . . 'would be inefficient and inappropriate.'") (internal citation omitted).[6]

Finally, because Canon "invited this added complexity by unilaterally seeking parallel litigation in the PTAB" despite this Court's efficient and speedy litigation process, any hardship that Canon may experience will be of its own creation. *Kerr Machine*, No. 6-20-cv-00200-ADA, Dkt. 76 at 5. As such, allowing this case to proceed to completion before this Court will provide a more complete and timely resolution of the relevant issues.

---

[6] Canon's reference to a cherry-picked excerpt from *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368 (Fed. Cir. 2014) is incomplete and misleading. (Mot. at 5.) Notably, Canon's citation omits the sentence preceding the cited language, showing that unlike here, where the parties have submitted their claim construction briefs and produced more than 50,000 pages of documents with trial only 10 months away, in *Versata*, "the parties had not exchanged proposed terms or claim construction positions, for both the *Markman* hearing and the trial were well over a year away." *Versata*, 771 F.3d at 1374.

Accordingly, the second factor weighs against a stay.

### C. The Third Factor Weighs Against A Stay Because Judicial Economy Warrants Denying A Stay

Judicial economy warrants denying a stay because the case has advanced materially and the Court has already spent significant resources on it. In fact, the case has been pending since October 19, 2020 (Dkt. 1) and the Court has spent time on reviewing the parties' various motions, requests and email submissions, holding hearings and resolving the parties' discovery disputes. To stay the case would simply squander the Court's efforts.

Canon argues that a stay is proper because the *Markman* hearing (which is scheduled for February 7, 2022) has not yet occurred. (Mot. at 6.) But this is not the standard. And whether the *Markman* hearing has occurred is not controlling as long as discovery is underway. *See Wyeth v. Abbott Labs.*, Civ.A. 09-4850 JAP, 2011 WL 380902, at *4 (D.N.J. Feb. 1, 2011) (case not in early stages because "discovery is underway and claim construction proceedings will take place in the coming months"); *Cascade Designs Inc. v. Thunder Box Inc.*, No. C15-987 MJP, 2016 WL 10591397, at *1 (W.D. Wash. Aug. 30, 2016) (case not in early stages where "discovery is underway" and "significant case deadlines are imminent," even though the parties had not even submitted claim construction briefs and the *Markman* hearing was scheduled to take place in three months); *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015) (although there had been no claim construction briefing, no notice of depositions had issued, and no experts had been designated, the court found that the upcoming claim construction and discovery deadlines favored denying stay); *cf. Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1373 (Fed. Cir. 2014), *vacated*, 780 F.3d 1134 (Fed. Cir. 2015) (case in early stages where no document requests had been served and the *Markman* hearing and trial were two years away).

Canon similarly argues that the case is still in its early stages because WSOU added a new party (Canon USA) just over two months ago. (Mot. at 5-6.) Canon's argument is misleading. First, as demonstrated above, the case is not in its early stages given the advanced discovery and the completion of the claim construction briefing. And second, WSOU added Canon USA only because Canon Inc. waited ten months after the commencement of this action to disclose to the Court and WSOU that Canon USA was a necessary party here (Dkt. 89-2, 8/16/21 Hr'g Tr. at 16:11-14), prompting WSOU to add Canon USA as a defendant.

Canon also argues that the PTAB's decision invalidating the '714 Patent will simplify the issues before the Court. However, notwithstanding Canon's confidence in prevailing on its IPR Petition, the PTAB's final decision is still speculative and disputable. *See, e.g., Lennon Image Techs.*, 2014 WL 4652117, *supra,* at *3 (noting that even if IPR is "virtually guaranteed" to be granted, it was "no guarantee that the claims will be amended or cancelled during the IPR"). In fact, if Canon fails to prevail on even a single claim, this litigation will still proceed and staying it now will unfairly delay WSOU's recovery by up to 16 months.

Finally, a stay will also add the extra burden of duplicative litigation. Because only one of WSOU's patents asserted against Canon is involved in the IPR Petition, the Court will have to proceed with the other case and the parties will be subject to duplicative discovery (including deposing overlapping witnesses) and unnecessary expenses.

Accordingly, the third factor weighs against a stay.

## V.    CONCLUSION

For the foregoing reasons, all three factors weigh against a stay and the Motion should be denied.

Dated:  January 12, 2022                                  Respectfully submitted,

By:  */s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Bradley P. Lerman (NY Bar No. 4906079)
(*Pro hac vice* admission)
blerman@kasowitz.com
Jayita Guhaniyogi (NY Bar No. 5349022)
(*Pro hac vice* admission)
jguhaniyogi@kasowitz.com
Hershy Stern (NY Bar No. 4631024)
(*Pro hac vice* admission)
hstern@kasowitz.com
Howard L. Bressler (NY Bar No. 248379)
hbressler@kasowitz.com
(*Pro hac vice* admission)
Noah P. Dorman (NY Bar No. 1779821)
ndorman@kasowitz.com
(*Pro hac vice* admission)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile:  (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
**STECKLER WAYNE COCHRAN CHERRY PLLC**
8416 Old McGregor Road

-11-

Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (972) 387-4041

**ATTORNEYS FOR PLAINTIFF
WSOU INVESTMENTS, LLC
d/b/a BRAZOS LICENSING AND
DEVELOPMENT**

## **CERTIFICATE OF SERVICE**

      A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] Document Filing System, to all counsel of record, on this 12th day of January, 2022.

                                                      */s/ Jonathan K. Waldrop*
                                                      Jonathan K. Waldrop